**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SECURITIES AND EXCHANGE**
**COMMISSION,**

    **Plaintiff,**

**v.**                                                                    **Case No: 8:20-cv-00325-T-35AEP**

**BRIAN DAVISON, BARRY M. RYBICKI,**
**EQUIALT LLC, EQUIALT FUND, LLC,**
**EQUIALT FUND II, LLC, EQUIALT**
**FUND III, LLC, EA SIP, LLC,**

    **Defendants,**

                                                    **FILED *EX PARTE***
                                                    **AND UNDER SEAL**

**128 E. DAVIS BLVD, LLC, 310 78TH**
**AVE, LLC, 551 3D AVE S, LLC, 604**
**WEST AZEELE, LLC, BLUE WATERS**
**TI, LLC, 2101 W. CYPRESS, LLC, 2112**
**W. KENNEDY BLVD, LLC, BNAZ,LLC,**
**BR SUPPORT SERVICES, LLC, CAPRI**
**HAVEN, LLC, EANY,LLC, BUNGALOWS**
**TI, LLC, EQUIALT 519 3RD AVE S., LLC,**
**MCDONALD REVOCABLE LIVING**
**TRUST, 5123 E. BROADWAY AVE, LLC,**
**SILVER SANDS TI, LLC, TB OLDEST**
**HOUSE EST. 1842, LLC,**

    **Relief Defendants.**

_____

**SEALED ORDER GRANTING EMERGENY *EX PARTE* MOTION FOR TEMPORARY**
**RESTRAINING ORDER, ASSET FREEZE, AND OTHER INJUNCTIVE RELIEF**

    **THIS CAUSE** comes before the Court upon the Plaintiff, Securities and Exchange

Commission's Emergency Ex Parte Motion for Temporary Restraining Order, Asset

Freeze, and Other Injunctive Relief, (Dkt. 4), which seeks the following orders with respect

to Defendants, Brian Davison, Barry M. Rybicki,  EquiAt LLC, EquiAlt Fund, LLC, EquiAlt

Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC (collectively, "Defendants"), and

Relief Defendants 128 E. Davis Blvd, LLC, 310 78th Ave, LLC, 551 3d Ave S, LLC, 604

West Azeele LLC, 2101 W. Cypress, LLC, 2112 W. Kennedy Blvd, LLC, 5123 E.

Broadway Ave, LLC, Blue Waters TI, LLC, BNAZ, LLC, BR Support Services, LLC,

Bugalows TI LLC, Capri Haven, LLC, EA NY, LLC, EquiAlt 519 3rd Ave S., LLC, McDonald

Revocable Living Trust, Silver Sands TI, LLC, and TB Oldest House Est. 1842, LLC

(collectively, "Relief Defendants"):

1.  a Temporary Restraining Order;

2.  an Order to Show Cause Why a Preliminary Injunction Should Not be Granted;

3.  an Order Freezing the Assets of Defendants and Relief Defendant;

4.  an Order Requiring Sworn Accountings;

5.  an Order Prohibiting Destruction of Documents; and

6.  an Order Expediting Discovery.

The Court has considered the Commission's Complaint, its Emergency Motion for

a Temporary Restraining Order and Other Relief and Memorandum of Law in Support,

and the declarations and exhibits filed in support of that motion.  The Court finds the

Commission has made a sufficient and proper showing in support of the relief granted

herein by: (i) presenting a *prima facie* case of securities laws violations by Defendants;

and (ii) showing a reasonable likelihood Defendants will harm the investing public by

continuing to violate the federal securities laws unless they are immediately restrained.

The Court also finds good cause to believe that unless immediately restrained and

enjoined by Order of this Court, Defendants and Relief Defendants will continue to

dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an Order of Disgorgement.

Accordingly, the motion is **GRANTED**, and the Court hereby orders as follows:

## I.
## SHOW CAUSE HEARING

**IT IS HEREBY ORDERED** that Defendants **shall** appear for a **SHOW CAUSE HEARING** on **Thursday, February 27, 2020,** at **1:30 p.m.**, in the Sam Gibbons United States Courthouse, Courtroom 7A, 801 North Florida Ave., Tampa, FL 33602, before the Honorable Mary S. Scriven. Defendants shall be prepared to show cause, if any, why a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure should not be granted against them, as requested by the Commission. The Court has set aside **two (2) hours** for this hearing.

## II.
## TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction, Defendants Brian Davison, Barry M. Rybicki, EquiAlt LLC, EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC and EA SIP, LLC, and their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating:

## Section 17(a)(1) of the Securities Act of 1933

A.  Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce, or by the use of the mails, in the offer or sale of

securities, knowingly or recklessly employing devices, schemes or artifices to defraud, in violation of Section 17(a)(1) of the Securities Act, 15 U.S.C. 77q(a)(1);

### Section 17(a)(2) & (3) of the Securities Act of 1933

B.      Directly or indirectly, by use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, in the offer or sale of securities, (i) obtaining money or property by means of untrue statements of material facts or omissions to state material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading; or (ii) engaging in acts, practices and courses of business which have operated and will operate as a fraud or deceit upon purchasers and prospective purchasers of such securities, in violation of Sections 17(a)(2) & (3) of the Securities Act, 15 U.S.C. §§ 77(q)(a)(2) & (3); and

### Section 10(b) of the Securities Exchange Act  of 1934 and Rule 10b-5

C.      Directly or indirectly, by use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any securities, knowingly or recklessly:  (i) employing devices, schemes or artifices to defraud; (ii) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (iii) engaging in acts, practices and courses of business which have operated, are now operating or will operate as a fraud upon the purchasers of such securities in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

## Section 15(a)(1) of the Exchange Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Brian Davison, Barry Rybicki, and EquiAlt, LLC their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 15(a)(1) of the Exchange Act, 15 U.S.C. § 78o(a)(1), by to making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security.

## Section 5 of the Securities Act

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants**,** their respective directors, officers, agents, servants, employees, attorneys, representatives and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## Section 20(a) of the Exchange Act – Control Person Liability

**IT IS FURTHER ORDERED AND ADJUDGED** that Brian Davison, and Barry Rybicki, their agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

## Aiding and Abetting Violations of Section 15(a) of the Exchange Act

**IT IS FURTHER ORDERED** that Brian Davison, Barry Rybicki, and EquiAlt and their directors, officers, agents, employees, attorneys, representatives, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from aiding and abetting violations Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

## III.
## ASSET FREEZE

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction:

A.      Defendants and Relief Defendants and their respective directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive notice of this order by personal service, mail, email, facsimile transmission or otherwise, be and hereby are, restrained from, directly or indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of, or withdrawing any assets or property, including but not limited to cash, free credit balances, fully paid for securities, personal property, real property, and/or property pledged or hypothecated as collateral for loans, or charging upon or drawing from any lines of credit, owned by, controlled by, or in the possession of, whether jointly or singly, and wherever located:

1. BRIAN DAVISON,

2. BARRY M. RYBICKI,

3. EQUIALT LLC,

4. EQUIALT FUND, LLC,

5. EQUIALT FUND II, LLC,

6. EQUIALT FUND III, LLC,

7. EA SIP, LLC,

8. 128 E. DAVIS BLVD, LLC,

9. 310 78TH AVE, LLC,

10. 551 3D AVE S, LLC,

11. 604 WEST AZEELE, LLC,

12. 2101 W. CYPRESS, LLC,

13. 2112 W. KENNEDY BLVD, LLC,

14. 5123 E. BROADWAY AVE, LLC,

15. BLUE WATERS TI, LLC,

16. BNAZ, LLC,

17. BR SUPPORT SERVICES, LLC,

18. BUNGALOWS TI LLC,

19. CAPRI HAVEN, LLC,

20. EA NY, LLC,

21. EQUIALT 519 3RD AVE S., LLC,

22. MCDONALD REVOCABLE LIVING TRUST,

23. SILVER SANDS TI, LLC,

24. TB OLDEST HOUSE EST. 1842, LLC,

B.      Any financial or brokerage institution or other person or entity holding any such funds or other assets, in the name, for the benefit or under the control of Defendants and Relief Defendants or indirectly, held jointly or singly, and wherever located, and which receives actual notice of this order by personal service, mail, email, facsimile, or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, including, but not limited to, the following presently known bank accounts:

| Financial Institution | Name of Account | Account Number |
|---|---|---|
| Bank of America | Equialt Fund LLC | 898090093190 |
| Bank of America | Equialt Fund LLC | 898090093200 |

| Bank of America | Equialt Fund II LLC | 898090093284 |
|---|---|---|
| Bank of America | Equialt Fund II LLC | 898090093297 |
| Bank of America | EA SIP LLC | 898090093213 |
| Bank of America | Equialt LLC | 898090093310 |
| Bank of America | Equialt LLC | 898090093323 |
| Bank of America | Equialt Capital Advisors | 229052064150 |
| Bank of America | Blue Waters TI LLC | 898090093187 |
| Bank of America | TB Oldest House | 898090093226 |
| Bank of America | Silver Sands TI LLC | 898090093336 |
| Bank of America | Bungalows TI LLC | 898090093307 |
| Comerica Bank | Barry Rybicki | 8002807306 |
| Comerica Bank | Barry Rybicki | 8002807314 |
| JP Morgan Chase | 5123 E Broadway AVE LLC | 368330277 |
| JP Morgan Chase | Brian Davison | 453028545 |
| JP Morgan Chase | BR Support Services | 686369906 |

C.    The Commission and any Receiver appointed by this Court shall provide the Individual Defendants access to reasonable amounts of their personal assets for necessary living expenses and legal fees.  The Individual Defendants and their family members shall also, pursuant to agreement with the Commission and the Receiver, be allowed access to reasonable forms of personal transportation.  Any agreement on these matters shall be submitted to the Court.

## IV.
## SWORN ACCOUNTINGS

**IT IS FURTHER ORDERED** that within seven calendar days of the issuance of this Order, Defendants Brian Davison, Barry Rybicki and EquiAlt, LLC shall:

(a)    make a sworn accounting to this Court and the Commission of all funds,

whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received, directly or indirectly, by EquiAlt LLC, EquiAlt Fund, LLC EquiAlt Fund II, LLC, EquiAlt Fund III, LLC and EA SIP, LLC;

(b)     make a sworn accounting to this Court and the Commission of all assets, funds, or other properties, whether real or personal, held by EquiAlt LLC, EquiAlt Fund, LLC EquiAlt Fund II, LLC, EquiAlt Fund III, LLC and EA SIP, LLC, jointly or individually, or for its direct or indirect beneficial interest, or over which it maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property; and

(c)     provide to the Court and the Commission a sworn identification of all accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind and wherever situated) in which EquiAlt LLC, EquiAlt Fund, LLC EquiAlt Fund II, LLC, EquiAlt Fund III, LLC and EA SIP, LLC (whether solely or jointly), directly or indirectly (including through a corporation, partnership, relative, friend or nominee), either has an interest or over which it has the power or right to exercise control.

## V.
## <u>RECORDS PRESERVATION</u>

**IT IS FURTHER ORDERED** that, pending determination of the Commission's request for a Preliminary Injunction, Defendants and Relief Defendants, their directors, officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and

they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, brochures, manuals, papers, ledgers, accounts, statements, obligations, files and other property of or pertaining to Defendants wherever located and in whatever form, electronic or otherwise, until further Order of this Court.

## VI.
## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that:

(a)     Immediately upon entry of this Order, and while the Commission's request for a Preliminary Injunction is pending, the parties may take depositions upon oral examination of Barry Rybicki subject to three days' notice.  Should Rybicki fail to appear for a properly noticed deposition, he may be prohibited from introducing evidence at the hearing on the Commission's request for a preliminary injunction;

## VII.
## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and Defendants and Relief Defendants in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of February, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

11

Copies furnished to:
**PLAINTIFF'S COUNSEL ONLY**