**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

v.

**BRIAN DAVISON, BARRY M. RYBICKI, EQUIALT LLC, EQUIALT FUND, LLC, EQUIALT FUND II, LLC, EQUIALT FUND III, LLC, EA SIP, LLC,**

    Defendants,

**128 E. DAVIS BLVD, LLC, 310 78TH AVE, LLC, 551 3D AVE S, LLC, 604 WEST AZEELE, LLC, BLUE WATERS TI, LLC, 2101 W. CYPRESS, LLC, 2112 W. KENNEDY BLVD, LLC, BNAZ,LLC, BR SUPPORT SERVICES, LLC, CAPRI HAVEN, LLC, EANY,LLC, BUNGALOWS TI, LLC, EQUIALT 519 3RD AVE S., LLC, MCDONALD REVOCABLE LIVING TRUST, 5123 E. BROADWAY AVE, LLC, SILVER SANDS TI, LLC, TB OLDEST HOUSE EST. 1842, LLC,**

    Relief Defendants.

Case No: 8:20-cv-00325-T-35AEP

**FILED *EX PARTE*
AND UNDER SEAL**

## SEALED ORDER GRANTING PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR APPOINTMENT OF RECEIVER AND MEMORANDUM OF LAW

**WHEREAS**, Plaintiff Securities and Exchange Commission has filed an Emergency Motion for the appointment of a Receiver over Defendants EquiAlt LLC, EquiAlt Fund, LLC EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC (collectively the "Corporate Defendants"), (Dkt. 6), and all of the Relief Defendants in this action with full and exclusive power, duty and authority to: administer and manage the business affairs, funds, assets,

choses in action and any other property of the Corporate Defendants and Relief Defendants; marshal and safeguard all of the assets of the Corporate Defendants and Relief Defendants and take whatever actions are necessary for the protection of investors;

**WHEREAS**, the Court has found Plaintiff Securities and Exchange Commission has made a sufficient and proper showing of the relief requested by evidence demonstrating a *prima facie* case of violations of the federal securities laws by the Defendants.

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Defendants, and venue properly lies in this district.

**WHEREAS**, the Commission has submitted the credentials of a candidate to be appointed as Receiver of all of the assets, properties, books and records, and other items of the Corporate Defendants and the Relief Defendants and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court.

**NOW, THEREFORE, IT IS ORDERED AND ADJUDGED** that Burton Wiand, Esq. is hereby appointed the Receiver over the Corporate Defendants and Relief Defendants, each of their subsidiaries, successors and assigns, and is hereby authorized, empowered, and directed to:

1. Take immediate possession of all property, assets and estates of every kind of the Corporate Defendants and Relief Defendants whatsoever and wheresoever located, including but not limited to all offices maintained by the Corporate Defendants and Relief Defendants, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office supplies and equipment, and all real property of the Corporate Defendants and

Relief Defendants, wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court;

2. Investigate the manner in which the affairs of the Corporate Defendants and Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Corporate Defendants and Relief Defendants and their investors and other creditors as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred money or other proceeds directly or indirectly traceable from investors in EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order;

3. Initially recover, control and possess liquid assets, known real estate, LLC assets and high-end personal assets purchased with funds traceable from investor proceeds, and trusts if the Receiver deems appropriate. The Receiver is specifically authorized to retain for the purposes of the receivership, forensic accountants (Yip and Associates), information technology consultants and counsel

specializing in information technology research (Adam Sharp, E-Hounds, Inc. and Robert Stines of Freeborn & Peters LLP), RWJ Group, LLC, and investigators, and counsel in Phoenix, Arizona to assist in the service of the Order and securing of records and assets. The Receiver shall advise and seek the consent of the Court with respect to the institution of claims relating to vendors, professionals, investors, or financial institutions, or other litigation of a complex and significant nature that may involve commitment of significant assets or the incurrence of significant costs or expenses to the receivership;

4. Present to this Court a report reflecting the existence and value of the assets of the Corporate Defendants and Relief Defendants and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Corporate Defendants and Relief Defendants;

5. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of the Corporate Defendants and Relief Defendants and exercising the power granted by this Order, subject to prior approval by this Court;

6. Engage persons in the Receiver's discretion to assist the Receiver in carrying out the Receiver's duties and responsibilities, including, but not limited to, the United States Marshal's Service, accountants, or a private security firm;

7. Defend, compromise or settle legal actions, including the instant proceeding, in which the Corporate Defendants, the Relief Defendants, or the Receiver are a party, commenced either prior to or subsequent to this Order, without authorization of this

    Court up to a total amount of $50,000 for each claim; except, however, in actions where the Corporate Defendants or Relief Defendants are nominal parties, where the action does not effect a claim against or adversely affect the assets of Corporate Defendants or Relief Defendants, the Receiver may file appropriate pleadings at the Receiver's discretion.  The Receiver may waive any attorney-client or other privilege held by the Corporate Defendants or Relief Defendants;

8. Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution which has possession, custody or control of any assets or funds, wherever situated, of the Corporate Defendants or Relief Defendants and, upon, order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary;

9. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, and incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary, and advisable in discharging the Receiver's duties;

10. Have access to and review all mail of Corporate Defendants or Relief Defendants (except for mail that appears to be purely personal or in any respect attorney-client privileged communication to or from the individual Defendants) received at any office or address of Corporate Defendants or Relief Defendants.

    **IT IS FURTHER ORDERED AND ADJUDGED** that, in connection with the appointment of the Receiver provided for above:

11. The Corporate Defendants or Relief Defendants and all of their directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, and other persons

5

who are in custody, possession, or control of any assets, books, records, or other property of the Defendants and Relief Defendants shall deliver forthwith upon demand such property, money, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of the Corporate Defendants and Relief Defendants;

12. The Receiver is authorized to open a bank account or accounts in the name of the Receivership to carry out the business of the Receivership and the Receivership Estate;

13. All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of the Corporate Defendants and Relief Defendants shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

14. Unless authorized by the Receiver, the Corporate Defendants and Relief Defendants and their principals shall take no action, nor purport to take any action, in the name of or on behalf of the Corporate Defendants and Relief Defendants;

15. The Corporate Defendants and Relief Defendants, their principals, and their respective officers, agents, employees, attorneys, and attorneys-in-fact, shall cooperate with and assist the Receiver. The Corporate Defendants and Relief Defendants and their principals and respective officers, agents, employees, attorneys, and attorneys-in-fact shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of the Receiver's

6

duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

16. The Receiver, and any counsel whom the Receiver may select, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by the Corporate Defendants and Relief Defendants; said amount or amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to approval of the Court. The Receiver is specifically authorized to retain Wiand Guerra King P.A. as attorneys for the Receiver;

17. During the period of this receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Receiver or which affect the property of the Corporate Defendants and Relief Defendants;

18. The Receiver is fully authorized to proceed with any filing the Receiver may deem appropriate under the Bankruptcy Code as to the Corporate Defendants and Relief Defendants;

19. Title to all property, real or personal, all contracts, rights of action and all books and records of the Corporate Defendants and Relief Defendants and their principals, wherever located within or without this state, is vested by operation of law in the Receiver;

20. Upon request by the Receiver, any company providing telephone services to the Corporate Defendants or Relief Defendants shall provide a reference of calls from any number presently assigned to the Defendants and Relief Defendants to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership;

21. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Corporate Defendants or Relief Defendants shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver. The Receiver shall pay the invoices from the aforementioned utilities for services provided to the Corporate Defendants and Relief Defendants in the ordinary course of their business;

22. The United States Postal Service is directed to provide any information requested by the Receiver regarding the Corporate Defendants or Relief Defendants as directed by the Receiver;

23. No bank, savings and loan association, other financial institution, or any other person or entity shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

24. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence or greater, the Receiver shall not be liable for any loss or damage incurred by the Corporate Defendants or Relief Defendants, or by the Receiver's officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of the Receiver's duties and responsibilities;

25. Service of this Order shall be sufficient if made upon the Corporate Defendants or Relief Defendants and their principals by facsimile or overnight courier;

26. In the event the Receiver discovers that funds of persons who have invested in EquiAlt Fund, LLC EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC have been transferred to other persons or entities, the Receiver shall apply to this Court for an Order giving the Receiver possession of such funds or assets acquired with such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds or assets;

27. This Court shall retain jurisdiction of this matter for all purposes;

28. Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates;

29. The Quarterly Status Report shall contain the following:

    A.    A summary of the operations of the Receiver;

    B.    The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

    C.    A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

    D.    A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed

       dispositions, and reasons for retaining assets where no disposition is intended;

   E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

   F. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

   G. The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

30. Subject to Paragraphs 31 - 37 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes;

31. Subject to Paragraph 32 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. Except as otherwise provided herein, the Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement;

32. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court;

33. Within forty-five (45) days after the end of each calendar quarter, the Receiver and

Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff;

34. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership;

35. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership;

36. Each Quarterly Fee Application shall:

   A. Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

   B. Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

37. At the close of the Receivership, the Receiver shall submit a Final Accounting, in

11

a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement;

38. On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

39. The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel, and the Receivership Estate.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of February, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
**PLAINTIFF'S COUNSEL ONLY**
**US MARSHAL'S SERVICE**