**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v. Case No. 8:20-cv-325-T-35AEP

BRIAN DAVISON,
BARRY M. RYBICKI,
EQUIALT LLC,
EQUIALT FUND, LLC
EQUIALT FUND II, LLC,
EQUIALT FUND III, LLC,
EA SIP, LLC,

Defendants,
and

128 E. DAVIS BLVD., LLC;
310 78TH AVE, LLC;
551 3D AVE S, LLC;
604 WEST AZEELE, LLC;
2101 W. CYPRESS, LLC;
2112 W. KENNEDY BLVD, LLC;
5123 E. BROADWAY AVE, LLC;
BLUE WATERS TI, LLC; BNAZ, LLC;
BR SUPPORT SERVICES, LLC;
BUNGALOWS TI, LLC;
CAPRI HAVEN, LLC; EA NY, LLC;
EQUIALT 519 3RD AVE S., LLC;
MCDONALD REVOCABLE LIVING TRUST;
ILVER SANDS TI, LLC;
TB OLDEST HOUSE EST. 1842, LLC.

Relief Defendants.
_______________________________________/

**RECEIVER'S FIRST QUARTERLY FEE APPLICATION FOR ORDER AWARDING FEES, COSTS, AND REIMBURSEMENT OF COSTS TO RECEIVER AND HIS PROFESSIONALS**

Burton W. Wiand, the Court-appointed Receiver over the corporate Defendants and all Relief Defendants (the "**Receiver**" and the "**Receivership**" or "**Receivership Estate**") pursuant to the Court's Order dated February 14, 2020 (Doc. 11) (the "**Order Appointing Receiver**"), respectfully submits this First Quarterly Fee Application to the Court for the entry of an order awarding fees and the reimbursement of costs to the Receiver and his professionals. This Application covers all fees and costs incurred through March 31, 2020. A Standardized Accounting Report (the "**Accounting Report**") from the inception of the Receivership through March 31, 2020 is attached as **Exhibit 1**.[1]

**Case Background and Status**

As of the date of filing this Application, the Court has appointed Burton W. Wiand as Receiver over the assets of the following entities and individuals:

a) Defendants EquiAlt LLC; EquiAlt Fund, LLC; EquiAlt Fund II, LLC; EquiAlt Fund III, LLC; and EA SIP, LLC; and

b) Relief Defendants 128 E. Davis Blvd, LLC; 310 78th Ave, LLC; 551 3D Ave S, LLC; 604 West Azeele, LLC; 2101 W. Cypress, LLC; 2112 W. Kennedy Blvd, LLC; 5123 E. Broadway Ave, LLC; Blue Waters TI, LLC; BNAZ, LLC; BR Support Services, LLC; Bungalows TI, LLC; Capri Haven, LLC; EA NY, LLC; EquiAlt 519 3rd Ave S., LLC; McDonald Revocable Living Trust; Silver Sands TI, LLC; TB Oldest House Est. 1842, LLC.

*See* Doc. 11. The foregoing Defendants and Relief Defendants are collectively referred to as the "**Receivership Entities**."

On May 8, 2020, the Receiver filed his First Quarterly Status Report (Doc. 84) (the "**Quarterly Status Report**"), which contains comprehensive and detailed information

[1] The Securities and Exchange Commission ("**SEC**" or the "**Commission**") provided the Receiver with detailed Billing Instructions for Receivers in Civil Actions Commenced by the Commission (the "**Billing Instructions**"). The Accounting Report is one of the requirements contained in the Billing Instructions.

regarding the case background and status; the recovery of assets; financial information about Receivership Entities; the Receiver's proposed course of action regarding assets in the Receivership Estate; the potential establishment of a claims process; and related (and/or contemplated) litigation involving Receivership Entities. The Receiver incorporates the Quarterly Status Report into this Application and has attached a true and correct copy of the Quarterly Status Report as **Exhibit 2** for the Court's convenience. The Quarterly Status Report addresses all activity that resulted in the fees and costs sought in this motion.

**Professional Services Rendered and Costs Incurred**

The Order Appointing Receiver authorizes the Receiver to "solicit persons and entities ('Retained Personnel') to assist him in carrying out the duties and responsibilities described in this Order" and states that the "Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates," subject to approval by the Court. *See* Doc. 11 ¶¶ 31, 32. The Order Appointing Receiver also requires that the Receiver obtain the Court's authorization of the retention of any Retained Personnel. *See* Doc. 11 ¶ 31. On March 20, 2020, the Receiver filed a motion approve the retention of Coldwell Banker to provide valuations of properties owned by the Receivership Entities (Doc. 61), which is still pending. Paragraph 6 of the Order Appointing Receiver provides for the Receiver to engage persons "to assist the Receiver in carrying out the Receiver's duties and responsibilities, including . . . accountants . . . ." To that end, the Receiver retained PDR CPAs ("**PDR**") to assist with general accounting and tax services for the Receivership. Out of an abundance of caution, the Receiver filed an unopposed motion to

approve the retention of PDR on April 9, 2020. The Court granted this motion on May 11, 2020 (Doc. 85).

The Order Appointing Receiver also specifically authorized the Receiver to retain (1) Wiand Guerra King P.A. ("**WGK**") to provide legal services; (2) Yip Associates ("**Yip**") to provide forensic accounting services; (3) E-Hounds, Inc. ("**E-Hounds**") to provide computer forensic services; (4) RWJ Group, LLC ("**RWJ**") to provide asset management and investigative services; (5) Freeborn & Peters LLP ("**Freeborn**") to provide legal services relating to information technology; (6) Baskin Richards PLC ("**Baskin**"), legal counsel in Arizona, to assist in the service of the Order Appointing Receiver and securing records and assets; and (7) Digital Acuity LLC ("**Digital Acuity**"), forensic investigators in Arizona, to assist in securing records (the foregoing and PDR are collectively, the "**Professionals**").[2] *See* Doc. 11 ¶¶ 3, 16. The Receiver has not previously sought the reimbursement of any fees or costs in this matter.

As shown in the Quarterly Status Report, the Professionals have provided services and incurred expenses to investigate the affairs of the Receivership Entities, preserve Receivership assets, attempt to locate and recover additional assets, and analyze investor information for an eventual claims process and possible litigation. These services are for the benefit of aggrieved investors, creditors, and other interested parties.

---

[2] The Order Appointing Receiver specifically authorized the Receiver to retain "investigators, and counsel in Phoenix, Arizona to assist in the service of the Order and securing of records and assets." *See* Doc. 11 ¶ 3. Pursuant to this paragraph, the Receiver retained Baskin and Digital Acuity as stated above.

**I. The Receiver.**

The Receiver requests the Court award him fees for the professional services rendered through March 31, 2020, in the amount of $79,560.00. The standard hourly rate the Receiver charges clients in private litigation is $500. However, the Receiver agreed, for purposes of his appointment as the Receiver, that his hourly rate would be reduced to $360, representing nearly a thirty percent discount off the standard hourly rate which he charges clients in comparable matters. This rate was set forth in the Receiver's submission to the SEC. *See* Doc. 6, Ex. 1.

The Receiver commenced services immediately upon his appointment. The Receiver has billed his time for these activities in accordance with the Billing Instructions, which request that this motion contain a narrative of each "business enterprise or litigation matter" for which outside professionals have been employed. The Billing Instructions identify each such business enterprise or litigation matter as a separate "project." Further, the Billing Instructions request that time billed for each project be allocated to one of several Activity

Categories.[3] At this early stage of the Receivership, no separate matters have been commenced to warrant billing as a separate project.

For the time covered by this motion, the work of the Receiver and WGK focused on investigating the fraud and related activities, locating and taking control of Receivership assets, investigating and pursuing additional assets for the Receivership, and analyzing investor information for an eventual claims process and possible litigation. These activities of the Receiver are set forth in detail in the Quarterly Status Report. Ex. 2. A copy of the statement summarizing the Receiver's services rendered for the Receivership is attached as **Exhibit 3**. The Receiver's time and fees for services rendered for each Activity Category through March 31, 2020, are as follows:

[3] The Activity Categories set forth by the Commission in the Billing Instructions are as follows: (1) Asset Analysis and Recovery, which is defined as identification and review of potential assets including causes of action and non-litigation recoveries; (2) Asset Disposition, which is defined as sales, leases, abandonment and related transaction work (where extended series of sales or other disposition of assets is contemplated, the Billing Instructions provide that a separate category should be established for each major transaction); (3) Business Operations, which is defined as issues related to operation of an ongoing business; (4) Case Administration, which is defined as coordination and compliance activities, including preparation of reports to the court, investor inquiries, etc.; (5) Claims Administration and Objections, which is defined as expenses in formulating, gaining approval of and administering any claims procedure; and (6) Employee Benefits/Pensions, which is defined as review issues such as severance, retention, 401K coverage and continuance of pension plan. The Billing Instructions provide that time spent preparing motions for fees may not be charged to the Receivership Estate. In accordance with these instructions, the Receiver created an additional Activity Category for work on fees motions and has accounted for time spent on such work but has not charged any amount for that work.

**Receivership**
**Receiver's Time and Fees for Services Rendered**

| Activity Category | Hours Expended | Fee Amount |
|---|---|---|
| Asset Disposition | 3.90 | $1,404.00 |
| Asset Analysis and Recovery | 190.80 | $68,688.00 |
| Business Operations | 22.70 | $8,172.00 |
| Case Administration | 3.60 | $1,296.00 |
| **TOTAL** | **221.00** | **$79,560.00** |

## II. Wiand Guerra King P.A.

The Receiver requests the Court award WGK fees for professional services rendered and costs incurred through March 31, 2020, in the amounts of $158,204.75 and $7,472.15, respectively. A categorization and summary of all costs for which WGK seeks reimbursement is attached as **Exhibit 4**.

As an accommodation to the Receiver and to conserve the resources of the Receivership Estate, WGK's attorneys and paralegals have agreed to reduce their standard rates as provided in the fee schedule attached as **Exhibit 5**. WGK began providing services immediately upon the appointment of the Receiver. The activities of WGK for the time covered by this motion are set forth in the Quarterly Status Report. *See* Ex. 2. WGK has billed time for these activities in accordance with the Billing Instructions. As discussed above, at this early stage of the Receivership, the work of the Receiver and WGK focused on investigating the fraud and related activities, locating and taking control of Receivership assets, investigating and pursuing additional assets for the Receivership, and analyzing investor information for the eventual claims process and possible litigation. Ex. 2. A copy of the statement summarizing the services rendered and costs incurred by WGK through

March 31, 2020, is attached as **Exhibit 6**. WGK's time and fees for services rendered on this matter for each Activity Category are as follows:

**Receivership**
**WGK's Time and Fees for Services Rendered**

| Activity Category | Hours Expended | Fee Amount |
|---|---|---|
| Asset Disposition | 44.50 | $10,279.00 |
| Asset Analysis and Recovery | 431.30 | $115,288.75 |
| Business Operations | 92.20 | $20,340.50 |
| Case Administration | 87.30 | $12,296.50 |
| **TOTAL** | **655.30** | **$158,204.75** |

## III. Yip Associates.

The Receiver requests the Court award Yip fees for professional services rendered and costs incurred through March 31, 2020, in the amount of $238,151.50. Yip is a forensic accounting firm that specializes in insolvency and restructuring, Ponzi schemes, fraud investigations, insolvency taxation, business valuation, and litigation support. Yip is assisting the Receiver with the cash-in/cash-out analysis the Receiver needs to perform to establish a claims process and for other purposes. Yip started providing services for the Receivership on February 14, 2020. Copies of the statements summarizing the services rendered and costs incurred for the pertinent period are attached as composite **Exhibit 7**.

## IV. PDR CPAs.

The Receiver requests the Court award PDR fees for professional services rendered and costs incurred through March 31, 2020, in the amount of $13,844.14. PDR is an accounting firm that specializes in tax matters and has extensive experience with the tax treatment of settlement funds. PDR is assisting the Receiver with internal Receivership

accounting, financial reporting, and tax preparation and filing. PDR started providing services for the Receivership on February 17, 2020. The Court approved hourly billing rates for PDR's professionals (Doc. 85). PDR has billed its professionals' time in accordance with these rates with one exception. PDR's senior managers are approved at a rate of $180 per hour. For the time covered by this motion, PDR billed the senior manager working on this matter at a lower rate of $155 per hour resulting in a discount of $306.25. Copies of the statements summarizing the services rendered and costs incurred for the pertinent period are attached as composite **Exhibit 8**.

**V. E-Hounds, Inc.**

The Receiver requests the Court award E-Hounds fees for professional services rendered and costs incurred through March 31, 2020, in the amount of $36,034.38. E-Hounds is a computer forensics firm that assists the Receiver in securing and analyzing electronic data. E-Hounds started providing services for the Receivership on February 14, 2020. Copies of the statements summarizing the services rendered and costs incurred for the pertinent period are attached as composite **Exhibit 9**.

**VI. The RWJ Group, LLC.**

The Receiver requests the Court award RWJ fees for professional services rendered and costs incurred through March 31, 2020, in the amounts of $44,712.00 and $2,627.04, respectively. RWJ, which is owned and operated by Roger Jernigan, is an asset management and investigation firm. RWJ assists the Receiver with overseeing ongoing business operations and property recovered by the Receiver, including aiding with efforts to sell such businesses and property. Its efforts are designed to ensure that Receivership assets are

maintained and/or enhanced to allow for maximum recovery for the Receivership Estate. RWJ started providing services for the Receivership on February 10, 2020. Copies of the statements summarizing the services rendered and costs incurred for the pertinent period are attached as composite **Exhibit 10**.

**VII. Freeborn & Peters LLP.**

The Receiver requests the Court award Freeborn fees for professional services rendered through March 31, 2020, in the amount of $16,389.00. Freeborn provides legal services to the Receiver in connection with information technology, data collection, and potential privacy and confidentiality issues. Freeborn started providing services for the Receivership on February 19, 2020. A copy of the statement summarizing the services rendered and costs incurred for the pertinent period is attached as **Exhibit 11**.

**VIII. Baskin Richards PLC.**

The Receiver requests the Court award Baskin fees for professional services rendered and costs incurred through March 31, 2020, in the amount of $13,951.13. Baskin, located in Arizona, provides local counsel services to effectuate the service of the Order Appointing Receiver and secure records and assets located in Arizona. Baskin started providing services for the Receivership on February 11, 2020. A copy of the statement summarizing the services rendered and costs incurred for the pertinent period is attached as **Exhibit 12**.[4]

[4] Exhibits 3, 6, 10, and 12 contain a limited number of entries that predate the Receiver's appointment on February 14, 2020. These matters generally include communications and meetings with the SEC regarding the Order Appointing Receiver, the logistics for obtaining access to Receivership properties and coordinating with law enforcement, and the identification of Receivership bank accounts. These pre-appointment activities were necessary to prevent the disposition of assets and benefitted the Receivership Estate.

## IX. Digital Acuity LLC.

The Receiver requests the Court award Digital Acuity fees for professional services rendered and costs incurred through March 31, 2020, in the amount of $13,160.10. Digital Acuity is a computer forensics firm located in Arizona. Digital Acuity assisted the Receiver in securing and analyzing electronic data from Receivership offices located in Arizona. Digital Acuity started providing services for the Receivership on February 15, 2020. A copy of the statement summarizing the services rendered and costs incurred for the pertinent period is attached as **Exhibit 13**.

## MEMORANDUM OF LAW

It is well settled that this Court has the power to appoint a receiver and to award the receiver and those appointed by him fees and costs for their services. *See, e.g., S.E.C. v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) (receiver is entitled to compensation for faithful performance of his duties); *Donovan v. Robbins*, 588 F. Supp. 1268, 1272 (N.D. Ill. 1984) ("[T]he receiver diligently and successfully discharged the responsibilities placed upon him by the Court and is entitled to reasonable compensation for his efforts."); *S.E.C. v. Custable*, 1995 WL 117935 (N.D. Ill. Mar. 15, 1995) (receiver is entitled to fees where work was of high quality and fees were reasonable); *S.E.C. v. Mobley*, 1317RCC, 2000 WL 1702024 (S.D.N.Y. Nov. 13, 2000) (court awarded reasonable fees for the receiver and his professionals); *see also* Doc. 11 ¶ 16. The determination of fees to be awarded is largely within the discretion of the trial court. *See Monaghan v. Hill*, 140 F.2d 31, 34 (9th Cir. 1944). In determining reasonable compensation for the services rendered by the Receiver

and his Professionals, the Court should consider the circumstances surrounding the Receivership. *See Elliot*, 953 F.2d at 1577.

Here, because of the nature of this case, it is necessary for the Receiver to employ attorneys and accountants experienced and familiar with financial frauds, federal receiverships, securities, banking, and finance. Further, to perform the services required and achieve the results obtained to date, the skills and experience of the Receiver and the Professionals in the areas of fraud, securities, computer and accounting forensics, and financial transactions are indispensable.

As discussed above, the Receiver and WGK have discounted their normal and customary rates as an accommodation to the Receivership and to conserve Receivership assets. The rates charged by the attorneys and paralegals are at or below those charged by attorneys and paralegals of comparable skill from other law firms in the Middle District of Florida.

This case has been time-intensive for the Receiver and his Professionals because of the need to resolve many issues rapidly and efficiently. The attached Exhibits detail the time, nature, and extent of the professional services rendered by the Receiver and his Professionals for the benefit of investors, creditors, and other interested parties. The Receiver anticipates that additional funds will be obtained through the Receiver's negotiations or litigation with third parties.

Although the SEC investigated and filed the initial pleadings in this case, as directed by the Order Appointing Receiver (*see, e.g.,* Doc. 11 ¶¶ 2, 4), the Receiver is now involved with the investigation and forensic analysis of the events leading to the commencement of the

pending action, the efforts to locate and gather investors' money, the determination of investor and other creditor claims and any ultimate payment of these claims. While the Receiver is sensitive to the need to conserve the Receivership Entities' assets, he believes the fees and costs expended to date were reasonable, necessary, and benefited the Receivership. Notably, the Commission has no objection to the relief sought in this motion. *Custable*, 1995 WL 117935 at *7 ("In securities law receiverships, the position of the SEC in regard to the awarding of fees will be given great weight.").

**CONCLUSION**

Under the Order Appointing Receiver, the Receiver, among other things, is authorized and empowered to engage professionals to assist him in carrying out his duties and obligations. The Order Appointing Receiver further provides that he apply to the Court for authority to pay himself and his Professionals for services rendered and costs incurred. In exercising his duties, the Receiver has determined that the services rendered and their attendant fees and costs were reasonable, necessary, advisable, and in the best interests of the Receivership.

WHEREFORE, Burton W. Wiand, the Court-appointed Receiver, respectfully requests that this Court award the following sums and direct that payment be made from the Receivership assets:[5]

| | |
|---|---|
| Burton W. Wiand, Receiver | $79,560.00 |
| Wiand Guerra King P.A. | $165,676.90 |
| Yip Associates | $238,151.50 |
| PDR CPAs | $13,844.14 |
| E-Hounds, Inc. | $36,034.38 |
| RWJ Group, LLC | $47,339.04 |
| Freeborn & Peters LLP | $16,389.00 |
| Baskin Richards PLC | $13,951.13 |
| Digital Acuity LLC | $13,160.10 |

**LOCAL RULE 3.01(g) CERTIFICATION**

Undersigned counsel for the Receiver has conferred with counsel for the SEC and is authorized to represent to the Court that the SEC does not oppose the relief requested in this motion. Counsel for defendant Brian Davison has not consented to the relief sought. Counsel for Barry Rybicki takes no position on the motion. Both individual defendants reserve their rights as to this motion.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 18, 2020, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court through the CM/ECF system, which served counsel of record.

---

[5] A proposed order is attached as **Exhibit 14**.

        **s/Katherine C. Donlon**
Katherine C. Donlon, FBN 0066941
kdonlon@wiandlaw.com
Jared J. Perez, FBN 0085192
jperez@wiandlaw.com
WIAND GUERRA KING P.A.
5505 West Gray Street
Tampa, FL  33609
Tel.:     (813) 347-5100
Fax:     (813) 347-5198

*Attorneys for the Receiver Burton W. Wiand*

**RECEIVER'S CERTIFICATION**

The Receiver has reviewed this First Quarterly Fee Application for Order Awarding Fees, Costs, and Reimbursement of Costs to Receiver and His Professionals (the "**Application**").

To the best of the Receiver's knowledge, information, and belief formed after reasonable inquiry, the Application and all fees and expenses herein are true and accurate and comply with the Billing Instructions provided to the Receiver by the Securities and Exchange Commission.

All fees contained in the Application are based on the rates listed in the fee schedule, attached as Exhibit 5. Such fees are reasonable, necessary, and commensurate with (if not below the hourly rate that is commensurate with) the skill and experience required for the activity performed.

The Receiver has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth in the Billing Instructions for photocopies and facsimile transmission).

To the extent the Receiver seeks reimbursement for any service which the Receiver justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), the Receiver has requested reimbursement only for the amount billed to the Receiver by the third-party vendor and/or paid by the Receiver to such vendor. The Receiver is not making a profit on such reimbursable services.

The Receiver believes that the fees and expenses included in this Application were incurred in the best interests of the Receivership Estate. With the exception of the Billing Instructions and the Court-approved engagements described above, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

**s/Burton W. Wiand**
Burton W. Wiand, as Receiver