UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:20-cv-325-T-35AEP

SECURITIES AND EXCHANGE COMMISSION,

 Plaintiff,
v.

BRIAN DAVISON,
BARRY M. RYBICKI,
EQUIALT LLC,
EQUIALT FUND, LLC,
EQUIALT FUND II, LLC,
EQUIALT FUND III, LLC,
and EA SIP, LLC,

 Defendants,

and 128 E. DAVIS BLVD, LLC,
310 78TH AVE, LLC,
551 3D AVE S, LLC,
604 WEST AZEELE, LLC,
2101 W. CYPRESS, LLC,
2112 W. KENNEDY BLVD, LLC,
5123 E. BROADWAY AVE, LLC,
BLUE WATERS TI, LLC,
BNAZ, LLC,
BR SUPPORT SERVICES, LLC,
BUNGALOWS TI, LLC,
CAPRI HAVEN, LLC,
EA NY, LLC,
EQUIALT 519 3RD AVE S., LLC,
MCDONALD REVOCABLE LIVING TRUST,
SILVER SANDS TI, LLC,
and TB OLDEST HOUSE EST. 1842, LLC,

 Relief Defendants.
_____/

**NOTICE OF FILING RESPONSE TO RECEIVER'S NOTICE OF FILING
INFORMATION RELATING TO SALES ACTIVITY**

Defendant Barry Rybicki, by and through undersigned counsel, hereby files a Notice of Filing Response to Receiver's Notice of Filing Information Relating to Sales Activity. Defendant Rybicki states as follows:

1. At the July 31, 2020, hearing on the Preliminary Injunction motion, the undersigned represented that Rybicki instructed sales staff to stop selling on February 3, 2020. The undersigned stated that it was possible that there were financial transactions after February 3, 2020 that related to sales predating February 3, 2020, but that he did not believe that the sales staff made any new sales after February 3, 2020. The Court allowed the Receiver to present any evidence of new sales made after February 3, 2020 and allowed Rybicki to file a short response. Rybicki responds as follows:

2. Investor "JC": as the Receiver's own submission makes clear, this investor signed the paperwork for his investment on December 20, 2019, well before the February 3, 2020 meeting. Due to routine delays in liquidation of funds at Goldstar, the proceeds were not received by EquiAlt until February 4, 2020. This is an example of what the undersigned referenced at the July 31, 2020 hearing: the sale took place prior to February 3 but financial transactions relating to the sale took place after February 3.

3. Investor "LT": This transaction was handled by Andre Sears, who did not work under Rybicki or BR Support Services but was instead in charge of sales for EquiAlt's Fund II. *See, e.g.*, SEC Deposition Tr. of B. Davison (DE 7-1) at 78 ("A. Andre Sears is a friend of mine. He's an acquaintance I met years ago living in Las Vegas. He is on I believe it's fund II's private placement. So he raises money for that fund from time to time. . . . Q. And what about Mr. Sears? Who does he report to? A. So Mr. Sears is an independent contractor. I wouldn't use the word report – I wouldn't use the word he reports to me."); SEC Deposition Tr. of Denver Stoddart (DE

152-1) at 57-58 ("Q. Who is Andre Sears? A. I know he is – he works in the capacity of Barry [Rybicki] so to speak, but he's over like – he gets fund II investment so to speak; like the middleman between us and the investors. . . . We [EquiAlt] would get the request and he [Sears] will notify us of any investors. Any commissions that need to be paid, those would come from Mr. Sears, yeah, for fund II."); at 94 ("Q. These [the commission payments] for what the sales agents collect? A. I'm not sure the third party, but we normally make these payments to either M.A. Sears or BR Support Services."). Rybicki did not have any authority to tell Mr. Sears to stop selling any debentures and Mr. Sears was not present for the February 3, 2020 meeting where Rybicki told the sales staff to stop selling debentures.

4.  Investor "LM": Rybicki hereby submits an Affidavit by James Gray (Exh. 1 to Response) to explain the circumstances of this sale. "L.M.," one of Gray's family members, advised Gray that she wanted to invest in EquiAlt in or about November 2019. Exh. 1, ¶ 3. L.M agreed to invest in EquiAlt sometime between November 2019 and January 4, 2020, when Gray opened an account for "L.M." at Goldstar to facilitate the transaction. *Id*. at ¶ 4-5. Gray's affidavit makes clear that while "L.M." signed the paperwork relating to the sale on February 3, 2020, the sales activity that resulted in the sale took place at least a month prior to that date.

In summary, the examples set forth by the Receiver do not contradict the undersigned's assertions that Rybicki told the staff on February 3, 2020 not to sell any more debentures and that while transactions relating to prior sales may have been consummated after that date, none of the staff engaged in any additional sales after February 3, 2020. Mr. Sears is not part of the staff, and

as the evidence above demonstrates, Rybicki has no authority to tell Mr. Sears to stop any sales.

Respectfully submitted,

/s/  Adam S. Fels
ADAM S. FELS
Florida Bar No. 0114917
FRIDMAN FELS & SOTO, PLLC
2525 Ponce De Leon Blvd., Ste. 750
Coral Gables, FL 33134
Tel: (305) 569-7701
afels@ffslawfirm.com

Attorney for Defendant Barry Rybicki

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed via the Court's CM/ECF system, which will send an electronic copy of the foregoing and a notice of filing same to all counsel of record, on this 13th day of August, 2020.

*s/Adam S. Fels*