UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                  Case No: 8:20-cv-325-MSS-AEP

BRIAN DAVISON, BARRY M. RYBICKI, EQUIALT LLC, EQUIALT FUND, LLC, EQUIALT FUND II, LLC, EQUIALT FUND III, LLC, EA SIP, LLC, 128 E. DAVIS BLVD, LLC, 310 78TH AVE, LLC, 551 3D AVE S, LLC, 604 WEST AZEELE, LLC, 2101 W. CYPRESS, LLC, 2112 W. KENNEDY BLVD, LLC, 5123 E. BROADWAY AVE, LLC, BLUE WATERS TI, LLC, BNAZ, LLC, BR SUPPORT SERVICES, LLC, BUNGALOWS TI, LLC, CAPRI HAVEN, LLC, EA NY, LLC, EQUIALT 519 3RD AVE S., LLC, MCDONALD REVOCABLE LIVING TRUST, SILVER SANDS TI, LLC, and TB OLDEST HOUSE EST. 1842, LLC,

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Non-Parties Fox Rothschild LLP ("Fox"), DLA Piper LLP (US) ("DLA") and Paul Wassgren's (collectively, the "Movants") Motion to Compel Receiver to Bring Claims Against

Movants in This District (the "Motion"), (Dkt. 263), the Receiver's response in opposition thereto, (Dkt. 268), the Securities and Exchange Commission's response in opposition thereto, (Dkt. 270), and the Movants' reply. (Dkt. 292) The Movants request that the Court compel the Receiver to dismiss his claims against them in California and bring those claims against the Movants in the Middle District of Florida. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** the Movants' Motion.

The Securities and Exchange Commission ("SEC") brought this enforcement action on February 11, 2020, arising out of an alleged multi-million-dollar Ponzi scheme perpetrated by the Defendants. (Dkt. 1) On February 14, 2020, the Court appointed Burton Wiand, Esq. as the Receiver over the Corporate Defendants and Relief Defendants. (Dkt. 11) The Court authorized the Receiver to:

> Investigate the manner in which the affairs of the Corporate Defendants and Relief Defendants were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the Corporate Defendants and Relief Defendants and their investors and other creditors as the Receiver deems necessary against those individuals, corporations, partnerships, associations and/or unincorporated organizations which the Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated or transferred money or other proceeds directly or indirectly traceable from investors in EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC, their officers, directors, employees, affiliates, subsidiaries, or any persons acting in concert or participation with them, or against any transfers of money or other proceeds directly or indirectly traceable from investors in EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, and EA SIP, LLC; provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers, rescission and restitution, the collection of debts, and such orders from this Court as may be necessary to enforce this Order[.]

(Dkt. 11 at ¶ 2) The Court further authorized the Receiver to:

> Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary and to fix and pay their reasonable compensation and reasonable expenses, as well as all reasonable expenses of taking possession of the assets and business of the Corporate Defendants and Relief Defendants and exercising the power granted by this Order, subject to prior approval by this Court[.]

(Id. at ¶ 5)

On July 1, 2020, the Court permitted the Receiver to retain the law firm of Johnson, Pope, Bokor, Ruppel & Burns, LLP, on a contingency basis, to pursue claims against the law firms that provided services to EquiAlt LLC and other Receivership entities. (Dkt. 127) On September 28, 2020, the Receiver filed an action against the Movants in federal court in the Central District of California, asserting claims under California law for legal malpractice, breach of fiduciary duty, and aiding and abetting the misconduct of EquiAlt LLC and its principals. *Wiand v. Wassgren*, No. 2:20-cv-8849 (C.D. Cal. Sept. 28, 2020). Upon realizing that the California federal court lacked subject matter jurisdiction, the Receiver commenced an identical suit against the Movants in California state court, *Burton W. Wiand, as Receiver on behalf of EquiAlt Fund, LLC, et al. v. Paul R. Wassgren, et al.*, Case No. 20STCV49670 (Cal. Super. Ct.), and the Receiver's federal action was subsequently dismissed. (Dkt. 268 at 5-6)

On February 5, 2021, the Movants filed a Notice of Limited Appearance and the Motion. (Dkts. 262-263) In the Motion, the Movants advise that they are litigating a similar action in the Middle District of Florida, a suit brought by a class of EquiAlt LLC investors raising claims under Florida, Nevada, Arizona, Colorado, and California law. (Dkt. 263 at 2) The Movants request that the Court direct the Receiver to dismiss his California state action and bring his claims in the Middle District of Florida so that the Movants can litigate the Receiver's claims and the EquiAlt LLC investors' claims in the same district and circuit. (Dkt. 263) In opposition, the Receiver asserts that the Court has already granted him the authority to pursue actions against the Movants and that the Court has not limited his ability to pursue claims outside the Middle District of Florida. (Dkt. 268 at 15-16) The SEC also opposes the Movant's motion and asserts that the Movants "have presented no legal or equitable reason as to why the Receiver's choice of forum should be second guessed by this Court." (Dkt. 270 at 4)

The Movants primarily assert that they are unjustifiably burdened by the Receiver's choice to litigate his claims in California state court because the Movants had to retain counsel in California and must litigate similar claims "before two different courts at opposite ends of the country." (Dkt. 263) The Court denies the relief. The Court expressly permitted the Receiver to pursue claims against the Movants. (Dkt. 127) To the extent that the Movants argue that the California state court is the improper forum in which to litigate the Receiver's claims, the Movants are free to raise that challenge in the California state action.

Accordingly, the Court **DENIES** the Movants' Motion to Compel Receiver to Bring Claims against Movants in This District.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of June 2021.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person