UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                            Case No. 8:20-cv-325-MSS-MRM

BRIAN DAVISON, et al.,

    Defendants, and

128 E. DAVIS BLVD. LLC, et al.,

    Relief Defendants.
_____/

**DAVISON'S MEMORANDUM IN OPPOSITION TO RECEIVER'S
MOTION FOR LEAVE TO FILE A REPLY (DOC. 601)**

Brian Davison, pursuant to Middle District Local Rule 3.01(b), opposes the Receiver Burton W. Wiand's Motion for Leave to File a Reply to Defendant Brian Davison's Opposition to Receiver's Motion for Order to Show Cause (the "Motion") (Doc. 601). The Motion is premature, procedurally defective under Middle District Local Rule 3.01(c), substantively improper, and should be denied.

On July 18, 2022, Davison filed his Memorandum in Opposition to the Receiver's Verified Motion for an Order to Show Cause Why Brian Davison Should Not be Held in Contempt for Failure to Comply with the Court's Orders (Doc. 600).

1

Pursuant to the request of counsel for the Receiver, the undersigned agreed to file an amended memorandum in opposition today, July 21, 2022, to address certain issues.

The Receiver filed this Motion prior to receipt of Davison's Amended Memorandum. By definition, he cannot represent to the Court that he will need to respond to the Amended Memorandum. As such, the Motion is premature and should be denied on that basis.

The Motion also should be denied as it violates Middle District Local Rule 3.01(d), which provides that a "motion requesting leave to reply must not exceed three pages inclusive of all parts." Including "all parts", the Receiver's Motion is four pages.

The substantive failure of the Motion is tied to its prematurity. The only case cited by the Receiver in support of the Motion provides that, "[t]he purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *DiRocco v. Victory Mktg. Agency, LLC*, No. 2:15-CV-522-FTM-99CM, 2015 WL 13802200, at *1 (M.D. Fla. Nov. 4, 2015). The Receiver cannot represent that need in good faith prior to seeing Davison's Amended Memorandum in Opposition.

The Docket in this case now numbers 601 entries; most of which were filed by the Receiver. In one of the rare instances where any of his filings were challenged, the Receiver now demands a reply. In effect, and contrary to the standard practice

set forth in the Local Rules, the Receiver demands the last word. The grant of this Motion simply extends the process and expends Receivership assets to no good purpose. The Receiver's Motion for Leave to File a Reply (Doc. 601) should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via the Court's CM/ECF system on this 21st day of July 2022.

/s/ **Stanley T. Padgett**
Stanley T. Padgett, Esquire
Florida Bar No. 348686
PADGETT LAW, P.A.
201 E. Kennedy Blvd., Suite 600
Tampa, FL 33602
(813) 230-9098
(866) 896-7664 (Fax)
Email: spadgett@padgettlawpa.com
Co-Counsel for Defendant,
  Brian Davison