UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                    Case No.:  8:20-cv-325-MSS-MRM

BRIAN DAVISON, BARRY M.
RYBICKI, EQUIALT LLC,
EQUIALT FUND, LLC, EQUIALT
FUND II, LLC, EQUIALT FUND
III, LLC, EA SIP, LLC, 128 E.
DAVIS BLVD, LLC, 310 78TH AVE,
LLC, 551 3D AVE S, LLC, 604
WEST AZEELE, LLC, 2101 W.
CYPRESS, LLC, 2112 W.
KENNEDY BLVD, LLC, 5123 E.
BROADWAY AVE, LLC, BLUE
WATERS TI, LLC, BNAZ, LLC, BR
SUPPORT SERVICES, LLC,
BUNGALOWS TI, LLC, CAPRI
HAVEN, LLC, EA NY, LLC,
EQUIALT 519 3RD AVE S., LLC,
MCDONALD REVOCABLE
LIVING TRUST, SILVER SANDS
TI, LLC, TB OLDEST HOUSE EST.
1842, LLC and STATE OF
FLORIDA DBPR, DIVISION OF
HOTELS AND RESTAURANTS,

    Defendants.
_____/

## ORDER REGARDING EVIDENTIARY HEARING

    The Court has scheduled an evidentiary hearing regarding the Notice of

Charging Lien of Moses & Singer LLP (Doc. 755) starting at 09:30 AM (Eastern) on

February 23, 2023, in Courtroom 9B of the Sam Gibbons United States Courthouse, located at 801 N Florida Ave, Tampa, Florida 33602. (*See* Doc. 784). The Court has reserved a full day for the evidentiary hearing. In connection with the evidentiary hearing, the Court requires the following:

1. No later than 5:00 PM (Eastern) on February 21, 2023, each party participating in the evidentiary hearing must:

    a. file and exchange a list of all witnesses the party may call to testify at the evidentiary hearing;[1]

    b. file and exchange an exhibit list in compliance with M.D. Fla. 3.07(a) that identifies and describes all exhibits the party intends to introduce at the evidentiary hearing;[2]

    c. in accordance with M.D. Fla. R. 3.07(a), pre-mark all exhibits to be exchanged pursuant to this Order, ensuring that each mark corresponds to and is consistent with an entry on the party's exhibit list;[3]

---

[1] A sample witness list is available under the "Forms" tab of the Undersigned's judicial preferences page on the Court's public website.

[2] A sample exhibit list is available under the "Forms" tab of the Undersigned's judicial preferences page on the Court's public website.

[3] Sample exhibit tags or labels are available under the "Forms" tab of the Undersigned's judicial preferences page on the Court's public website. Plaintiff's exhibit tags should be printed on blue paper. Defendant's exhibit tags should be printed on yellow paper. Joint exhibit tags should be printed on green paper.

    d.    deliver to the opposing party(ies) complete copies of all pre-marked exhibits the party has identified in the party's exhibit list; and

    e.    If any witness to be called at the evidentiary hearing speaks only or primarily a language other than English or has a hearing impairment limiting that person's comprehension or communication, the party who intends to call that witness at the evidentiary hearing must file a written notice with the Court confirming that the party has secured for the evidentiary hearing the services of an appropriate interpreter from the Court's approved list of certified interpreters.[4]

2.    No party may demand that any other party be the first to produce its exhibit list, witness list, or copies of pre-marked exhibits pursuant to this Order.

3.    On the day of and immediately before the evidentiary hearing commences, each party participating in the evidentiary hearing must provide the Courtroom Deputy Clerk with:

    a.    three (3) courtesy copies of the party's witness list and exhibit list; and

---

[4] Information concerning interpreter services is available on the Court's website at http://www.flmd.uscourts.gov/interpreter-services.

      b.    two (2) courtesy copy sets of the party's pre-marked exhibits.

4. At the commencement of the evidentiary hearing, the parties must be prepared to discuss the following preliminary matters with the Court, as needed:

    a.    The sequence in which evidence will be presented, taking into account the burden of proof on the matter(s) to be adjudicated at the hearing;

    b.    Timing or witness-availability constraints;

    c.    The applicability of the Federal Rules of Evidence to the proceeding pursuant to Fed. R. Evid. 1101 or other applicable law;

    d.    Whether any party requests the exclusion of witnesses pursuant to Fed. R. Evid. 615; and

    e.    Any anticipated objection(s) to any exhibit(s) identified on any exhibit list.

5. After addressing preliminary matters, the Court will proceed immediately to the presentation of evidence. The Court will not entertain or invite opening statements unless the parties jointly request leave to present opening statements and the Court finds good cause to grant such relief. After the last party to present evidence rests, the Court will permit counsel and unrepresented parties to present oral argument, if time permits.

6. Unless requested by the Court, no supplemental briefing will be permitted after the evidentiary hearing.

7. All visitors must present a valid, official photo identification to enter the courthouse. Additional information concerning courthouse security requirements is available at http://www.flmd.uscourts.gov/security.

8. Pursuant to *In re: Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida*, No. 6:13-mc-94-ORL-22 (available at http://www.flmd.uscourts.gov/order-cell-phones-and-electronic-devices-courthouses), any attorney permitted to practice law in the Middle District of Florida may bring a personal electronic device beyond the courthouse's security checkpoint by presenting a valid Florida Bar identification card or *pro hac vice* order. No one else may bring personal electronic devices (*e.g.*, cellular telephones, smart phones, tablet computers, and laptop computers) beyond the courthouse security checkpoint.

**DONE AND ORDERED** in Tampa, Florida on January 23, 2023.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties