# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

    Plaintiff,

v.                                                            Case No: 8:20-cv-325-MSS-MRM

**BRIAN DAVISON, BARRY M. RYBICKI, EQUIALT LLC, EQUIALT FUND, LLC, EQUIALT FUND II, LLC, EQUIALT FUND III, LLC, EA SIP, LLC,**

    Defendants,

**128 E. DAVIS BLVD, LLC, 310 78TH AVE, LLC, 551 3D AVE S, LLC, 604 WEST AZEELE, LLC, BLUE WATERS TI, LLC, 2101 W. CYPRESS, LLC, 2112 W. KENNEDY BLVD, LLC, BNAZ, LLC, BR SUPPORT SERVICES, LLC, CAPRI HAVEN, LLC, EANY, LLC, BUNGALOWS TI, LLC, EQUIALT 519 3RD AVE S., LLC, MCDONALD REVOCABLE LIVING TRUST, 5123 E. BROADWAY AVE, LLC, SILVER SANDS TI, LLC, TB OLDEST HOUSE EST. 1842, LLC,**

    Relief Defendants.

---

**ORDER (I) PRELIMINARILY APPROVING SETTLEMENT AMONG RECEIVER, INVESTOR PLAINTIFFS, AND PAUL WASSGREN, DLA PIPER LLP (US) AND FOX ROTHSCHILD LLP; (II) APPROVING FORM AND CONTENT OF NOTICE, AND MANNER AND METHOD OF SERVICE AND PUBLICATION; (III) SETTING DEADLINE TO OBJECT TO APPROVAL OF**

1

### SETTLEMENT AND ENTRY OF BAR ORDER; AND (IV) SCHEDULING A HEARING

**THIS CAUSE** comes before the Court for consideration of the Joint Motion for (i) Approval of Settlement among Receiver, Investor Plaintiffs, and Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP; (ii) Approval of Form, Content, and Manner of Notice of Settlement and Bar Order; (iii) Entry of Bar Order; and (iv) Scheduling a Hearing; with Incorporated Memorandum of Law (Dkt. 760) (the "**Motion**"), filed by Burton W. Wiand as the Court-appointed receiver (the "**Receiver**") of the entities set forth on Exhibit A to this Order (the "**Receivership Entities**") in the above-captioned civil enforcement action (the "**SEC Action**").[1] The Motion concerns the Receiver's request for approval of a proposed settlement among: a group of investors that filed a putative class action in the United States District Court for the Middle District of Florida (defined below as the "**Investor Plaintiffs**"); the Receiver; and Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP, which is memorialized in the settlement agreement attached to the Motion as Exhibit I (the "**Settlement Agreement**").

As used in this Order, the "**Settling Parties**" means the Investor Plaintiffs; the Receiver; and Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP. Terms used but not defined in this Order have the meaning ascribed to them in the Settlement Agreement. To the extent there is any discrepancy between a defined term in the

---

[1] The Court is in receipt of Non-Party Robert Joseph Armijo's Opposition to the Joint Motion of the Receiver and Investor Plaintiffs. After considering the pending motion, the response in opposition thereto, and being otherwise fully advised the Court grants the Joint Motion.

2

Settlement Agreement and the same defined term herein, the definition in the Settlement Agreement will control. By way of the Motion, the Receiver and the Investor Plaintiffs seek an order preliminarily approving the Settlement Agreement and establishing procedures to provide: (a) notice of the settlement and an opportunity to object and setting a deadline for any objections to the settlement; (b) notice for motions to approve the application by counsel for the Investor Plaintiffs' for an award of expenses and attorneys' fees and the application by the Receiver Special Counsel for an award of expenses (collectively the "**Fee and Expense Motions**") and deadlines for any objections to the Fee and Expense Motions; and (c) scheduling a hearing on those matters.

Upon review of the terms of the Settlement Agreement, the Motion and its exhibits, the arguments and proffers set forth in the Motion and being otherwise fully advised, the Court preliminarily approves the Settlement Agreement and hereby establishes procedures for final approval of the Settlement Agreement and the Fee and Expense Motions and entry of the Final Approval and Bar Order attached as <u>Exhibit D</u> to the Motion (the "**Bar Order**") as follows:

1. **Preliminary Approval.** Based upon the Court's review of the Settlement Agreement, the Motion and its attachments, and upon the arguments and proffers set forth in the Motion, the Court preliminarily finds that the settlement is fair, adequate and reasonable, is a prudent exercise of the business judgment by the Receiver, the Investor Plaintiffs and Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP, and is the

product of good faith, arm's length and non-collusive negotiations between the Receiver, the Investor Plaintiffs and Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP. The Court, however, reserves a final ruling with respect to the terms of the Settlement Agreement, including the Bar Order, until after the Final Approval Hearing (defined below) occurs, or is cancelled pursuant to Section 6, infra.

2. **Notice.** The Court approves the form and content of the notice attached as Exhibit Z to the Motion (the "**Notice**"). The Court further approves the summary notice form (the "**Summary Notice**") attached to the Motion as Exhibit AA. The Summary Notice is to be used for all publication notice requirements. The full Notice will be directly sent to all Parties who have filed a claim with the Receiver (whether or not that claim has been accepted or rejected) as well as all other interested Parties to this case. Service and publication of the Notice and Summary Notice in accordance with the manner and method set forth in this paragraph constitutes good and sufficient notice, and is reasonably calculated under the circumstances to notify all interested parties of the Motion and the Fee and Expense Motions, the Settlement Agreement, and the Bar Order, and of their opportunity to object thereto and attend the Final Approval Hearing (defined below) concerning these matters; furnishes all parties in interest a full and fair opportunity to evaluate the settlement and object to the Motion and/or the Fee and Expense Motions, the Settlement Agreement, the Bar Order, and

all matters related thereto; and complies with all requirements of applicable law, including, without limitation, the Federal Rules of Civil Procedure, the Court's local rules, and the United States Constitution. Accordingly:

a. The Receiver is directed, **no later than 10 days** after entry of this Order, to cause the Notice in substantially the same form as attached to the Settlement Agreement to be served by first class U.S. mail, postage prepaid, to:

   i. all counsel who have appeared of record in the SEC Action; all parties who have appeared in the SEC Action and who are not represented by counsel;

   ii. all counsel who are known by the Receiver to have appeared of record in (1) the EquiAlt Actions or (2) in any legal proceeding or arbitration commenced by or on behalf of any of the Receivership Entities or any individual investor or putative class of investors seeking relief against any person or entity relating in any manner to the Receivership Entities or the subject matter of the SEC Action or the EquiAlt Actions;

   iii. all known investors in each and every one of the Receivership Entities identified in the investor lists in the possession of the Receiver at the addresses set forth therein;

   iv. all known non-investor creditors of each and every one of the Receivership Entities that submitted a claim form;

   v. all creditors of any Receivership Entity to whom the Receiver has previously sent a claim form;

   vi. all owners, officers, directors, and senior management employees of the Receivership Entities;

   vii. all other persons or entities that previously received notice of the Receiver's settlements for which bar orders were requested and issued; and

5

      viii. all Sales Agents and Non-Releasing Sales Agents.

  b. The Receiver is directed, **no later than 10 days after** entry of this Order, to:

      i. Cause the Summary Notice in substantially the same form as attached to the Motion to be published once in USA Today, The Tampa Bay Times, The Arizona Republic, The San Francisco Chronicle, and the Los Angeles Times; and

      ii. Cause the full Notice in substantially the same form as attached to the Settlement Agreement to be published on the website maintained by the Receiver in connection with the SEC Action (www.equialtreceivership.com).

  c. The Receiver is directed, **no later than 5 days** before the Final Approval Hearing (defined below), to file with this Court written evidence of compliance with the subparts of this paragraph, which may be in the form of an affidavit or declaration.

3. **Final Hearing.** The Court will conduct a hearing via Zoom before the Honorable Mary S. Scriven in the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, 33602, in Courtroom 7A, at 9:30 A.M. on May 3, 2023 (the "**Final Approval Hearing**"). The link for the Zoom hearing will be circulated before the Final Approval Hearing in accordance with the Court's normal protocols and procedures. The purposes of the Final Approval Hearing will be to consider final approval of the

Settlement Agreement, determination of the Fee and Expense Motions, and entry of the Bar Order.

4. **Objection Deadline; Objections and Appearances at the Final Approval Hearing.** Any person who objects to the terms of the Settlement Agreement, the Fee and Expense Motions, the Bar Order, the Motion, or any of the relief related to any of the foregoing, must file an objection, in writing, with the Court pursuant to the Court's Local Rules, **no later than thirty (30) days before** the Final Approval Hearing. All objections filed with the Court must:

   a. Contain the name, address, telephone number of the person filing the objection or his or her attorney;

   b. Be signed by the person filing the objection, or his or her attorney;

   c. State, in detail, the factual and legal grounds for the objection;

   d. Attach any document the Court should review in considering the objection and ruling on the Motion and/or the Fee and Expense Motions; and

   e. If the person filing the objection intends to appear at the Final Approval Hearing, make a request to do so.

Subject to the discretion of this Court, no person will be permitted to appear at the Final Approval Hearing without first filing a written objection and requesting to appear at the hearing in accordance with the provisions of this paragraph. Copies of any objections filed must be served by email and regular U.S. mail on:

7

| Name | Address | Email Address |
| --- | --- | --- |
| Burton W. Wiand | Law Office of Burton W. Wiand, P.A. 114 Turner Street, Clearwater, FL 33756 | Burt@BurtonWWiandPA.com |
| Guy M. Burns | Johnson Pope, Bokor Ruppell & Burns, LLP 401 East Jackson Street, Suite 3100, Tampa, FL 33601 | guyb@jpfirm.com |
| Katherine C. Donlon | Johnson, Cassidy, Newlon & DeCort 2802 N. Howard Avenue, Tampa, FL 33607 | kdonlon@jclaw.com |
| Vidya A. Mirmira | Williams & Connolly LLP 680 Maine Avenue SW, Washington, DC 20024 | vmirmira@wc.com |
| Stephen C. Richman | Gunster, Yoakley & Stewart, P.A. 777 South Flagler Drive, Suite 500 East, West Palm Beach, FL 33401 | srichman@gunster.com |
| Simon A. Gaugush | Carlton Fields, Corporate Center Three at International Plaza, 4221 W. Boy Scout Boulevard, Suite 1000, Tampa, Florida 33607 | sgaugush@carltonfields.com |

| Howard M. Bushman | The Moskowitz Law Firm, PLLC 2 Alhambra Plaza, Suite 601 Coral Gables, FL 33134 | howard@moskowitz-law.com |
|---|---|---|
| Andrew S. Friedman | Bonnett Fairbourn Friedman & Balint, P.C. 7301 N. 16th Street, Suite 102 Phoenix, AZ 85020 | afriedman@bffb.com |

Any person failing to file an objection by the time and in the manner set forth in this paragraph will be deemed to have waived the right to object (including any right to appeal) and to appear at the Final Approval Hearing, and such person will be forever barred from raising such objection in this SEC Action or any other action or proceeding, subject to the discretion of this Court.

5. **Responses to Objections.** Any party to the Settlement Agreement may respond to an objection filed pursuant to this Order by filing a response in this SEC Action. Any responses will be due **14 days after** the filing of the objection. To the extent any person filing an objection cannot be served by the Court's CM/ECF system, a response must be served to the email address provided by that objector, or, if no email address is provided, to the mailing address provided.

6. **Adjustments Concerning Hearing and Deadlines.** The date, time and place for the Final Approval Hearing, and the deadlines and other requirements in this Order, may be subject to adjournment, modification or

9

cancellation by the Court without further notice other than that which may be posted by means of the Court's CM/ECF system in the SEC Action. **If no objections are timely filed or if the objections are resolved before the hearing, the Court may cancel the Final Approval Hearing.**

7. **No Admission.** Nothing in this Order or the Settlement Agreement is or will be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of the Settling Parties regarding the SEC Action, the action brought by the Investor Plaintiffs, or any other case or proceeding.

8. **Jurisdiction.** The Court retains exclusive jurisdiction to consider all further matters relating to this Order, the Motion, the Fee and Expense Motions, and the Settlement Agreement, including, without limitation, entry of an Order finally approving the Settlement Agreement and the Bar Order.

9. **Stay of Related Litigation.** The Court also finds that, under its broad equitable power, a temporary stay of any prosecution or further litigation by the parties to that certain action currently captioned as <u>Robert J. Armijo v. Paul R. Wassgren, et. al.</u>, No. 2:22-cv-08851 in the U.S. District Court for the Central District of California, Western Division (the "Armijo Action"), is warranted to preserve the claims of the Receiver being settled and the orderly administration of the Receivership Estate. Until further order

of this Court, Robert J. Armijo, Paul R. Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP are restrained from prosecuting or litigating the claims in the Armijo Action, but may provide notice of this Order, and status updates, including those arising from the Motion, to the court presiding over the Armijo Action. This stay does not apply to any pending or future actions brought by the Receiver, the Securities and Exchange Commission, or any federal or state governmental bodies or agencies.

10. The Joint Unopposed Motion for Leave to File a Reply, (Dkt. 785), is **DENIED as MOOT**.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of January 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

# Exhibit A

## (List of Receivership Entities)

EquiAlt LLC

EquiAlt Fund, LLC

EquiAlt Fund II, LLC

EquiAlt Fund III, LLC

EA SIP, LLC

EquiAlt Qualified Opportunity Zone Fund, LP

EquiAlt QOZ Fund GP, LLC

EquiAlt Secured Income Portfolio REIT, Inc.

EquiAlt Holdings LLC

EquiAlt Property Management LLC

EquiAlt Capital Advisors, LLC

Equialt Fund I, LLC and related properties:

| ADDRESS | FOLIO |
|---|---|
| 8820 CRESTVIEW DR, UNIT A, TAMPA, FL 33604 | 098861-5374 |
| 5135 TENNIS COURT CIR, TAMPA, FL 33617 | 142878-6142 |
| 7511 PITCH PINE CIR, UNIT 128, TAMPA, FL 33617 | 038945-5256 |
| 2302 MAKI RD, UNIT 45, PLANT CITY, FL 33563 | 205010-0290 |
| 7613 PASA DOBLES CT, TAMPA, FL 33615 | 004580-7906 |

128 E. Davis Blvd, LLC

310 78th Ave, LLC

551 3d Ave S, LLC

604 West Azeele, LLC

Blue Waters TI, LLC

2101 W. Cypress, LLC

2112 W. Kennedy Blvd, LLC

BNAZ, LLC

BR Support Services, LLC

Capri Haven, LLC

EA NY, LLC

Bungalows TI, LLC

EquiAlt 519 3rd Ave S., LLC

McDonald Revocable Living Trust

5123 E. Broadway Ave, LLC

Silver Sands TI, LLC

TB Oldest House Est. 1842, LLC