UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                        Case No: 8:20-cv-325-MSS-MRM

BRIAN DAVISON, BARRY M.
RYBICKI, EQUIALT LLC,
EQUIALT FUND, LLC, EQUIALT
FUND II, LLC, EQUIALT FUND III,
LLC, EA SIP, LLC,

    Defendants,

128 E. DAVIS BLVD, LLC, 310 78TH
AVE, LLC, 551 3D AVE S, LLC, 604
WEST AZEELE, LLC, BLUE
WATERS TI, LLC, 2101 W.
CYPRESS, LLC, 2112 W. KENNEDY
BLVD, LLC, BNAZ, LLC, BR
SUPPORT SERVICES, LLC, CAPRI
HAVEN, LLC, EANY, LLC,
BUNGALOWS TI, LLC, EQUIALT
519 3RD AVE S., LLC, MCDONALD
REVOCABLE LIVING TRUST, 5123
E. BROADWAY AVE, LLC, SILVER
SANDS TI, LLC, TB OLDEST
HOUSE EST. 1842, LLC,

    Relief Defendants.
_____

**ORDER (I) PRELIMINARILY APPROVING SETTLEMENTS AMONG
RECEIVER, INVESTOR PLAINTIFFS AND CERTAIN SALES AGENTS AND
MANAGEMENT DEFENDANTS; (II) APPROVING FORM AND CONTENT
OF NOTICE, AND MANNER AND METHOD OF SERVICE AND
PUBLICATION; (III) SETTING DEADLINE TO OBJECT TO APPROVAL OF**

1

## SETTLEMENTS AND ENTRY OF BAR ORDERS; AND (IV) SCHEDULING A HEARING

**THIS CAUSE** comes before the Court for consideration of the Joint Motion of Receiver and Investor Plaintiffs for (i) Preliminary and Final Approval of Proposed Settlements; (ii) Approval of Form, Content, and Manner of Notice of Settlements and Bar Order; (iii) Entry of Bar Orders; and (iv) Scheduling a Hearing; with Incorporated Memorandum of Law (Dkt. 760) (the "**Motion**"), filed by Burton W. Wiand as the Court-appointed receiver (the "**Receiver**") of the entities set forth on Exhibit A to this Order (the "**Receivership Entities**") in the above-captioned civil enforcement action (the "**SEC Action**") and the investor Plaintiffs ("**Investor Plaintiffs**") in Gleinn et al. v. Paul Wassgren, et al., No. 8:20-cv-01677-MSS-CPT (M.D. Fla. July 21, 2020).

The Motion includes a request by the Receiver and the Investor Plaintiffs for Court approval of the following proposed settlements among the Receiver, the Investor Plaintiffs and the following EquiAlt sales agents: Ronald F. Stevenson, Barbara Stevenson, American Financial Security, LLC, American Financial Investments, LLC, Tim LaDuca, Marketing Dynamics, Inc., Jason Wooten, Family Tree Estate Planning, LLC, Dale Tenhulzen, and Live Wealthy Institute, LLC, (collectively "**the Sales Agent Defendants**") attached as Exhibits J-M to the Motion (collectively the "**Agent Settlement Agreements**").

The Court also has considered a settlement between the Investor Plaintiffs and Brian Davison ("Davison") by which Davison will release Paul Wassgren, DLA Piper

LLP (US) and Fox Rothschild LLP in exchange for a bar order which is attached as Exhibit Y to the Motion (the "**Davison Settlement Agreement**").

As used in this Order, the "**Settling Parties**" means collectively the Receiver, the Investor Plaintiffs, and the Sales Agent Defendants. Terms used but not defined in this Order have the meaning ascribed to them in the applicable settlement agreement. To the extent there is any discrepancy between a defined term in the any of the settlement agreements and the same defined term herein, the definition in the applicable settlement agreement will control.

By way of the Motion, the Receiver and the Investor Plaintiffs seek an order preliminarily approving the Agent Settlement Agreements and the bar order required by the Davison Settlement Agreement, and establishing procedures to provide: (a) notice of the settlements and the bar orders contemplated thereunder, and an opportunity to object and setting a deadline for any objections to any of the settlements; (b) notice for motions to approve applications by the Receiver's Special Counsel and counsel for the Investor Plaintiffs' for awards of expenses and/or attorneys' fees (collectively, the "**Fee and Expense Motions**") and deadlines for any objections to the Fee and Expense Motions; and (c) scheduling a hearing on those matters. After reviewing the terms of the Agent Settlement Agreements and the Davison Settlement Agreement, reviewing the Motion and its exhibits, and considering the arguments and proffers set forth in the Motion, the Court preliminarily approves the Agent Settlement Agreements and the bar order required by the Davison Settlement Agreement, and hereby establishes procedures for final approval of the

Agent Settlement Agreements and the Fee and Expense Motions and entry of the Final Approval and bar orders attached as exhibits to the Agent Settlement Agreements and the Davison Settlement Agreement (the "**Bar Orders**") as follows:

1. **Preliminary Approval.** Based upon the Court's review of the Agent Settlement Agreements, the Motion and its attachments, and upon the arguments and proffers set forth in the Motion, the Court preliminarily finds that each of the Agent Settlement Agreements is fair, adequate and reasonable, is a prudent exercise of the business judgment by the Receiver, the Investor Plaintiffs and the Sales Agent Defendants. The Court, however, reserves a final ruling with respect to the terms of the Agent Settlement Agreements and the Bar Orders, until after the Final Approval Hearing (defined below) occurs, or is cancelled pursuant to Section 6, *infra*.

2. **Notice.** The Court approves the form and content of the notice attached as Exhibit Z to the Motion (the "**Notice**"). The Court further approves the summary notice form (the "**Summary Notice**") attached to the Motion as Exhibit AA. The Summary Notice is to be used for all publication notice requirements. The full Notice will be directly sent to all Parties who have filed a claim with the Receiver (whether or not that claim has been accepted or rejected) as well as all other interested Parties to this case. Service and publication of the Notice and Summary Notice in accordance with the manner and method set forth in this paragraph constitutes good and

sufficient notice, and is reasonably calculated under the circumstances to notify all interested parties of the Motion and the Fee and Expense Motions, the Agent Settlement Agreements and the Bar Orders, and of their opportunity to object thereto and attend the Final Approval Hearing (defined below) concerning these matters; furnishes all parties in interest a full and fair opportunity to evaluate the settlements and object to the Motion and/or the Fee and Expense Motions, the Agent Settlement Agreements and/or the Bar Orders, and all matters related thereto; and complies with all requirements of applicable law, including, without limitation, the Federal Rules of Civil Procedure, the Court's local rules, and the United States Constitution.

Accordingly:

a. The Receiver is directed, **no later than 10 days** after entry of this Order, to cause the Notice in substantially the same form as attached to the Settlement Agreement to be served by first class U.S. mail, postage prepaid, to:

   i. all counsel who have appeared of record in the SEC Action; all parties who have appeared in the SEC Action and who are not represented by counsel;

   ii. all counsel who are known by the Receiver to have appeared of record in (1) the EquiAlt Actions or (2) in any legal proceeding or arbitration commenced by or on behalf of any of the Receivership Entities or any individual investor or putative class of investors seeking relief against any person or entity relating in any manner to the Receivership Entities or the subject matter of the SEC Action or the EquiAlt Actions;

iii. all known investors in each and every one of the Receivership Entities identified in the investor lists in the possession of the Receiver at the addresses set forth therein;

iv. all known non-investor creditors of each and every one of the Receivership Entities that submitted a claim form;

v. all creditors of any Receivership Entity to whom the Receiver has previously sent a claim form;

vi. all owners, officers, directors, and senior management employees of the Receivership Entities;

vii. all other persons or entities that previously received notice of the Receiver's settlements for which bar orders were requested and issued; and

viii. all Sales Agents and Non-Releasing Sales Agents.

b. The Receiver is directed, **no later than 10 days after** entry of this Order, to:

   i. cause the Summary Notice in substantially the same form as attached to the Motion to be published once in USA Today, The Tampa Bay Times, The Arizona Republic, The San Francisco Chronicle, and the Los Angeles Times; and

   ii. cause the full Notice in substantially the same form as attached to the Settlement Agreement to be published on the website maintained by the Receiver in connection with the SEC Action (www.equialtreceivership.com).

c. The Receiver is directed, **no later than 5 days** before the Final Approval Hearing (defined below), to file with this Court written evidence of compliance with the subparts of this paragraph, which may be in the form of an affidavit or declaration.

3. **Final Hearing.** The Court will conduct a hearing via Zoom before the Honorable Mary S. Scriven in the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, 33602, in Courtroom 7A, at 9:30 A.M. on May 3, 2023 (the "**Final Approval Hearing**"). The link for the Zoom hearing will be circulated before the Final Approval Hearing in accordance with the Court's normal protocols and procedures. The purposes of the Final Approval Hearing will be to consider final approval of the Agent Settlement Agreements and the Davison Settlement Agreement, determination of the Fee and Expense Motions, and entry of the Bar Orders. At the Final Approval Hearing the Court also will consider approval of settlements not requiring the issuance of a bar order, among the Receiver and the following EquiAlt sales agents: MASears, LLC d/b/a Picasso Group, DeAndre Sears, Maria Antonio Sears, REIT Alliance Marketing, LLC, Ernest "Cal" Babbini, Elliott Financial Group, Inc., Todd Elliott, Elliot Financial Advisors, LLC, Greg Talbot, Rokay Unlimited, LLC, Anthony R. Spooner, Seek Insurance Services, LLC, James D. Gray, John E. Friedrichsen, Agents Insurance Sales, Barry Wilken, Barry Neal, Ben Mohr, Ben Mohr LLC, Ben Mohr, Inc., J. Wellington Financial, LLC, and Jason Jodway.

4. **Objection Deadline; Objections and Appearances at the Final Approval Hearing.** Any person who objects to the terms of the Agent Settlement Agreements, the Fee and Expense Motions, the Bar Orders, or any of the relief related to any of the foregoing, must file an objection, in writing, with the Court pursuant to the Court's Local Rules, **no later than thirty (30) days before** the Final Approval Hearing. All objections filed with the Court must:

   a. Contain the name, address, telephone number of the person filing the objection or his or her attorney;

   b. Be signed by the person filing the objection, or his or her attorney;

   c. State, in detail, the factual and legal grounds for the objection;

   d. Attach any document the Court should review in considering the objection and ruling on the Motion and/or the Fee and Expense Motions; and

   e. If the person filing the objection intends to appear at the Final Approval Hearing, make a request to do so.

Subject to the discretion of this Court, no person will be permitted to appear at the Final Approval Hearing without first filing a written objection and requesting to appear at the hearing in accordance with the provisions of this paragraph. Copies of any objections filed must be served by email and regular U.S. mail on:

| Name | Address | Email Address |
|---|---|---|
| Burton W. Wiand | Law Office of Burton W. Wiand, P.A. | Burt@BurtonWWiandPA.com |

| | 114 Turner Street, Clearwater, FL 33756 | |
| --- | --- | --- |
| Guy M. Burns | Johnson Pope, Bokor Ruppell & Burns, LLP 401 East Jackson Street, Suite 3100, Tampa, FL 33601 | guyb@jpfirm.com |
| Katherine C. Donlon | Johnson, Cassidy, Newlon & DeCort 2802 N. Howard Avenue, Tampa, FL 33607 | kdonlon@jclaw.com |
| John K. Villa | Williams & Connolly LLP 680 Maine Avenue SW, Washington, DC 20024 | jvilla@wc.com |
| Stephen C. Richman | Gunster, Yoakley & Stewart, P.A. 777 South Flagler Drive, Suite 500 East, West Palm Beach, FL 33401 | srichman@gunster.com |
| Simon A. Gaugush | Carlton Fields, Corporate Center Three at International Plaza, 4221 W. Boy Scout Boulevard, Suite 1000, Tampa, Florida 33607 | sgaugush@carltonfields.com |
| Howard M. Bushman | The Moskowitz Law Firm, PLLC 2 Alhambra Plaza, Suite 601 Coral Gables, FL 33134 | howard@moskowitz-law.com |
| Andrew S. Friedman | Bonnett Fairbourn Friedman & Balint, P.C. 7301 | afriedman@bffb.com |

| | N. 16th Street, Suite 102 Phoenix, AZ 85020 | |

Any person failing to file an objection by the time and in the manner set forth in this paragraph will be deemed to have waived the right to object (including any right to appeal) and to appear at the Final Approval Hearing, and such person will be forever barred from raising such objection in this SEC Action or any other action or proceeding, subject to the discretion of this Court.

5. **Responses to Objections.** Any party to the Agent Settlement Agreements or the Davison Settlement Agreement may respond to an objection filed pursuant to this Order by filing a response in this Action. Any responses will be due **14 days after** the filing of the objection. To the extent any person filing an objection cannot be served by the Court's CM/ECF system, a response must be served to the email address provided by that objector, or, if no email address is provided, to the mailing address provided.

6. **Adjustments Concerning Hearing and Deadlines.** The date, time and place for the Final Approval Hearing, and the deadlines and other requirements in this Order, may be subject to adjournment, modification or cancellation by the Court without further notice other than that which may be posted by means of the Court's CM/ECF system in the SEC Action. **If no objections are timely filed or if the objections are resolved before the hearing, the Court may cancel the Final Approval Hearing.**

7. **No Admission.** Nothing in this Order, the Agent Settlement Agreements, or the Davison Settlement Agreement is or will be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of the Settling Parties regarding the SEC Action, any action brought by the Receiver or Investor Plaintiffs, or any other case or proceeding.

8. **Jurisdiction.** The Court retains jurisdiction to consider all further matters relating to the Motion, the Fee and Expense Motions or the Agent Settlement Agreements and the Davison Settlement Agreement, including, without limitation, entry of an Order finally approving the Agent Settlement Agreements and the Bar Orders.

**DONE** and **ORDERED** in Tampa, Florida, this 23rd day of January 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

**Exhibit A**

**(List of Receivership Entities)**

EquiAlt LLC

EquiAlt Fund, LLC

EquiAlt Fund II, LLC

EquiAlt Fund III, LLC

EA SIP, LLC

EquiAlt Qualified Opportunity Zone Fund, LP

EquiAlt QOZ Fund GP, LLC

EquiAlt Secured Income Portfolio REIT, Inc.

EquiAlt Holdings LLC

EquiAlt Property Management LLC

EquiAlt Capital Advisors, LLC

Equialt Fund I, LLC and related properties:

| ADDRESS | FOLIO |
|---|---|
| 8820 CRESTVIEW DR, UNIT A, TAMPA, FL 33604 | 098861-5374 |
| 5135 TENNIS COURT CIR, TAMPA, FL 33617 | 142878-6142 |
| 7511 PITCH PINE CIR, UNIT 128, TAMPA, FL 33617 | 038945-5256 |
| 2302 MAKI RD, UNIT 45, PLANT CITY, FL 33563 | 205010-0290 |
| 7613 PASA DOBLES CT, TAMPA, FL 33615 | 004580-7906 |

128 E. Davis Blvd, LLC

310 78th Ave, LLC

551 3d Ave S, LLC

604 West Azeele, LLC

Blue Waters TI, LLC

2101 W. Cypress, LLC

2112 W. Kennedy Blvd, LLC

BNAZ, LLC

BR Support Services, LLC

Capri Haven, LLC

EA NY, LLC

Bungalows TI, LLC

EquiAlt 519 3rd Ave S., LLC

McDonald Revocable Living Trust

5123 E. Broadway Ave, LLC

Silver Sands TI, LLC

TB Oldest House Est. 1842, LLC