UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                                            Case No.: 8:20-cv-325-MSS-MRM

BRIAN DAVISON, BARRY M.
RYBICKI, EQUIALT LLC,
EQUIALT FUND, LLC, EQUIALT
FUND II, LLC, EQUIALT FUND
III, LLC, EA SIP, LLC, 128 E.
DAVIS BLVD, LLC, 310 78TH AVE,
LLC, 551 3D AVE S, LLC, 604
WEST AZEELE, LLC, 2101 W.
CYPRESS, LLC, 2112 W.
KENNEDY BLVD, LLC, 5123 E.
BROADWAY AVE, LLC, BLUE
WATERS TI, LLC, BNAZ, LLC, BR
SUPPORT SERVICES, LLC,
BUNGALOWS TI, LLC, CAPRI
HAVEN, LLC, EA NY, LLC,
EQUIALT 519 3RD AVE S., LLC,
MCDONALD REVOCABLE
LIVING TRUST, SILVER SANDS
TI, LLC, TB OLDEST HOUSE EST.
1842, LLC, STATE OF FLORIDA
DBPR, DIVISION OF HOTELS
AND RESTAURANTS, CHARLES
FARANO and SCOTT STALLMO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's Notice of Filing and Request for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze, which the Court

construes as a motion to modify and extend the asset freeze ("Motion to Modify Asset Freeze") (Doc. 746), and Moses & Singer LLP's Notice of Charging Lien (Doc. 755). Moses & Singer LLP objects to Plaintiff's Motion to Modify Asset Freeze (Doc. 754), and Defendant Davison objects to the Notice of Charging Lien (Doc. 746). The matters are ripe for review.

For the reasons explained below, the Undersigned recommends that Plaintiff's Motion to Modify Asset Freeze (Doc. 746) be **GRANTED IN PART** and **DENIED IN PART**, and Moses & Singer LLP's Notice of Charging Lien be enforced.

## I. Background

On December 23, 2022, Plaintiff filed the Motion to Modify Asset Freeze with a proposed order, "in order to provide a release of funds to [Defendant] Davison agreed to under the settlement, and to extend all other portions of the asset freeze pending further Order of this Court." (Doc. 746 at 1). The reference to settlement pertains to the settlement between the Receiver, the Investor Plaintiffs in *Richard Gleinn and Phyllis Gleinn, et al. v. Paul Wassgren, et al.*, Case No. 8:20-cv-01677-MSS-CPT, and former lawyers, managers, and sales agents of EquiAlt LLC. (*See* Doc. 760). Defendant Davison, Plaintiff, and the Receiver agreed to the proposed order for the Motion to Modify Asset Freeze. (Doc. 746 at 1). The proposed order provides for the unfreezing and distribution of certain assets as follows:

> 1. The account held at Bank of America, Account number XXXXX8041, held in the name of The Brian D. Davison Revocable Trust, is no longer frozen. Bank of America is directed to mail a check for the proceeds of that

account made payable to Brian Davison, to Davison's counsel, Stanley T. Padgett, Padgett Law, P.A., 201 E. Kennedy Blvd., Ste. 600, Tampa, FL 33602, and close the account.

2. The accounts held at Bank of America, Account number XXXXX4008, held in the name of EquiAlt Secured Income Portfolio Limited Partnership, and Account number XXXXX4011, held in the name of EquiAlt Secured Income Portfolio, are no longer frozen. Bank of America is directed to mail a check(s) for the proceeds of these accounts to Receiver Burton Wiand's counsel, Katherine Donlon, Johnson, Cassidy, Newlon & DeCort, 3242 Henderson Blvd., Ste. 210, Tampa, FL 33609, and close the accounts.

3. The account held at Bank of America, Account number XXXXX5126, held in the name of EquiAlt Property Management, LLC, is no longer frozen. At the time the Receiver was appointed and this account was frozen, there was a zero balance. Assuming that is still the case, Bank of America is directed to close the account. If there is any balance, Bank of America is directed to mail a check(s) for the proceeds of that account to Receiver Burton Wiand's counsel, Katherine Donlon, Johnson, Cassidy, Newlon & DeCort, 3242 Henderson Blvd., Ste. 210, Tampa, FL 33609, and close the account.

(Doc. 746-1 at 2).

On December 30, 2022, Moses & Singer LLP, Defendant Davison's prior counsel, filed an objection to the otherwise unopposed Motion to Modify Asset Freeze. (Doc. 754). Moses & Singer LLP states that, while representing Defendant Davison, the two "had negotiated a settlement agreement that provided that Mr. Davison would be allowed to retain certain assets (the 'Released Funds') and other assets would be forfeited to the Receivership estate." (*Id*. at 1-2 (citing Docs. 353, 354)). Moses & Singer LLP maintains that "the assignment that was executed as

part of [the] settlement agreement" provides that "the Released Funds would be distributed to Moses & Singer LLP, rather than directly to Mr. Davison." (*Id.* at 2). Because the proposed order to the Motion to Modify Asset Freeze states that certain funds will be released to Defendant Davison's current counsel, Moses & Singer LLP objects to the Motion to Modify Asset Freeze. (*Id.*).

Contemporaneous with its objection, Moses & Singer LLP filed its Notice of Charging Lien. (Doc. 755). The Notice of Charging Lien makes the following representations. First, it states that Defendant Davison, through a written engagement agreement, "committed to promptly pay Moses& Singer LLP for fees and expenses incurred related to representing Defendant after its bills were received by Defendant." (*Id.* at 2 ¶ 1). Second, Moses & Singer LLP and Defendant Davison agreed that the fees and expenses would be paid from Defendant Davison's assets that were frozen in this action once those assets were released. (*Id.* at 2 ¶ 2). Third, Defendant Davison currently owes Moses & Singer LLP $571,208.08 plus interest. (*Id.* at 2 ¶ 5). Fourth, Moses & Singer LLP is "entitled to a charging lien against any property or funds received or receivable by Defendant Davison in this action, whether by settlement, judgment, release of restrained funds to or paid for the benefit of Defendant, or otherwise, or which were at issue in the instant action." (*Id.* at 2-3 ¶ 6). Fifth, "Moses & Singer LLP has the right to a charging lien under both Florida and New York law." (*Id.* at 2 ¶ 4).

On January 17, 2023, Defendant Davison filed his objection to the Notice of Charging Lien. (Doc. 765). His primary argument appears to be that the fees

charged by Moses & Singer LLP are unreasonable. (*Id.* at 1-2). He cites the Court's order limiting him to two lawyers being paid from receivership funds at $400.00 per hour for the most experienced counsel and $320.00 per hour for the second lawyer. (*Id.* at 3 (citing Doc. 54)). Defendant Davison contends that Moses & Singer LLP never objected to those hourly rates. (*Id.* at 3-4). Despite the Court's order, Defendant Davison argues that Moses & Singer LLP has billed at rates ranging from $335.00 to $900.00 per hour. (*Id.* at 4). Moreover, Defendant Davison asserts that he has already paid Moses & Singer LLP $291,700. (*Id.* at 5).[1] Defendant Davison also challenges whether Moses & Singer LLP's requested fees correspond with the work done or results accomplished in this action. (*Id.* at 5-7). Defendant Davison argues that, "[b]y filing a Notice of Charging Lien in this proceeding, Moses & Singer has asked the Court to adjudicate both its right to a charging lien and the appropriate amount of such lien." (*Id.* at 8).

On January 31, 2023, Moses & Singer LLP filed a response to Defendant Davison's objection. (Doc. 794). Along with that response, Moses & Singer filed the engagement letter between it and Defendant Davison ("Engagement Letter"). (Doc. 795-1). In responding to Defendant Davison, Moses & Singer LLP first argues that it "did not accept any payment from receivership funds and, as such, any restrictions that might otherwise have been applicable to Moses & Singer's representation of Mr.

---

[1] Defendant Davison is unsure whether this amount "includes the $75,000 check from the Receiver [that] Moses & Singer acknowledged receiving." (Doc. 765 at 5).

5

Davison are not relevant." (Doc. 794 at 3). This includes the $75,000 retainer, which Moses & Singler LLP contends "was received from a third-party, not receivership funds." (*Id.* at 5). Further, Moses & Singer LLP rejects Defendant Davison's attempt to adjudicate the reasonableness of the fees requested because, "[u]nder the Engagement Letter, Mr. Davison agreed to subject any disputes concerning Moses & Singer's fees to arbitration in New York, which includes any issue as to the total amount of fees owed and the hourly rates charged." (*Id.* (citing Doc. 795-1)). Indeed, the Engagement Letter provides that a "controversy, claim or dispute arising out of or relating to our engagement, our representation of clients, the services rendered, or *fees and expenses* charged . . . shall be resolved exclusively by binding arbitration in New York, New York." (Doc. 795-1 at 13 (emphasis added)).

Following a review of this initial briefing and given the arbitration provision, the Court rescheduled the evidentiary hearing set for March 10, 2023 and ordered supplemental briefing to be filed. (Doc. 821). The Court ordered Defendant Davison and Plaintiff to file supplemental briefs no later than March 9, 2023 and Moses & Singer LLP to file its supplemental brief no later than March 16, 2023. (*Id.*).

Plaintiff filed its supplemental brief first. (Doc. 848). In short, Plaintiff "takes no position on the issues surrounding the charging lien or whether it is appropriate." (*Id.* at 6). But as to the Motion to Modify Asset Freeze, Plaintiff argues that the Court should either (1) not enter an order lifting the freeze over the Bank of America account xxx8041 until the charging lien issue has been resolved or (2) enter an

appropriate order but direct that the funds be held in one of Defendant Davison's attorney's trust accounts until the charging lien issue is resolved. (*Id.*).

In his supplemental brief, Defendant Davison makes several arguments against the charging lien. (Doc. 849). He begins by asserting that Florida law governs the adjudication of the charging lien. (*Id*. at 2-3). He then argues that the Court must evaluate the reasonableness of Moses & Singer LLP's requested fees in order to rule on the charging lien. (*Id*. at 3-5). Defendant Davison also contends that Moses & Singer LLP has waived the issue of arbitration by filing the notice of charging lien in this Court. (*Id*. at 5-8). Finally, Defendant Davison maintains that sending the dispute about the fees to arbitration would interfere with the administration of the Receivership in violation of federal securities law. (*Id.* at 8-9).

Responding to both the Court's order directing supplemental briefing and Defendant Davison's supplemental brief, Moses & Singer LLP reasserts its argument that it has complied with all requirements under Florida law for a proper charging lien. (Doc. 859 at 2-4). It then asserts that any dispute over the amount of fees should be resolved at arbitration. (*Id.* at 4). Specifically, Moses & Singer LLP maintains that "the factual question of whether [it] is entitled to a charging lien over Davison's settlement proceeds . . . does not confer subject matter jurisdiction to the Court in disputes between client and attorney." (*Id.*). Moses & Singer LLP also contends that the Court, in granting its attorney charging lien, would not implicitly be determining the reasonableness of that amount. (*Id.* at 6). As to Defendant Davison's arguments on waiver of arbitration, Moses & Singer LLP disagrees that it

7

has waived any arbitration right by filing its charging lien. (*Id.* at 7-9). Finally, Moses & Singer LLP argues that a potential arbitration over fees would not disturb or interfere with the Receivership. (*Id.* at 9-10).

## II. Legal Standards

"Charging liens are a creature of Florida common law." *Gonzalez v. Am. Sec. Ins. Co.*, No. 8:15-cv-1515-T-36AAS, 2016 WL 6901368, at *1 (M.D. Fla. Nov. 1, 2016), *report and recommendation adopted*, 2016 WL 6879272 (M.D. Fla. Nov. 22, 2016) (citing *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 650, 652 (11th Cir. 1990)). "Under Florida's common law, a charging lien may be utilized to enforce the equitable right of an attorney to have fees owed for legal services secured to the attorney by the judgment or recovery in a lawsuit." *United States ex rel. Vinca v. Advanced Biohealing, Inc.*, No. No. 8:11-cv-176-JSM-AEP, 2021 WL 5819931, at *17 (M.D. Fla. Nov. 29, 2021), *report and recommendation adopted sub nom. United States v. Advanced Biohealing, Inc.*, 2022 WL 1153802 (M.D. Fla. Apr. 19, 2022). There are four requirements for a valid charging lien under Florida common law: (1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice. *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1385 (Fla. 1983).

"Nonetheless, '[i]t is not enough to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services.'" *Frank v. AGA Enterprises, LLC*, No. 17-61373-CIV, 2021 WL 1960453, at *3 (S.D. Fla. May 17, 2021), *report and recommendation adopted*, 2021 WL 4236502 (S.D. Fla. Sept. 17, 2021) (quoting *Montpellier Farm, Ltd v. Crane Environ., Inc.*, No. 07-22815-CIV, 2009 WL 722238, at *5 (S.D. Fla. Mar. 18, 2009)).

## III. Analysis

### A. Notice of Charging Lien

The Undersigned begins by evaluating whether Moses & Singer LLP satisfied the four requirements for a valid charging lien. The Undersigned finds that the first three requirements are easily satisfied. First, there is an express contract—the Engagement Letter—between Moses & Singer LLP and Defendant Davison. (Doc. 795-1). There is also the second agreement, dated November 5, 2020, ("Reaffirmation Agreement") in which Defendant Davison reaffirmed his obligation to pay the existing invoices. (Doc. 795-2). Second, the Engagement Letter contains an express understanding for payment of attorney's fees out of the released assets in this action, and the Reaffirmation Agreement reaffirms that commitment. (Docs. 795-1, 795-2). Third, Defendant Davison's objection to the reasonableness of the fees sought by Moses & Singer LLP demonstrates a dispute as to the amount of fees. (Doc. 765).

As to the fourth requirement of timeliness, the Florida Supreme Court has held that "[i]n order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action." *Daniel Mones, P.A. v. Smith*, 486 So. 2d 559, 561 (Fla. 1986) (citing *Sinclair, Louis*, 428 So. 2d at 1385). Put differently, "all that is required to entitle the attorney to perfect a charging lien 'is for the attorney to file the notice of lien or otherwise pursue the lien in the original action' prior to its termination." *Brown v. Vt. Mut'l Ins. Co.,* 614 So. 2d 574, 580 (Fla. 1st DCA 1993) (quoting *Hannah v. Elder,* 545 So. 2d 503, 504 (Fla. 4th DCA 1989)). "The close of the original proceeding may occur upon settlement, entry of final judgment or dismissal of the action." *Flynn v. Sarasota Cnty. Pub. Hosp. Bd.*, 169 F. Supp. 2d 1363, 1369 (M.D. Fla. 2001). Here, while there is the Final Judgment against Defendant Davison (Doc. 355-1), this case is not closed and is very much ongoing with the Receivership. Further, Defendant Davison has not argued that the charging lien is untimely. For these reasons, the Undersigned finds that the charging lien was timely filed.

Both Defendant Davison and Moses & Singer LLP argue that Florida law governs the charging lien, and for the reasons described above, the Undersigned finds that the charging lien has satisfied the four requirements under Florida law. Defendant Davison argues, however, that the Court cannot recognize the validity of the charging lien without inquiring into the reasonableness of the fees at issue. (Doc. 849 at 3-5). The Undersigned is not persuaded. "Unlike a fee award to a third-party resulting from a fee-shifting contract or statutory provision, a charging lien is a

matter of contract such that an attorney is not required to establish the reasonableness of the fee requested." *Grunow v. Nova Cas. Co.*, No. 4:10-cv-10041-KMM, 2021 WL 4976531, at *11 (S.D. Fla. Aug. 13, 2021) (citing *Rodriguez v. Altomare*, 261 So. 3d 590, 592 (Fla. 4th DCA 2018), *report and recommendation adopted sub nom. Willis v. Nova Cas. Co.*, 2021 WL 4451368 (S.D. Fla. Sept. 29, 2021), *aff'd*, No. 21-13778, 2023 WL 334567 (11th Cir. Jan. 20, 2023). In short, "[a] charging lien is contractual in nature and is to be based upon the amount agreed with the client, not an amount to be determined by the trial court." *Gossett & Gossett, P.A. v. Mervolion*, 941 So. 2d 1207, 1209 (Fla. 4th DCA 2006).

In the Reaffirmation Agreement, Defendant Davison agreed that he had an unpaid balance of $746,208.08 (from a total of $862,908.08) to Moses & Singer LLP. (Doc. 795-2). Neither Moses & Singer LLP nor Defendant Davison dispute that Defendant Davison has already paid $291,700 to Moses & Singer LLP. (*See* Doc. 765 at 5). Deducting the already paid $291,700 from the total fees of $862,908.08 results in a remaining balance of $571,208.08, the amount of the charging lien requested by Moses & Singer LLP. (Doc. 755 at 2). Because that amount is the remaining fees to be paid under the Engagement Letter and Reaffirmation Agreement, it is not the duty of this Court to step in and determine an alternate amount. *See Grunow*, 2021 WL 4976531, at *11; *Gossett*, 941 So. 2d at 1209.[2]

---

[2] The only evidence to be presented at the evidentiary hearing set by the Court is on the reasonableness of the fees. (*See* Doc. 806-1 (Defendant Davison's witness list naming Mahlon H. "Tripp" Barlow as his only witness for the purpose of "act[ing] as an attorney's fees expert [who] will testify that the fees charged by Moses & Singer

11

Even if the Court should review the reasonableness of the fees, the Undersigned cannot see how any objection by Defendant Davison would be timely. The Engagement Letter provides that if Defendant Davison does not object to a bill "within 30 days after receipt, the bill will be deemed to have been accepted by [Defendant Davison] and constitute an account stated not subject to later objection." (Doc. 795-1 at 2). The Eleventh Circuit recently held that a district court did not err in refusing to consider the reasonableness of fees for a charging lien with similar language in the relevant contract. *Willis*, 2023 WL 334567, at *3. In that case, the district court refused to entertain arguments about the reasonableness of the fees based on the parties' fee agreement but also held that the party objecting to the charging lien had waived any objections to the reasonableness of the fees in any event "by failing to object to the firm's monthly invoices." *Id.* at *1. The Eleventh Circuit affirmed, holding that "[w]here a fee agreement specifies that the client must object to hours billed, the client may not later assert 'after-the-fact objections to the expenditure of time that might have been avoided if seasonably raised.'" *Id.* at *3

---

far exceed a reasonable fee and will quantify a reasonable fee.")). But "[e]videntiary hearings are not required for every fee dispute." *Willis*, 2021 WL 4451368, at *12. Here, there is no dispute about the Engagement Letter, the Reaffirmation Agreement, or the fact that Defendant Davison has already paid $291,700. There is, therefore, no material dispute of fact as to any of the requirements needed for a valid charging lien under Florida law. *See id.* (noting that an evidentiary hearing on an issue was unnecessary because there was "no issue of fact or aspect of the record that was not clear"). Accordingly, an evidentiary hearing only on the issue of the reasonableness of the fees would not be an efficient use of judicial resources. In light of the findings in this Report and Recommendation, the Undersigned will, by separate order, cancel the evidentiary hearing.

(quoting *Franklin & Marbin, P.A. v. Mascola*, 711 So. 2d 46, 52 (Fla. 4th DCA 1998)). Because there is no evidence that Defendant Davison availed himself of his contractual right to object to Moses & Singer LLP's billing, this Court, if it were to undertake a review for reasonableness, should find that he has waived any such objections now.[3]

Most importantly, to the extent Defendant Davison wishes to challenge the reasonableness of the fees or the amount remaining to be paid generally, he contractually agreed to arbitrate such disputes in New York. (Doc. 795-1 at 4-5). A dispute over fees "alone . . . does not give this Court subject matter jurisdiction to adjudicate fee disputes between counsel and clients outside of the equitable ancillary jurisdiction that arises from a properly enforced charging lien." *Pandisc Music Corp. v. 321 Music, L.L.C.*, No. 09-20505-CIV, 2010 WL 1531479, at *1 n.1 (S.D. Fla. Apr. 16, 2010). Defendant Davison's arguments that Moses & Singer LLP has waived the arbitration provision are unavailing.

First, the issue of waiver is not properly before this Court. Moses & Singer LLP has not moved to compel arbitration, so the issue of waiver is likely premature.

---

[3] Defendant Davison appears to argue that this Court should review the reasonableness of the fees because the attorneys of Moses & Singer LLP agreed to be bound by this Court's Local Rules and thus the Rules Regulating the Florida Bar, which provide, in relevant part, that "a lawyer must not enter into an agreement for, charge, or collect an illegal, prohibited, or clearly excessive fee." (Doc. 849 at 2 (quoting Rule 4-1.5 of the Rules Regulating the Florida Bar)). But the Eleventh Circuit has rejected that argument based on the waiver of objecting to any of the firm's bills. *Willis*, 2023 WL 334567, at *2-3.

13

Second, even if the Court were to decide the waiver issue, Defendant Davison's citations to case law demonstrate only that waiver occurs when a party chooses to *litigate* instead. See *Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 22-12575, 2023 WL 1818920, at *2 (11th Cir. Feb. 8, 2023) (finding waiver when the party filed suit in state court and attempted to remand a separate, related federal lawsuit to state court all before seeking to compel arbitration); *Amargos v. Verified Nutrition, LLC*, No. 22-cv-22111, 2023 WL 1331261, at *5-6 (S.D. Fla. Jan. 31, 2023) (finding no waiver of arbitration even when the defendant waited two months to file a motion to compel and after filing an answer, participating in a scheduling conference, submitting a proposed scheduling report, and selecting a mediator); *Soriano v. Experian Info. Solutions, Inc.*, No. 2:22-cv-197-SPC-KCD, 2022 WL 17551786, at *2-3 (M.D. Fla. Dec. 9, 2022) (finding waiver when the defendant waited four months to move to compel arbitration and after filing an answer and an amended answer, exchanging discovery, participating in mediation, submitting a case management report, and attending a pretrial conference); *Gaudreau v. My Pillow, Inc.*, No. 6:21-cv-1899-CEM-DAB, 2022 WL 3098950, at *8 (M.D. Fla. July 1, 2022), *report and recommendation* (recommending a finding of waiver when the defendant chose to remove the case to federal court, answered two complaints without mentioning its right to arbitrate, and otherwise participated in the litigation for eight months without asserting an arbitration right).[4] Defendant Davison provides no legal authority for the notion that

---

[4] Defendant Davison raises the issue of what standard this Court must apply to decide waiver considering the Supreme Court's ruling in *Morgan v. Sundance, Inc.*,

14

filing a notice of charging lien is akin to filing a lawsuit or otherwise engaging in the litigation process such that it waives the contractual right to arbitrate.

Similarly, the Undersigned is unpersuaded by Defendant Davison's argument that the charging lien and a potential arbitration over the fees would disrupt the Receivership. As relevant here, 15 U.S.C. § 78u(g)[5] provides that "no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission." Some jurists in this District have held that this "statute bars a third party from intervening in a Commission enforcement action absent the Commission's consent." *SEC v. Freedom Environ. Servs., Inc.*, No. 6:12-cv-1415-Orl-28DAB, 2013 WL 12155837, at *2 (M.D. Fla. Feb. 1, 2013) (citing *SEC v. Nadel*, No. 8:09-cv-87-T-26TBM, 2009 WL 3126266, at *1 (M.D. Fla. Sept. 24, 2009)). But Moses & Singer

---

142 S. Ct. 1708 (2022). *See Gaudreau*, 2022 WL 17416653, at *6 (finding that "*Morgan* abrogated much—perhaps most—of the Eleventh Circuit's precedent on waiver of arbitration agreements"). As Defendant Davison notes, however, this Court is bound to apply *Warrington* as a decision from the Eleventh Circuit that is post-*Morgan*. (Doc. 849 at 7-18 (citing *Warrington*, 2023 WL 1818920, at *2)). That decision mandates district courts to look to the totality of the circumstances on whether a party has "substantially invoked the litigation machinery prior to demanding arbitration." *Warrington*, 2023 WL 1818920, at *2. As the Undersigned mentioned above, however, the issue of waiver is likely premature, so a decision on what standard to apply would also be premature. But even if the Court were to rule on the potential waiver of arbitration, the Undersigned finds that, as Defendant Davison acknowledges, *Warrington* would apply. Applying that standard, the Undersigned does not find waiver in this case because the filing of a notice of charging lien does not substantially invoke the litigation machinery.

[5] Defendant Davison inadvertently cited this provision as 15 U.S.C. § 77u(g). (Doc. 849 at 8-9).

LLP is not seeking to intervene or otherwise make itself a party to this action. Even with a dispute over the fees, an arbitration that takes place in New York should have no bearing on the Receiver or the administration of the Receivership Estate. For these reasons, the Undersigned finds that the filing of a notice of charging lien would not "undermine the efficient administration of this receivership and divert resources and the Receiver's efforts from activities intended to benefit the entire Receivership Estate." *Nadel*, 2009 WL 3126266, at *1 (quotation marks omitted).

In sum, the Undersigned finds that Moses & Singer LLP has satisfied the requirements for a charging lien under Florida law. Thus, the Undersigned recommends that the charging lien be enforced.[6]

### B. Motion to Modify Asset Freeze

Having found that the charging lien should be enforced, the Undersigned now turns to the Motion to Modify Asset Freeze. (Doc. 746). As mentioned earlier, the proposed order to the motion requests for the unfreezing of four assets, all of which are bank accounts. The release of three of them (Bank of America accounts

---

[6] No party raises the issue of whether Moses & Singer LLP is entitled to interest on its charging lien, despite the Notice of Charging Lien requesting interest. Prejudgment interest "is allowed only on liquidated claims." *Cioffe v. Morris*, 676 F.2d 539, 543 (11th Cir. 1982) (citing *Town of Longboat Key v. Carl E. Widell & Son*, 362 So. 2d 719 (Fla. 2d DCA 1978)). "A claim is liquidated when it involves a sum certain, notwithstanding any bona fide dispute as to the amount owed." *Grunow*, 2021 WL 4976531, at *15 n.5. The Undersigned finds that the charging lien amount is liquidated because it involves the amount of certain fees due under the Engagement Letter and Reaffirmation Agreement. *See id*. Thus, the Undersigned finds that Moses & Singer LLP is entitled to interest as of the Final Judgment, the result of Moses & Singer LLP's efforts to settle the matter. *See id*. (collecting cases).

xxx4008, xxx4011, and xxx5126) is unopposed by all parties. Therefore, the Undersigned recommends that the motion be granted in part as to those three.

The parties requested that the proceeds of the remaining asset, Bank of America account xxx8041, be made payable to Defendant Davison and his current counsel. (Doc. 746-1 at 2). Because the Undersigned recommends finding the charging lien enforceable, it would be inappropriate to release the funds to Defendant Davison. Thus, the Undersigned recommends denying the motion in part as to that asset. Given the apparent dispute as to the fees, the Undersigned also recommends that denial should be without prejudice so Defendant Davison and Moses & Singer LLP, if desired and after conferral, may renew the request to unfreeze this asset, directing that the proceeds be made payable to an agreeable person or entity in light of the charging lien and potential for future arbitration.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** the following:

1. Moses & Singer LLP's Notice of Charging Lien (Doc. 755) be **ENFORCED**, such that Moses & Singer LLP is entitled to $571,208.08 plus interest;

2. The Notice of Filing and Request for Entry of Proposed Agreed Order Extending and Modifying Asset Freeze (Doc. 746) be **GRANTED IN PART** and **DENIED IN PART**:

a. The motion should be granted in part as follows:

    i. The accounts held at Bank of America, Account number XXXXX4008, held in the name of EquiAlt Secured Income Portfolio Limited Partnership, and Account number XXXXX4011, held in the name of EquiAlt Secured Income Portfolio, are no longer frozen. Bank of America is directed to mail a check(s) for the proceeds of these accounts to Receiver Burton Wiand's counsel, Katherine Donlon, Johnson, Cassidy, Newlon & DeCort, 3242 Henderson Blvd., Ste. 210, Tampa, FL 33609, and close the accounts; and

    ii. The account held at Bank of America, Account number XXXXX5126, held in the name of EquiAlt Property Management, LLC, is no longer frozen. At the time the Receiver was appointed and this account was frozen, there was a zero balance. Assuming that is still the case, Bank of America is directed to close the account. If there is any balance, Bank of America is directed to mail a check(s) for the proceeds of that account to Receiver Burton Wiand's counsel, Katherine Donlon, Johnson, Cassidy, Newlon & DeCort, 3242 Henderson Blvd., Ste. 210, Tampa, FL 33609, and close the account.

b. The motion should be denied in part without prejudice as to the Bank of America, Account number XXXXX8041, held in the name of The Brian D. Davison Revocable Trust.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on March 21, 2023.

_____
Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the date the party is served a copy of the objection. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties