# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.                                            CASE NO. 8:20-CV-325-T-35-MRM

BRIAN DAVISON,
BARRY M. RYBICKI,
EQUIALT LLC,
EQUIALT FUND, LLC,
EQUIALT FUND II, LLC,
EQUIALT FUND III, LLC,
EA SIP, LLC,

     Defendants, and

128 E. DAVIS BLVD, LLC,
et al.,

     Relief Defendants.

_____/

## THE RECEIVER'S THIRTEENTH QUARTERLY STATUS REPORT

Receivership Information and Activity from

January 1, 2023 through March 31, 2023

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................... 1

OVERVIEW OF SIGNIFICANT ACTIVITIES DURING THIS
REPORTING PERIOD ............................................................................ 1

ACTIONS TAKEN BY THE RECEIVER ................................................. 3

I.        FINANCIAL STATUS OF THE RECEIVERSHIP ESTATE ...... 3

   A.  Fund Accounting ................................................................... 3

   B.  Bank Accounts ...................................................................... 4

      1. Receivership Money Market Account ................................. 4
      2. Accounts at ServisFirst ...................................................... 4
      3. Accounts at Bank of America, N.A. .................................... 5
      4. Investments and Investment Accounts ............................... 6
      5. Cash Management Activities ............................................... 7

II.       DISPOSITION OF RECEIVERSHIP REAL PROPERTY ......... 7

   A.  Receiver's Auctions of Real Property ................................... 7

   B.  Private Sales of Real Property .............................................. 8

   C.  Efforts to Sell and Develop EquiAlt Properties .................... 8

   D.  Rybicki Real Estate .............................................................. 9

III.     DISPOSITION OF PERSONAL PROPERTY ........................... 10

   A.  Davison Watches, Jewelry, and Coins ................................ 10

   B.  Rybicki Personal Items ....................................................... 11

   C.  Miscellaneous Items ........................................................... 12

IV.     OPERATING BUSINESSES ................................................... 12

V.      PENDING AND CONTEMPLATED LITIGATION ................... 14

   A.  Pending Litigation .............................................................. 14

      1. Clawback Litigation .......................................................... 14

         a. *Wiand v. Adamek, et al.*, Case No. 8:21-cv-360-TPB-CPT,
           Investor Clawback Action ............................................ 14

b. *Wiand v. Family Tree Estate Planning*, Case No. 8:21-cv-361-SDM-AAS, Sales Agent Clawback Action ................. 15

2. Class Action and Receiver's Action Against Law Firm Defendants ........................................................................ 16

VI.    CLAIMS PROCESS........................................................... 17

VII.   THE NEXT NINETY DAYS............................................. 18

## <u>INTRODUCTION</u>

Burton W. Wiand, the Court-appointed receiver over the assets of the above-captioned corporate defendants and relief defendants (the "**Receiver**" and the "**Receivership**" or "**Receivership Estate**"), files this Thirteenth Quarterly Status Report to inform the Court, investors, creditors, and others interested in this Receivership of activities this quarter as well as the Receiver's proposed course of action.  For a complete report of the Receiver's activities to date, the Receiver refers the reader to his previous reports. [Docs. 84, 179, 217, 265, 319, 352, 441, 490, 563, 606, 706, 793] These reports can also be found on the Receiver's informational website, EquiAltreceivership.com. The Receiver will continue to update the website regarding the Receiver's most significant actions, important Court filings, and other items that might be of interest to the public.  This Thirteenth Quarterly Status Report, as well as all subsequent reports, will be posted on the Receiver's website.

## <u>OVERVIEW OF SIGNIFICANT ACTIVITIES DURING THIS REPORTING PERIOD</u>

During the time covered by this Thirteenth Quarterly Status Report, the Receiver and his professionals engaged in the following significant activities:

- Closed on 21 properties sold through the Receiver's court-approved online auctions for net proceeds of $3,649,063.43;

- Closed on one Rybicki property resulting in net proceeds of $263,201.63;

1

- Closed on two private sales of receivership property receiving net proceeds of $748,874.55;

- Conducted Seventh Online Property Auction and continued preparations for additional periodic online auctions as approved by the Court (Doc. 732);

- Received proceeds from December auctions for personal items (watches and jewelry) of Davison and Rybicki;

- Conducted mediations with remaining defendants in investor clawback case;

- Filed motions for summary judgment and default judgment in investor clawback case;

- Received $101,425.74 in proceeds from clawback settlements with investors;

- In sales agent clawback case, Court granted motion for summary judgment against remaining defendants Robert Armijo, Joseph Financial Inc., John Marques, Lifeline Innovations & Insurance Solutions, LLC, Patrick Runninger and The Financial Group;

- Received $9,000.00 in proceeds from clawback settlements with sales agents;

- Receivership Court preliminarily approved the Receiver's settlements with 26 sales agents and entities. This approval is subject to final approval on May 3rd, but no objections to the settlements were received by the Court's imposed deadline.

- Revised and refiled motion regarding Brian Davison's failure to turn over platinum coins pursuant to the terms of the Court's Final Judgment;

- Filed Motion for Claims Determination presenting the Receiver's recommendations on all claims received;

- Prepared individualized communications to investors to send after Court's ruling on claims determination motion;

- Court preliminarily approved Receiver's settlement of claims against Paul Wassgren, Fox Rothschild and DLA Piper. Final approval subject to hearing on May 3, 2023;

- Continued working with partners on the operations of Commerce Brewing and related entities to complete the construction of the tasting room and continue to increase production and sales.

The above activities are discussed in more detail in the pertinent sections of this Thirteenth Quarterly Status Report.

## ACTIONS TAKEN BY THE RECEIVER

Since his appointment, the Receiver has taken steps to fulfill his mandates under the Order Appointing Receiver. These continuing efforts are reported in the previous Quarterly Status Reports. This section describes actions taken in this Quarter.

### I.    Financial Status of the Receivership Estate

### A.    Fund Accounting

Attached as Exhibit 1 is a cash accounting report showing the amount of money on hand from January 1, 2023, less operating expenses plus revenue, through March 31, 2023. This cash accounting report does not reflect non-cash or cash-equivalent assets. Thus, the value of all property discussed below is not included in the accounting report. From January 1, 2023 through March 31, 2023, the Receiver collected $98,909.59 in business income, $4,671,093.64 in business asset liquidation, $499,427.75 in personal asset liquidation, with

$78,841.30 in business asset expenses. The ending fund balance is $83,459,427.48.

### B.   Bank Accounts

#### 1.   Receivership Money Market Account

Monies collected and deposited in the Receiver's ServisFirst money market account are as follows:

- Ongoing receipt of settlement payments for investor clawback settlements: $101,425.74;

- Ongoing receipt of settlement payments for claims against Sales Agents: $9,000.00;

- Net proceeds from the sale of twenty-one properties through online auctions (details listed in Exhibit 2): $3,649,063.43

- Net proceeds from the sale of the following properties:

| Property | Net Proceeds |
|---|---|
| Caribbean Isles | $294,169.12 |
| 2808 Cason Lane (Tennessee) | $454,705.43 |
| 3527 W. Lawrence Lane (Arizona) | $263,201.63 |
| *Total* | **$1,012,076.18** |

#### 2.   Accounts at ServisFirst

Since the Court approved the pooling of assets and liabilities, the Receiver and his team have worked to consolidate and close certain of the bank accounts held by the Receiver at ServisFirst. The Receiver continues to hold the following bank accounts at ServisFirst on behalf of the Receivership

Entities. The total balance for these accounts as of March 31, 2023 is
$13,439,914.54.

| Account No. | Account Title | 3/31/23 Balance |
|---|---|---|
| XXXXXXXX7593 | EquiAlt, LLC | $47,148.70 |
| XXXXXXXX6850 | Receivership Account | $13,226,664.58 |
| XXXXXXXX1975 | EquiAlt Property Management | $166,091.26 |
| Total | | $13,439,914.54 |

### 3.    Accounts at Bank of America, N.A.

There are only four accounts still held at Bank of America.   The
disposition of these accounts is referenced in the settlement with Brian
Davison. Despite Mr. Davison's failure to turnover all the assets required by
the Court's Final Judgment, the SEC, the Receiver and Mr. Davison have filed
a joint motion to close these accounts and transfer the balances per the
Assignment between the Receiver and Mr. Davison. (Doc. 746) Thereafter, Mr.
Davison's counsel at Moses & Singer filed a motion for a charging lien. (Doc.
755) The Magistrate has issued a Report and Recommendation that
recommends granting the motion related to the accounts in part, closing the
three EquiAlt accounts listed below and sending the proceeds to the Receiver.
(Doc. 860) The Report and Recommendation further suggests that the charging

lien be enforced, finding that Moses & Singer is entitled to $571,208.08 but denying the lifting of the freeze on the Davison Revocable Trust account.

| Account No. | Account Title | Original Frozen Balance |
|---|---|---|
| XXXXXXXX8041 | The Brian D. Davison Revocable Trust | $322,480.86 |
| XXXXXXXX4008 | EquiAlt Secured Income Portfolio Limited Partnership | $380.20 |
| XXXXXXXX5126 | EquiAlt Property Management, LLC | $0.00 |
| XXXXXXXX4011 | EquiAlt Secured Income Portfolio | $380.20 |

### 4.   Investments and Investment Accounts

On July 27, the Receiver received the liquidated proceeds from one of the holdings in Rybicki's Coinbase account ($8,057.67). There is one remaining position, XRP, which has to be transferred to another cryptocurrency dealer before it can be liquidated.

The Davisons' Merrill Lynch account is still frozen given the dispute between the Receiver and Brian Davison regarding his deficient turnover. The value of the accounts as of March 31, 2022 was $1,820,720.62. Under the terms of the Assignment related to the Davison settlement, Davison is to receive $500,000 from this account.

### 5.     Cash Management Activities

As reported in the Receiver's prior Quarterly Reports, to increase the yield on the Receivership funds held prior to the end of the claims process, through this quarter, the Receiver has transferred $70,000,000 to Charles Schwab & Co. These funds are invested in Treasury securities of short duration.  This has substantially enhanced the yield on these funds pending receipt of authorization to begin distributions to investors and creditors. The Receiver will continue to invest cash in these Treasury securities pending distributions if appropriate given their security and yield.  The value of this account at the end of March was $71,512,083.62.

## II.     <u>Disposition of Receivership Real Property</u>

### A.     Receiver's Auctions of Real Property

The Receiver's seventh online auction was held from February 6-16, 2023. Of the fourteen properties in this auction, sixteen met reserve. The Court approved the transfer of title for those properties on September 14, 2022 (Doc. 640). Five closings from this auction closed during this quarter resulting in net proceeds of $986,664.97. Closings on the remaining properties are continuing.[1]

---

[1] Thus far in April, four properties have closed with net proceeds of $891,736.16.

Additionally, this quarter, the Receiver closed on four properties from the fourth auction, one property from the fifth auction and eleven properties from the sixth auction for net proceeds of $2,662,398.46.

## B.    Private Sales of Real Property

During this quarter, the Court approved the sale of the following properties:

| Property | Net Proceeds |
|---|---|
| 2808 Cason Lane (Doc. 771) | $454,705.43 |
| 12100 Seminole Blvd. (Doc. 699)[2] | $294,169.12 |
| 3527 W. Lawrence Lane | $263,201.63 |
| *Total* | **$1,012,076.18** |

## C.    Efforts to Sell and Develop EquiAlt Properties

In addition to continuing the successful auction of the Receivership properties, the Receiver continues to actively market five single family homes in Murfreesboro and Franklin, Tennessee.  Also, as leases expire, the Receiver continues to refresh and rehabilitate properties for sale in Florida.

The Receiver continues his efforts with the City of Treasure Island to obtain approval of boat slips and the required permitting to convert two multi-family Treasure Island properties into condominiums. The Receiver has begun efforts to evaluate conversion of these properties to condominiums.  Barring

---

[2] Sale approved last quarter but proceeds received this quarter.

regulatory hurdles with the City of Madeira Beach, the Receiver intends to go forward with the conversion as the sale of condominium units as opposed to selling the buildings as rental apartments will provide a significant increase in return to the Receivership.

Finally, as noted in earlier Status Reports, the Receiver negotiated a structured sale of commercial land (ten lots) in downtown St. Petersburg on Third Avenue South for a gross price of $20,250,000. The Court approved that transaction in March. (Doc. 836) The closing of that transaction occurred April 14, 2023 and resulted in net proceeds of $20,035,344.17.

### D.    Rybicki Real Estate

Pursuant to Mr. Rybicki's settlement with the SEC and his Assignment with Receiver, Rybicki turned over three Arizona properties to the Receiver. The Court approved the sale of the Lawrence Lane property in mid-January 2023 for a sale price of $275,000. That property closed on January 23, 2023, resulting in net proceeds of $263,201.63. The remaining property, located on Solano Drive, is still listed. As previously reported, the Receiver owns the house owned by Barry Rybicki's son, Ryan, at 7407 E. Taylor St., Scottsdale, AZ 85257. This property is also still listed.

## III.   Disposition of Personal Property

### A.   Davison Watches, Jewelry, and Coins

Pursuant to the Court's approval of the Receiver's choice of Sotheby's as his auction house for the sale of Mr. Davison's watches and jewelry (Doc. 419), Sotheby's recommended certain watches for sale in four different locales – Hong Kong (October 2021), Las Vegas (October 2021), Geneva (November 2021), and New York (December 2021). The remaining watches (with one exception) were auctioned at Sotheby's Important Watches auction in New York on June 15, 2022.  Buyers for four of the watches sold at that auction backed out of the purchases. Those items plus one additional watch and were re-auctioned during Sotheby's auction in December. Proceeds of $180,991 were received this quarter for three of those items. Buyers on two of the items fell through. One of those watches was sold through Sotheby's at auction in Hong Kong in early April for HKD $2,289,500 (approximately $291,700). The final Davison Rolex will be sold in June.

As previously reported, Mr. Davison's turnover of personal property, specifically coins, was deficient, in that he agreed to turn over 480 platinum American Eagle coins but instead produced 480 silver American Eagle coins, a difference in value of over $450,000. He has refused to deliver platinum coins or their value or provide any explanation for his delivery of silver rather than platinum coins as he agreed. Additionally, he only turned over 58 of the

American Eagle gold coins rather than 61 coins referenced in his Assignment. In response to the Receiver's motion to find Davison on contempt, Davison filed a motion to alter or amend the Final Judgment. The Magistrate denied both motions without prejudice to re-file and directed the parties to conduct discovery and meaningfully confer on the issues. If the parties were unable to resolve their issues, the Magistrate allowed the parties to re-file their motions. After various discussions, the parties failed to reach a resolution on this issue. Both sides have renewed their motions with the Court and they are still pending. (Docs. 767, 768)

B.  **Rybicki Personal Items**

As part of his Assignment of assets with the Receiver, Rybicki turned over to the Receiver watches (ten Rolexes), jewelry, coins, sports memorabilia and a large table. The Receiver successfully auctioned eight of the ten Rolex watches through Sotheby's in December and proceeds of $254,857.50 were received this quarter. The remaining two watches will be carried over to the June 2023 auction. The Receiver also received the following proceeds for the sale of Rybicki's jewelry items: Sotheby's ($31,310) and Hindman ($30,576.75).

The coins turned over by Rybicki were being transported by Federal Express to the Receiver but there was an issue with the delivery. During this quarter, Federal Express located and delivered the coins. It is anticipated that once the Davison coin issues are resolved, the Receiver will seek a single

11

purchaser for all the coins. The Receiver continues to assess options for selling the sports memorabilia turned over by Mr. Rybicki.

### C.    Miscellaneous Items

The Receiver is in possession of various miscellaneous items from the EquiAlt office space as well as the Cypress warehouse. Team members have been cataloguing these items to prepare them for sale to benefit the Receivership Estate. The Receiver has hired an administrative consultant to assist with the sales of this property.  Additionally, the Receiver's counsel is working with a third-party broker to obtain quotes for the sale of the domains turned over as part of the Davison Assignment. The Receiver recently filed a motion to approve the sale of assets not exceeding a threshold amount which should encompass both the warehouse items and the domains which was granted in late April.

## IV.    <u>Operating Businesses</u>

As noted in earlier Status Reports, the Receiver has transferred the property management activities of EquiAlt and the employees involved to an entity in which Tony Kelly has a minority interest. This has simplified the management of the Receivership and has reduced expenses. PDR-CPAs, the accountants for the Receiver, continue to work closely with the Receiver and Mr. Kelly regarding tax services and oversight of the financial recording of the Receivership real estate operations.

At the end of March 2023, the Receivership had almost $85 million of cash on hand. These funds are sufficient for current operations including taxes, repairs, necessary renovations, personnel expenses, insurance and general maintenance.  Currently, the Receivership Entities are in the aggregate cash flow positive with the rental income of the properties covering EquiAlt's operational costs.   As property sales progress, it should be anticipated that expenses in the future will exceed revenues.

In addition to the real property operations of the Receivership Entities, the Receiver continues to manage the Receivership's interests in Commerce Brewing and another brewery Bolero Snort LLC. Commerce continues to make strides toward completing its production facilities and a tasting room. The brewery is in production and sales are increasing. In order to advance the completion of the tasting room in an effort to generate revenue, the Receiver has proposed to renegotiate its lease with Commerce Brewing.  The amended lease as proposed will increase the rents of the Brewery and the Receiver will advance additional build out funds to complete the Brewery's facilities.  This transaction in the Receiver's opinion will advance the operations of Commerce Brewing and allow from more rapidly increasing cash flow from its operations and enhance the value of the Receivership's interest in the Commerce Brewery. All previous financial commitments of the Receiver to Commerce Brewing have been met. The company is now paying rent on a reduced basis.

13

The Bolero Snort brewery pays substantial rent to the Receivership for the premises that house the brewery. In addition to the real property used by the brewery, the Receivership owns a 5% equity interest in the brewery itself. Recently a potential purchaser for the property submitted a proposal for the sale which is being considered by the Receiver.

The Receiver has determined to hold these properties for the time being while significant attention is placed on liquidation of the non-business real estate assets. It is the Receiver's belief that the brewery interests owned by the Receivership continue to become more valuable. More information regarding these businesses is included in earlier status reports.

## V.   <u>Pending and Contemplated Litigation</u>

### A.   **Pending Litigation**

#### 1.   **Clawback Litigation**

##### a.   ***Wiand v. Adamek, et al.*, Case No. 8:21-cv-360-TPB-CPT, Investor Clawback Action**

This case is ongoing with a trial date in September 2023.[3]    In anticipation of the upcoming trial, and in accordance with the Court's case management order, the Receiver filed his motion for summary judgment in early January. (Doc. 416) He also file a motion for default judgment against

---

[3] The Court recently continued the June trial date to September. (Doc. 450)

those 49 defendants who failed to respond to or otherwise defend against the claims asserted by the Receiver. (Doc. 433)

This past quarter, the Receivership received continuing settlement payments in the amount of $101,425.74. This quarter, the Court approved the Receiver's settlement with five defendant investors. (Docs. 774, 802 and 805) Pending for the Court's approval are settlements with eleven other defendants. (Docs. 823, 850, 864 and 868) These settlements have come about from two efforts on the part of the Receiver. First, the Receiver participated in mediations with those defendants remaining in the case. Six of those defendants agreed to settlements. Second, the Receiver communicated with the defaulting defendants, enclosing a copy of the motion for default judgment, providing them one last chance to resolve the Receiver's claims. Nine claims have settled as a result of this effort.

   b. ***Wiand v. Family Tree Estate Planning*, Case No. 8:21-cv-361-SDM-AAS, Sales Agent Clawback Action**

As reported in the Receiver's last Status Report, the Court preliminarily approved the Receiver's settlements with 26 defendants in this case subject to notice and a final hearing scheduled for May 3, 2023. The Receiver's motion for summary judgment against the remaining defendants - Robert Armijo and Joseph Financial, John Marques and Lifeline Innovations & Insurance Solutions, and Patrick Runninger and The Financial Group – was granted on

March 23, 2023. At the Court's request, the Receiver submitted proposed Final Judgments on underlying claims plus prejudgment interest – Armijo ($1,918,724.84), Marques ($1,036,575.21) and Runninger ($334,392.62). This does not include plus the requested prejudgment interest All of these claims will present collection problems.

### 2. Class Action and Receiver's Action Against Law Firm Defendants

On January 5, 2023, the Receiver and the Class Action Investors (the *Gleinn* case)(collectively "Law Firm Plaintiffs") filed with the Receivership Court a motion to approve their settlement with former EquiAlt attorney Paul Wassgren and his former law firms, DLA Piper, and Fox Rothschild (collectively "the Law Firms"). (Doc. 760) The settlement required the Law Firm Plaintiffs to obtain releases from the EquiAlt principals and various sales agents who sold EquiAlt securities as well as to seek a bar order from the Court to bar any other potential claims against the Law Firms. In obtaining the required releases several of the sales agents and Mr. Davison also sought bar orders. The total amount of the proposed settlement is $44 million. This amount is subject to a request for attorney's fees and costs, but the settlement could net approximately $34 million to the Receivership Estate if approved.

The Court preliminarily approved the motion and set a hearing for May 3, 2023. Notice of the proposed settlements and various bar orders has been

provided to all those with an interest in the case. Any objections to the relief sought in the motion were due by April 3, 2023. The only party to object was former sales agent Robert Armijo.

The Magistrate issued a Report and Recommendation recommending that should the Court approve the Lawyer Settlement, then the attorney's fees requested by the attorneys representing EquiAlt investors should be granted. (Doc. 835)

## VI.   <u>Claims Process.</u>

On January 20, 2023, the Receiver filed his Motion to Approve Claim Determination and Priority of Claims, Approve Plan of Distribution and Establish Objection Procedure. (Doc. 781) This pending motion requests the Court's approval of the Receiver's recommendations as to the determination of claims.  The Receiver cannot proceed with any distribution of funds until an order is entered. Once the Court rules on this motion, the Receiver will be sending out letters to each Claimant notifying them of the court-approved determination of their claim as well as information regarding how to dispute or object to the determination. Upon the expiration of the period of time for objections and the resolution thereof, the Receiver will promptly file a motion with the Court for authorization to make an initial distribution to claimants. The amount of the initial distribution, if approved, will likely be $70,000,000.

17

## VII.  **<u>The Next Ninety Days.</u>**

The Order Appointing Receiver requires each Quarterly Status Report to contain "[t]he Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations." Doc. 11 ¶ 29.G.  At this stage, the Receiver recommends continuation of the Receivership for the (1) continued liquidation of properties as they are available and suitable for sale; (2) continued management of Receivership business assets including certain breweries; (3) continued litigation of investor clawback action; and (4) starting the distribution of funds to defrauded investors.

Respectfully submitted,

**<u>/s/ Burton W. Wiand</u>**
Burton W. Wiand, Receiver

18

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on May 1, 2023, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system.

<u>**/s/ Katherine C. Donlon**</u>
Katherine C. Donlon, FBN 0066941
kdonlon@jclaw.com
JOHNSON, NEWLON & DeCORT P.A.
3242 Henderson Blvd., Ste 210
Tampa, FL 33609
Tel: (813) 291-3300
Fax: (813) 324-4629

and

Jared J. Perez, FBN 0085192
jared.perez@jaredperezlaw.com
JARED J. PEREZ, P.A.
301 Druid Rd. W
Clearwater, FL  33759
Tel: (727) 641-6562

and

R. Max McKinley, FBN 119556
mmckinley@guerraking.com
GUERRA KING P.A.
1408 N. Westshore Blvd., Ste 1010
Tampa, FL 33607
Tel: (813) 347-5100
Fax: (813) 347-5198
Attorneys for Receiver Burton W. Wiand