UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                            Case No. 8:20-cv-00325-MSS-MRM

BRIAN DAVISON;
BARRY M. RYBICKI;
EQUIALT LLC;
EQUIALT FUND, LLC;
EQUIALT FUND II, LLC;
EQUIALT FUND III, LLC;
EA SIP, LLC;

    Defendants, and

128 E. DAVIS BLVD, LLC, et al.,

    Relief Defendants.
_____/

## ORDER

    **THIS CAUSE** comes before the Court for consideration of Non-Party Robert J. Armijo's Objection to the Proposed Bar Order, (Dkt. 869), and the response in opposition thereto. (Dkt. 875) Upon review of the relevant filings, the arguments made at the hearing on May 3, 2023, the applicable law, and being otherwise duly advised on the premises, the Court **OVERRULES** Non-Party Robert J. Armijo's Objection.

    The question before this Court is whether the proposed bar order is (i) essential and (ii) fair and equitable. See, e.g., In re Munford, Inc., 97 F.3d 449, 455 (11th Cir. 1996). Paul Wassgren, DLA Piper LLP (US), and Fox Rothschild LLP made clear in

1

sworn declarations, (Dkts. 911-1, 911-2, and 911-3), that, if the Bar Order is not entered, there would be no settlement. Counsel additionally made argument that the settlement is critical to the resolution of this action for the benefit of the Receivership. Therefore, based on the evidence in the record, the Court finds that entry of the Bar Order is "integral" and "essential" to the Settlement. See SEC v. Quiros, 966 F.3d 1195 (11th Cir. 2020).

This Court also finds entry of the Bar Order is also "fair and equitable" under the factors enumerated in Munford, 97 F.3d at 454-55, as explained below. Mr. Armijo's litigation in California against Paul Wassgren, DLA Piper LLP (US), and Fox Rothschild LLP arises from the same facts, acts, and omissions that are asserted in the Receiver's Action and the Investor Action. No colorable reading of Mr. Armijo's California claims will render them truly independent from the claims encompassed by Armijo's voluntary submission to the Receiver, through legal counsel, of a signed Proof of Claim Form ("POC") on December 20, 2021.

Moreover, Mr. Armijo was fully aware that he was submitting to the exclusive jurisdiction of this Court because the proof of claim provides that:

> **Any person** or entity submitting this Proof of Claim Form submits to the exclusive jurisdiction of the above-captioned Court **for all purposes, including**, without limitation, as to **any claims**, objections, defenses, or counterclaims that could be or have been asserted by the Receiver against such Claimant or the holder of such claim **in connection with this Receivership, including, those arising out of (1) any dealing or business transacted by or with any Receivership Entity and/or (2) any dealing or business transacted that relates in any way to any Receivership property**. Claimant further agrees by making this submission to waive any

>> right to a jury trial with respect to such claims, objections, defenses, and counterclaims.

(Dkt. 875-1) (emphasis added).

The Court's equity assessment is also impacted by the summary judgment ruling in <u>Wiand v. Family Tree Estate Planning</u>, No. 8:21-cv-361-SDM-AAS (M.D. Fla. Mar. 24, 2023) (the "**Receiver Sales Agent Action**"). In the Receiver Sales Agent Action, Mr. Armijo's theory regarding his involvement was not found to be strong or meritorious. Finally, the Court has considered that this Bar Order would resolve litigation with complex and novel claims, which if not resolved, would deplete the resources of the Receivership if litigation continued. See <u>Munford</u>, 97 F.3d at 454-455. This would in turn deplete and delay compensation to the victims of the conduct that led to the Receivership in the first instance. The Bar Order does not leave Mr. Armijo without a remedy. It does not prohibit Mr. Armijo from pursuing the claim asserted in his POC dated December 20, 2021. Furthermore, the Receiver may not assert the Bar Order as a defense to that claim or obtain a recovery from Mr. Armijo that would lead to a double recovery. The extent to which Mr. Armijo's recovery for the claim asserted in his POC, if any, will offset his liability in the Receiver Sales Agent Action will depend on the ultimate outcome of the Receivership claims process.

Additionally, and to the extent Mr. Armijo relies on the Sixth Circuit's decision in <u>Digital Media Sols., LLC v. S. Univ. of Ohio, LLC</u>, 59 F.4th 772, 773 (6th Cir. 2023), this Court finds that decision to be inapposite and nonbinding. Among other key differences, Mr. Armijo is not a stranger to the receivership, and the claims before

the Central District of California are identical to the claims presented to the Receivership. Thus, his posture and his claims are unlike the Art Students in <u>Digital Media</u> and their claims.

Binding circuit authority holds that under the facts presented in this Receivership, this Court has the authority to enter a bar order against the claims of Mr. Armijo and any other claimants against whom the bar order applies. See <u>Quiros</u>, 966 F.3d at 1199.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Non-Party Robert J. Armijo's Objection, (Dkt. 869), is **OVERRULED**.

2. The Receiver and Investor Plaintiffs' Joint Motion for (i) Final Approval of Proposed Settlements; (ii) Approval of Bar Orders; and (iii) Entry of Bar Orders, (Dkt. 760), is **GRANTED**. The Court will issue separate orders in accordance with this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of May 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person