**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

**v.**                                                            **Case No: 8:20-cv-325-MSS-MRM**

**BRIAN DAVISON, BARRY M. RYBICKI, EQUIALT LLC, EQUIALT FUND, LLC, EQUIALT FUND II, LLC, EQUIALT FUND III, LLC, EA SIP, LLC,**

      **Defendants,**

**128 E. DAVIS BLVD, LLC, 310 78TH AVE, LLC, 551 3D AVE S, LLC, 604 WEST AZEELE, LLC, BLUE WATERS TI, LLC, 2101 W. CYPRESS, LLC, 2112 W. KENNEDY BLVD, LLC, BNAZ, LLC, BR SUPPORT SERVICES, LLC, CAPRI HAVEN, LLC, EANY, LLC, BUNGALOWS TI, LLC, EQUIALT 519 3RD AVE S., LLC, MCDONALD REVOCABLE LIVING TRUST, 5123 E. BROADWAY AVE, LLC, SILVER SANDS TI, LLC, TB OLDEST HOUSE EST. 1842, LLC,**

      **Relief Defendants.**

---

**FINAL ORDER (I) APPROVING SETTLEMENT AMONG RECEIVER, INVESTOR PLAINTIFFS, AND PAUL WASSGREN, DLA PIPER LLP (US) AND FOX ROTHSCHILD LLP; AND (II) BARRING, RESTRAINING, AND ENJOINING CLAIMS AGAINST <u>THE ATTORNEY RELEASED PARTIES</u>**

1

**THIS CAUSE** came before the Court for consideration of the Joint Motion of Receiver and Investor Plaintiffs' for (i) Preliminary and Final Approval of Proposed Settlements; (ii) Approval of Form, Content, and Manner of Notice of Settlements and Bar Orders; (iii) Entry of Bar Orders (the "**Motion**"), (Dkt. 760), filed by Burton W. Wiand as Court-appointed receiver (the **"Receiver"**) of the entities set forth on Exhibit A to this Order (the "**Receivership Entities**") in the above-captioned civil enforcement action (the "**SEC Action**") and the investor Plaintiffs (the "**Investor Plaintiffs**") in Richard Gleinn and Phyllis Gleinn, et al. v. Paul Wassgren, et al., Case No. 8:20-cv-01677-MSS-CPT (the "**Investor Action**"). Pursuant to this Court's Order (I) Preliminarily Approving Settlement Among Receiver, Investor Plaintiffs, and Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP; (II) Approving the Form and Content of Notice (the "**Notice**"), and Manner and Method of Service and Publication; (III) Setting the Deadline to Object to Approval of Settlement and Entry of Bar Order; and (IV) Scheduling a Hearing (Dkt. 787) (the "**Preliminary Approval Order**"), the Court held a hearing on May 3, 2023 to consider the Motion and hear objections thereto.

By way of the Motion, the Receiver and the Investor Plaintiffs request final approval of a proposed settlement among: (1) the Investor Plaintiffs; (2) the Receiver, who filed the complaint in the litigation in the Superior Court of California, County of Los Angeles – Central District captioned *Burton W. Wiand, not individually, but solely in his capacity as* **Receiver v. Paul Wassgren, et al.**, Case No. 20STCV49670 (the

"**Receiver Action**"); (3) Paul Wassgren, (4) DLA Piper LLP (US), and (5) Fox Rothschild LLP.The settlement is memorialized in the settlement agreement attached to the Motion as Exhibit I (the "**Settlement Agreement**").[1]

The Receiver and the Investor Plaintiffs also request entry of a bar order (the "**Bar Order**") permanently barring, restraining and enjoining any person or entity— other than any federal or state governmental bodies or agencies—from pursuing claims against any of the Attorney Released Parties (as defined herein) relating to the events and occurrences underlying the claims in the SEC Action, the Receiver Action and/or the Investor Action, any of the Receivership Entities or the Receivership Estate, or which arise directly or indirectly in any manner whatsoever from the Attorney Released Parties' activities, omissions, services or counsel, or alleged activities, omissions, services or counsel, in connection with the Receivership Entities, the Receivership Estate, EquiAlt, the EquiAlt Securities, or persons and entities who offered for sale or sold any EquiAlt Securities, including but not limited to all Sales Agents and Non-Releasing Sales Agents (hereinafter the "**Attorneys' Activities**"), to the broadest extent permitted by law.

The Court's Preliminary Approval Order preliminarily approved the Settlement Agreement, approved the form and content of the Notice, and set forth procedures for

---

[1] As used in this Order, the "**Settling Parties**" means the Receiver, the Investor Plaintiffs, Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP. Defined and/or initial capitalized terms used but not defined in this Order have the meaning ascribed to them in the Settlement Agreement. To the extent there is any discrepancy between a defined term in the Settlement Agreement and the same defined term herein, the definition in the Settlement Agreement will control.

the manner and method of service and publication of the Notice to all affected parties, including all investors who invested in securities issued by EquiAlt or its wholly owned funds or entities (collectively, the "**Investors**") and stayed the further prosecution of litigation by the parties to the action currently captioned as <u>Robert J. Armijo v. Paul R. Wassgren, et. al.</u>, Case No. 2:22-cv-08851 AB(PVCx)-JFW (MRWx), in the U.S. District Court for the Central District of California, Western Division. The Preliminary Approval Order and related documents were served by mail on all identifiable interested parties and publicized to provide the best practicable notice to any unidentified persons and to any persons for whom current mailing addresses are not available.

The Preliminary Approval Order set a deadline for affected parties to object to the Settlement Agreement and/or (ii) the Bar Order. The Preliminary Approval Order scheduled the hearing for consideration of such objections, as well as the Settling Parties' arguments and evidence in support of the Settlement Agreement and/or the Bar Order. That deadline has passed, and Mr. Robert Armijo is the only person who has objected. (Dkt. 869)

The Receiver filed a declaration with the Court in which he detailed his compliance with the notice and publication requirements contained in the Preliminary Approval Order (the "**Declaration**"). (Dkts. 803 and 877) (the "**Notice of Compliance**")

This Court is fully advised of the issues in the various actions, as it has

4

previously received evidence and heard argument concerning the events, circumstances, and transactions in the SEC Action, which resulted in the appointment of the Receiver and the issuance of the Preliminary Injunction (Dkt. 238), the Permanent Injunction (Dkt. 260), and the Asset Freeze Order (Dkt. 11). In addition, the Court has read and considered the Motion, the Settlement Agreement, other relevant filings of record, and the arguments and evidence presented at the hearing; therefore, the Court **FINDS AND DETERMINES** as follows:

A.    The Court has jurisdiction over the subject matter, including, without limitation, jurisdiction to consider the Motion, the Settlement Agreement, and the Bar Order, and authority to grant the Motion, approve the Settlement Agreement, enter the Bar Order, and award attorneys' fees. See 28 U.S.C. § 1651; SEC v. Kaleta, 530 F. App'x 360, 362 (5th Cir. 2013) (affirming approval of settlement and entry of bar order in equity receivership commenced in a civil enforcement action). See also Matter of Munford, Inc., 97 F.3d 449, 454-55 (11th Cir. 1996) (approving settlement and bar order in a bankruptcy case); In re U.S. Oil and Gas Lit., 967 F.2d 489, 496-97 (11th Cir. 1992) (approving settlement and bar order in a class action).

B.    The service or publication of the Notice as described in the Receiver's Declaration is consistent with the Preliminary Approval Order, constitutes good and sufficient notice, and was reasonably calculated under the circumstances to notify all affected persons of the Motion, the Settlement Agreement and the Bar Order, and of their opportunity to object thereto, of the deadline for objections, and of their

opportunity to appear and be heard at the hearing concerning these matters. Accordingly, all affected parties were furnished a full and fair opportunity to object to the Motion, the Settlement Agreement, the Bar Order and all matters related thereto and to be heard at the hearing; therefore, the service and publication of the Notice complied with all requirements of applicable law, including, without limitation, the Federal Rules of Civil Procedure, the Court's local rules, and the due process requirements of the United States Constitution.

C.     The Court has allowed any Investors, objectors, and parties to the SEC Action to be heard if they desired to participate.

D.     The Settling Parties negotiated over a period of many months; their negotiations included the exchange and review of documents, multiple depositions, numerous telephone conferences, frequent written communications, and mediation at which counsel for all Settling Parties were present or available by telephone or Zoom.

E.     The Settlement Agreement was entered into in good faith, is at arm's length, and is not collusive.

> i.     The claims the Investor Plaintiffs brought against Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP involve disputed facts and issues of law that would require substantial time and expense to litigate, with significant uncertainty as to the outcome of such litigation, the measurement of damages, the allocation of benefits to each plaintiff, and any ensuing trial or appeal. Such litigation is costly and burdensome, involves complex transactions, multiple witnesses in multiple fora, and substantial legal

issues and related arguments. Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP deny that they are liable in any way to the Investor Plaintiffs.

ii. The claims the Receiver brought against Paul R. Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP likewise involve disputed facts and issues of law that would require substantial time and expense to litigate, with significant uncertainty as to the outcome of such litigation, the measurement of damages, and any ensuing trial or appeal. Such litigation is costly and burdensome, involves complex transactions, multiple witnesses in multiple fora, and substantial legal issues and related arguments. Paul R. Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP deny that they are liable in any way to the Receiver.

F.     The Settlement Agreement provides for DLA Piper LLP (US) and Fox Rothschild LLP to each pay or cause to be paid Twenty-Two Million Dollars ($22,000,000.00), for a total, collective payment of Forty-Four Million Dollars ($44,000,000.00) (the "**Settlement Amount**") to settle the Investor Action and the Receiver Action. The Settlement Amount will be distributed to the Receiver for the benefit of EquiAlt Investors to resolve and satisfy contested claims of liability against DLA Piper LLP (US), Fox Rothschild LLP, and Paul Wassgren. None of the Settlement Amount represents dividends on stock, interest on debt, or payments in compensation for late or delayed transfers.

G.     The payment of attorneys' fees to counsel for the Investor Plaintiffs relieves the Investor Plaintiffs from the obligation to pay attorneys' fees and costs out of their own recoveries with respect to their claims against Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP.

H.    The Receiver will act as disbursing agent for the Settlement Amount. Subject to the approval and control of the Court, the Receiver will distribute the Settlement Amount, less any attorneys' fees and costs approved by the Court for counsel for the Investor Plaintiffs and Special Counsel for the Receiver, at such times and in such amounts as the Receiver determines to be in the best interests of the Receivership Estate.

I.    The Court finds that the Settlement Amount to be paid by the Respondent Settling Parties is fair and reasonable.

J.    Based upon the foregoing findings, the Court further finds and determines that entry into the Settlement Agreement is a prudent exercise of business judgment by the Receiver, the Investor Plaintiffs and Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP, that the proposed settlement as set forth in the Settlement Agreement is fair, adequate and reasonable, that the interests of all affected persons were fairly and reasonably considered and addressed, and that the Settlement Amount provides a recovery to the Receiver and to the Investors for the benefit of the Receivership Entities and the Investors that is well within the range of reasonableness. See Sterling v. Stewart, 158 F.3d 1199 (11th Cir. 1996) (settlement in a receivership may be approved where it is fair, adequate and reasonable, and is not the product of collusion between the settling parties).

K.    Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP have expressly conditioned their willingness to enter into the Settlement Agreement, and

pay, or cause to be paid, the Settlement Amount, on a full and final resolution with respect to any and all claims instituted now or hereafter by any and all of the Barred Persons (as defined below) against any and all of the Attorney Released Parties (as defined below) that relate in any manner whatsoever to the events and occurrences underlying the claims in the Investor Action, the Receiver Action, the EquiAlt Actions, the Armijo Action, the Receivership Entities, the Receivership Estate, or the Attorneys' Activities (the "**Barred Claims**," as more fully defined below). As established by the Settlement Agreement and the declarations of DLA Piper LLP (US), Fox Rothschild LLP, and Paul Wassgren, a necessary and essential condition to their ultimate acceptance of the terms and conditions of the Settlement Agreement is the issuance of the Bar Order and that the Bar Order becomes Final. [2]  Pursuant to the terms of the Settlement Agreement, entry of the Bar Order and the Bar Order becoming Final are necessary conditions precedent to the payment of the Settlement Amount.

L.     To be clear, DLA Piper LLP (US) and Fox Rothschild LLP are only willing to pay the Settlement Amount, and Paul Wassgren is only willing to consent to settle, in exchange for entry of the Bar Order and finality as to the Barred Claims.

---

[2] As used in this Order, any court order being "**Final**" means a court approving and issuing an order unmodified in any material respect after the conclusion or expiration of any right or time period of any person or party to seek any objection, appeal, rehearing, reversal, reconsideration or modification, in whole or in part, of the order. For avoidance of doubt, an order, including this Order, is not considered Final prior to the conclusion or expiration of any right or time period of any person or party to seek any objection, appeal, rehearing, reversal, reconsideration or modification, in whole or in part, of the order. Without in any way limiting the foregoing, an order, including this Order, is not considered Final as used herein during the pendency of any appeal or rehearing of the order, or during the time that an appeal, rehearing, reversal, reconsideration, or modification of the order remains possible.

The Court finds that the Settling Parties have agreed to the settlement in good faith and that DLA Piper LLP (US) and Fox Rothschild LLP are paying a fair share of the potential damages for which they, and Paul Wassgren, are alleged to be liable, though Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP deny any wrongdoing or liability, and no court has determined there to be any wrongdoing or liability.

      M.    As alleged by the Investor Plaintiffs, the Investors made investments in debt or equity securities offerings created by EquiAlt and issued by EquiAlt's wholly owned funds and entities.

      N.    The Investor Action and the Receiver Action arise from Paul Wassgren's, DLA Piper LLP (US)'s, and Fox Rothschild LLP's alleged conduct with respect to the funds invested in the EquiAlt Securities by the Investor Plaintiffs and their respective advice and counsel to EquiAlt related to the issuance of the EquiAlt Securities.

      O.    **Notice to Affected Parties**

The Receiver has given the best practical notice of the proposed Settlement Agreement and Bar Order to all known interested persons:

      i.    all counsel who have appeared of record in the SEC Action and all parties who have appeared in the SEC Action who are not represented by counsel;

      ii.    all counsel who are known by the Receiver to have appeared of record in: (1) the EquiAlt Actions or (2) any legal proceeding or arbitration commenced by or on behalf of any of the Receivership Entities, or any individual investor or putative class of investors seeking relief against any person or entity relating in

any manner to the Receivership Entities or the subject matter of the SEC Action or the EquiAlt Actions;

iii.   all known investors in each and every one of the Receivership Entities identified in the investor lists in the possession of the Receiver at the addresses set forth therein;

iv.   all known non-investor creditors of each and every one of the Receivership Entities that submitted a claim form;

v.   all creditors of any Receivership Entity to whom the Receiver has previously sent a claim form;

vi.   all owners, officers, directors, and senior management employees of the Receivership Entities;

vii.   all other persons or entities that previously received notice of the Receiver's settlements for which bar orders were requested and issued; and

viii.   all Sales Agents and Non-Releasing Sales Agents.

P.   The Receiver has maintained a list of those given notice. Access to that list will be permitted as necessary if a Barred Person as defined below denies receiving notice and asserts that this Order is therefore inapplicable to that Barred Person.

Q.   In addition, the Receiver has published the Summary Notice approved by the Preliminary Approval Order once in USA Today, the Tampa Bay Times, the Arizona Republic, the San Francisco Chronicle and the Los Angeles Times. The Receiver has also maintained the Notice on the website maintained by the Receiver in connection with the SEC Action (www.equialtreceivership.com).

R.   Through these notices and publications, anyone with an interest in the Receivership Entities would have become aware of the Settlement Agreement and

Bar Order or has been provided sufficient information to put them on notice how to obtain more information and/or object, if they wished to do so.

S.      The Bar Order and the releases in the Settlement Agreement are tailored to matters relating to the Barred Claims and are appropriate to maximize the value of the Receivership Entities for the benefit of the Investors and other stakeholders and creditors. The Receiver has established a claims process through which Investors and other interested parties may seek disbursement of funds, including the Settlement Amount to the extent such amounts have not been used to administer the Receivership Estate or for the benefit of the Receivership Estate. The interests of the Investors, the Receivership Entities, and, thereby, the interests of other stakeholders and creditors were well- represented by the Receiver, acting in the best interests of the Receivership Entities in his fiduciary capacity and upon the advice and guidance of his experienced counsel, and by counsel for the Investor Plaintiffs, acting in the best interest of the Investors based on their experienced counsel. Accordingly, the Settlement Agreement is fair, adequate and reasonable, and in the best interests of all creditors of, Investors in, or other persons or entities claiming an interest in, having authority over, or asserting claims against the Receivership Entities, and of all persons who could have claims against the Attorney Released Parties relating to the Barred Claims. The Bar Order is a necessary and appropriate order granting ancillary relief in the SEC Action., there is no just reason for delay of the finality of this Order.

T.      The objection of Robert J. Armijo ("Armijo"), (Dkt. 869), is overruled

in its entirety, as further explained in this Court's Order. (Dkt. 914)

U.      Approval of the Settlement Agreement and the Bar Order and adjudication of the Motion are discrete from other matters in the SEC Action, and, as set forth above, the Settling Parties have shown good reason for the approval of the Settlement Agreement and Bar Order to proceed expeditiously. Therefore, there is no just reason for delay of the finality of this Order.

Based on the foregoing findings and conclusions, the Court **ORDERS, ADJUDGES, AND DECREES** as follows:

1.      The Motion, (760), is **GRANTED** in its entirety. Any objections to the Motion or the entry of this Order are overruled to the extent not otherwise withdrawn or resolved. Any other objections to the Motion or the entry of this Order, including, but not limited to, those not filed as of the date of this Court's execution of this Order, are deemed waived and overruled.

2.      The Settlement Agreement is **APPROVED** and is final and binding upon the Settling Parties and their successors and assigns as provided in the Settlement Agreement. The Settling Parties are authorized to perform their obligations under the Settlement Agreement.

3.      The Receiver will disburse the Settlement Amount in accordance with the terms and conditions of the Settlement Agreement and a plan of distribution to be approved by this Court. Without limitation of the foregoing, upon payment of the Settlement Amount as set forth in the Settlement Agreement, the releases set forth in

Section II.D of the Settlement Agreement are **APPROVED** and are final and binding on the Parties and their successors and assigns as provided in the Settlement Agreement.

4.     The Bar Order as set forth in Paragraph 5 of this Order is **APPROVED** as a necessary and appropriate component of the settlement. See Kaleta, 530 F. App'x at 362 (entering bar order and injunction in an SEC receivership proceeding where necessary and appropriate as "ancillary relief" to that proceeding); Munford, 97 F.3d at 454-55.

5.     **BAR ORDER AND INJUNCTION: THE COURT HEREBY PERMANENTLY BARS, RESTRAINS, AND ENJOINS ANY BARRED PERSONS FROM ENGAGING IN ANY BARRED CONDUCT AGAINST THE ATTORNEY RELEASED PARTIES WITH RESPECT TO THE BARRED CLAIMS**, as those terms are defined hereunder:

a.   "**Barred Persons**" means: any person or entity, other than the Arizona Corporation Commission, Securities and Exchange Commission or any other regulatory authority. Barred Persons includes, without limitation: (i) the EquiAlt Defendants; (ii) owners, officers, directors, members, managers, partners, agents, representatives, employees, and independent contractors of the EquiAlt Defendants; (iii) investors who purchased any EquiAlt Securities; (iv) persons and entities who offered for sale or sold any

EquiAlt Securities, including but not limited to all Sales Agents and Non-Releasing Sales Agents; (v) persons or entities who found prospective investors for or referred prospective investors to EquiAlt Securities, the EquiAlt Defendants, or BR Services; (vi) the Receiver; and (vii) any person or entity claiming by, through, or on behalf of the foregoing persons or entities, whether individually, directly, indirectly, through a third party, derivatively, on behalf of a class, as a member of a class, or in any other capacity whatsoever;

b.  "**Barred Conduct**" means: instituting, reinstituting, intervening in, initiating, commencing, maintaining, continuing, filing, encouraging, soliciting, supporting, participating in, collaborating in, assisting, otherwise prosecuting, or otherwise pursuing or litigating in any case, forum, or manner, whether pre-judgment or post-judgment, or enforcing, levying, employing legal process, attaching, garnishing, sequestering, bringing proceedings supplementary to execution, collecting, or otherwise recovering, by any means or in any manner, based upon any liability or responsibility, or asserted or potential liability or responsibility, directly or indirectly, or through a third party, relating in any way to the Barred Claims;

15

c.   "**Barred Claims**" means: any and all claims, actions, lawsuits, causes of action, investigations, demands, complaints, cross claims, counter claims, or third party claims or proceedings of any nature, including, but not limited to, litigation, arbitration, or other proceedings, in any federal or state court, or in any other court, arbitration forum, administrative agency, or other forum in the United States, Canada, or elsewhere, whether arising under local, state, federal, or foreign law, that in any way relate to, are based upon, arise from, or are connected with: (i) claims released in the Settlement Agreement; (ii) the events or occurrences underlying the claims or allegations in the SEC Action, or claims or allegations that could have been brought in the SEC Action; (iii) the events or occurrences underlying the claims or allegations in the Receiver Action, or claims or allegations that could have been brought in the Receiver Action; (iv) the events or occurrences underlying the claims or allegations in the Receiver Sales Agent Action, or claims or allegations that could have been brought in the Receiver Sales Agent Action; (v) the events or occurrences underlying the claims or allegations in the Investor Action, or claims or allegations that could have been brought in the Investor Action; or (vi) the Attorneys' Activities. The foregoing specifically includes any claim, however denominated, seeking contribution,

16

indemnity, damages, or other remedy where the alleged injury to any person, entity, or other party, or the claim asserted by any person, entity, or other party, is based upon any of the Barred Claims whether pursuant to a demand, judgment, claim, agreement, settlement, or otherwise;

d. "**Attorney Released Parties**" means: DLA, Fox, and Paul Wassgren, each of which is an "**Attorney Released Party**";

e. "**BR Services**" means: BR Support Services LLC and its predecessors, successors, parents, subsidiaries, agents, creditors, affiliates, assigns, officers, partners, counsel, and employees, including Barry Rybicki;

f. "**Court**" means: the United States District Court for the Middle District of Florida;

g. "**DLA**" means: DLA Piper LLP (US) and any of its affiliates, parents, subsidiaries, assigns, divisions, segments, predecessors, successors, and current and former attorneys, paralegals, staff members, officers, directors, employees, representatives, partners, counsel, associates, insurers, or agents;

h. "**EquiAlt Defendants**" means: all persons and entities who have been named as defendants, corporate defendants, or relief defendants in the SEC Action, all entities placed in receivership in

17

the SEC Action, and all entities over which the Receiver has authority as a result of the SEC Action, including, without limitation, Brian Davison, Barry Rybicki, EquiAlt, LLC, EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, EA SIP, LLC, EquiAlt Secured Income Portfolio REIT, Inc., EquiAlt Qualified Opportunity Zone Fund, L.P., EquiAlt Fund I, LLC, and their predecessors, successors, parents, subsidiaries, agents, creditors, affiliates, assigns, officers, partners, counsel, and employees;

i.  "**EquiAlt Securities**" means: all securities issued by any of the Receivership Entities and their parents, subsidiaries, affiliates, predecessors, successors, and assigns;

j.  "**Fox**" means: Fox Rothschild LLP and any of its affiliates, parents, subsidiaries, assigns, divisions, segments, predecessors, successors, and current and former attorneys, paralegals, staff members, officers, directors, employees, representatives, partners, counsel, associates, insurers, or agents;

k.  "**Investors**" means: all persons or entities who purchased or otherwise invested (directly or indirectly) in EquiAlt Securities, each of whom is an "**Investor**"; and

l.  "**Receiver Sales Agent Action**" means: <u>EquiAlt Fund, LLC, et al.</u>

18

v. Family Tree Estate Planning, LLC, et al., Case No. 8:21-cv-00361-SDM-AAS, pending in the United States District Court for the Middle District of Florida.

m. This Bar Order does *not* apply to: (i) the United States of America, its agencies or departments, or to any state or local government; and (ii) the Settling Parties' respective obligations under the Settlement Agreement.

n. Nothing in this Bar Order is or will be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of the Settling Parties with regard to any case or proceeding, including the Investor Action or the Receiver Action.

o. No Attorney Released Party will have any duty or liability with respect to the administration of, management of, or other performance by the Receiver of his duties relating to the EquiAlt Defendants, including, without limitation, the process to be established for filing, adjudicating and paying claims against the EquiAlt Defendants or the allocation, disbursement or other use of the amount paid in settlement under the Settlement Agreement.

p. This Bar Order will not be impaired, modified, or otherwise affected in any manner other than by direct appeal of this Bar

19

Order, or motion for reconsideration or rehearing thereof, made in accordance with the Federal Rules of Civil Procedure.

q.  Pursuant to FED. R. CIV. P. 54(b), and the Court's authority in this equity receivership to issue ancillary relief, this Bar Order is a final order for all purposes, including, without limitation, for purposes of the time to appeal or to seek rehearing or reconsideration.

r.  Any party, attorney, or other person who acts in a manner contradictory to this Bar Order may be subject to such remedies for contempt as the Court may deem appropriate.

6.    All Barred Claims against the Attorney Released Parties, including those in the Investor Action, are stayed until the expiration of time to object, appeal, or seek rehearing, reversal, reconsideration, or modification of this Bar Order, and during the period of time that any objection, appeal, rehearing, reversal, reconsideration, or modification is under consideration.

7.    The Investor Plaintiffs and the Receiver are directed and authorized to dismiss their claims against Paul Wassgren, DLA Piper LLP (US) and Fox Rothschild LLP with prejudice, when this Order is Final within the meaning of the Settlement Agreement, in accordance with the terms of the Settlement Agreement with no party admitting to wrongdoing or liability and all parties responsible for their attorneys' fees and costs.

8.    This Order will be served by counsel for the Receiver via email, first

class mail or international delivery service, on any person or entity afforded notice (other than publication notice) pursuant to the Preliminary Approval Order.

9.      Without impairing or affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction to construe, interpret and enforce this Order, including, without limitation, the Bar Order and releases herein or in the Settlement Agreement. This retention of jurisdiction is not a bar to any person, including the Settling Parties, from raising this Order to obtain its benefits in establishing reductions to damage awards or seeking to dismiss a claim.

10.     Nothing in this Order will operate in any way to release, waive or limit the rights of any Settling Party to sue for any alleged breach of the Settlement Agreement.

11.     Nothing in this Order bars the Settling Parties from pursuing claims and causes of action they may have against any person or entity not specifically released by them in the Settlement Agreement.

12.     In any action against a non-settling person or entity commenced by or on behalf of the Receiver, the Receivership Entities, or the Investors, the non-settling person or entity shall be entitled to assert as a defense that, but for this Order, it would have  been entitled to indemnification or contribution from the Attorney Released Parties for any judgment entered in the action. Such defense will be pled and adjudicated like any other defense in the action. If it is determined in the action that the non-settling person or entity would, in fact, have been entitled to indemnification

or contribution from the Attorney Released Parties, then any judgment entered against the non-settling person or entity in the action will be reduced, dollar-for-dollar, by the amount of indemnification or contribution from the Attorney Released Parties to which the non-settling person or entity would have been entitled. This provision is without prejudice to whatever rights any non- settling person or entity may have (if any) to setoff under applicable law in any action which is now pending or which may be brought in the future by or on behalf of the Receiver, the Receivership Entities, or any Investor.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of May 2023.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

22

**Exhibit A**

**(List of Receivership Entities)**

EquiAlt LLC

EquiAlt Fund, LLC

EquiAlt Fund II, LLC

EquiAlt Fund III, LLC

EA SIP, LLC

EquiAlt Qualified Opportunity Zone Fund, LP

EquiAlt QOZ Fund GP, LLC

EquiAlt Secured Income Portfolio REIT, Inc.

EquiAlt Holdings LLC

EquiAlt Property Management LLC

EquiAlt Capital Advisors, LLC

Equialt Fund I, LLC and related properties:

| ADDRESS | FOLIO |
|---|---|
| 8820 CRESTVIEW DR, UNIT A, TAMPA, FL 33604 | 098861-5374 |
| 5135 TENNIS COURT CIR, TAMPA, FL 33617 | 142878-6142 |
| 7511 PITCH PINE CIR, UNIT 128, TAMPA, FL 33617 | 038945-5256 |
| 2302 MAKI RD, UNIT 45, PLANT CITY, FL 33563 | 205010-0290 |
| 7613 PASA DOBLES CT, TAMPA, FL 33615 | 004580-7906 |

128 E. Davis Blvd, LLC

310 78th Ave, LLC

551 3d Ave S, LLC

604 West Azeele, LLC

Blue Waters TI, LLC

2101 W. Cypress, LLC

2112 W. Kennedy Blvd, LLC

BNAZ, LLC

BR Support Services, LLC

Capri Haven, LLC

EA NY, LLC

Bungalows TI, LLC

EquiAlt 519 3rd Ave S., LLC

McDonald Revocable Living Trust

5123 E. Broadway Ave, LLC

Silver Sands TI, LLC

TB Oldest House Est. 1842, LLC