## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

                                 Case No. 8:20-CV-325-MSS-UAM

BRIAN DAVISON;
BARRY M. RYBICKI;
EQUIALT LLC;
EQUIALT FUND, LLC;
EQUIALT FUND II, LLC;
EQUIALT FUND III, LLC;
EA SIP, LLC;

      Defendants, and

128 E. DAVIS BLVD, LLC, et al.,

      Relief Defendants.

_____/

## NOTICE OF FILING

      Burton W. Wiand, as Receiver over the assets of the captioned corporate and relief defendants, hereby files the attached Notice of Settlement and Joint Motion for Limited Remand filed in the Eleventh Circuit, Appeal No. 23-11979-G, related to an appeal taken by Robert Armijo in connection with this Court's approval of the Receiver's settlement with certain law firms and associated Bar Order. (Doc. 932)

Respectfully submitted,

**/s/ Katherine C. Donlon**
Katherine C. Donlon, FBN 0066941
kdonlon@jnd-law.com
JOHNSON, NEWLON & DeCORT P.A.
3242 Henderson Blvd., Ste 210
Tampa, FL 33609
Tel: (813) 291-3300
Fax: (813) 324-4629

and

Jared J. Perez, FBN 0085192
jared.perez@jaredperezlaw.com
JARED J. PEREZ, P.A.
301 Druid Rd. W
Clearwater, FL  33759
Tel: (727) 641-6562

*Attorneys for Receiver Burton W. Wiand*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2023, I electronically filed the

foregoing with the Clerk of this Court by using the CM/ECF system which

will send notification of electronic filing to all counsel of record.

**/s/ Katherine C. Donlon**

UNITED STATES CIRCUIT COURT OF APPEALS
ELEVENTH CIRCUIT

APPEAL NO. 23-11979-G
District Court Case No. 8:20-CV-00325-MSS-MRM

---

ROBERT ARMIJO,

Appellant,

v.

BURTON WIAND, ET AL.,

Appellees.

---

Appeal from the United States District Court
for the Middle District of Florida

---

**NOTICE OF SETTLEMENT AND JOINT MOTION FOR LIMITED
REMAND**

---

**JOHNSON POPE BOKOR RUPPEL
& BURNS, LLP**
Scott Ilgenfritz, Esq.
Guy M. Burns, Esq.
401 East Jackson Street
Suite 3100
Tampa, Florida 33602
*Counsel for Appellee Wiand*

**GRIFFIN DURHAM TANNER &
CLARKSON, LLC**
R. Brian Tanner, Esq.
Georgia Bar No. 697615
104 West State Street, Suite 200
Savannah, Georgia 31401
*Counsel for Appellant Armijo*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Eleventh Circuit Rule 26.1-1, undersigned counsel for Appellant Robert Armijo hereby certifies that the following person(s) may have an interest in the outcome of this case:

1.    128 E. Davis Blvd, LLC - Defendant

2.    310 78th Ave, LLC - Defendant

3.    551 3D Ave S, LLC - Defendant

4.    604 West Azeele, LLC - Defendant

5.    2101 W. Cypress, LLC - Defendant

6.    2112 W. Kennedy Blvd, LLC - Defendant

7.    5123 E. Broadway Ave, LLC – Defendant

8.    Armijo, Robert Joseph – Appellant/Objector

9.    Balint, Francis J., Jr. – Attorney for Movant Investor Plaintiffs

10.   Bank of America, N.A. – Movant

11.   Bentley, Arthur Lee, III – Attorney for Movant DLA Piper LLP

12.   Blatt, Gayle M. – Attorney for Movant Investor Plaintiffs

13.   Blue Waters TI, LLC – Defendant

14.    Bnaz, LLC - Defendant

15.    Bonnett Fairbourn Friedman & Balint – Attorneys for Movant Investor Plaintiffs

16.    BR Support Services, LLC – Defendant

17.    Bradley Arant Boult Cummings LLP – Attorneys for Movant DLA Piper LLP

18.    Braverman, Jaimee L. – Attorney for Movant Bank of America, N.A.

19.    Bungalows TI, LLC – Defendant

20.    Burns, Guy M. – Attorney for Receiver

21.    Bushman, Howard Mitchell – Attorney for Movant Investor Plaintiffs

22.    Capri Haven, LLC – Defendant

23.    Carlton Fields, P.A. – Attorneys for Movant Wassgren

24.    Casey Gerry Schenk Francavilla Blatt & Penfield – Attorneys for Movant Investor Plaintiffs

25.    Cohen, Lonnie – Former Attorney for certain Defendants

26.    Contreras-Martinez, Carmen – Attorney for Defendant Ferrari Financial Services, Inc.

27. Cordano, Miguel Mario – Attorney for Movant Bank of America, N.A.

28. Cotchett Pitre & McCarthy, LLP – Attorneys for Objector Mar

29. Davis, Gerald D. – Attorney for Defendant Davison

30. Davison, Brian – Defendant

31. DLA Piper LLP - Movant

32. Donlon, Katherine C. – Attorney for Receiver

33. Dunn DeSantis Walt & Kendrick, LLP – Attorneys for Objector Armijo

34. EA NY, LLC - Defendant

35. EA SIP, LLC – Defendant

36. Edelsberg Law, P.A. – Attorneys for Movant Investor Plaintiffs

37. Essling, Mark, as executor of estate of Judith Essling - Movant

38. Equialt 519 3rd Ave S., LLC - Defendant

39. Equialt Capital Advisors

40. Equialt LLC – Defendant

41. Equialt Fund, LLC - Defendant

42.      Equialt Fund II, LLC – Defendant

43.      Equialt Qualified Opportunity Zone Fund, LP

44.      Equialt Secured Income Portfolio REIT, Inc.

45.      Farano, Charles – Defendant

46.      Fels, Adam Seth – Attorney for Defendant Rybicki

47.      Ferrari Financial Services, Inc. – Defendant

48.      Fischer, Howard Andrew – Attorney for Defendant Davison

49.      Fleesler, Gregory J. – Attorney for Defendant Davison

50.      Fox Rothschild LLP - Movant

51.      Friedman, Andrew S. – Attorney for Movant Investor Plaintiffs

52.      Friedman Fels & Soto, PLLC – Attorneys for Defendant Rybicki

53.      Gaugash, Simon Alexander – Attorney for Movant Paul Wassgren

54.      Genovese, Joblove & Battista, PA – Attorneys for Defendant Ferrari Financial Services

55.      Gunster – Attorneys for Movant Fox Rothschild LLP

56.      Harris, Charles M., Jr. – Attorney for Defendant Davison

57. Investor Plaintiffs (approximately 1,100 investors in various Equialt entities) – Movants

58. Jared J. Perez P.A. – Attorneys for Receiver

59. Johnson, Alise M. – Attorney for SEC

60. Johnson, Cassidy, Newlon & DeCort – Attorney for Receiver

61. Johnson, Pope, Bokor, Ruppel & Burns, LLP – Attorneys for Receiver

62. Kolod, Alexandra P. – Attorney for Defendant Davison

63. Law Offices of Charles M. Farano – Attorneys for Defendant Farano

64. Liebler, Gonzalez & Portuondo, PA – Attorneys for Movant Bank of America, N.A.

65. Magilligan, Donald J. – Attorney for Objector Mar

66. Mar, Robert G. – Objector

67. Maria Yip CPA

68. McDonald Revocable Living Trust – Defendant

69. McFaul, James A. – Attorney for Objector Armijo

70. Meek, David A., II – Attorney for Movant Essling

71. Molumphy, Mark C. – Attorney for Objector Mar

72. Morse, Adriaen M., Jr. – Attorney for Objector Armijo

73. Moses & Singer, LLP – Attorneys for Defendant Davison

74. Moskowitz, Adam M. – Attorney for Movant Investor Plaintiffs

75. The Moskowitz Law Firm – Attorneys for Movant Investor Plaintiffs

76. O'Brien, Russell – Attorney for SEC

77. Padgett Law, PA – Attorneys for Defendant Davison

78. Padgett, Stanley T. – Attorney for Defendant Davison

79. Perez, Jared J. – Attorney for Receiver

80. Prevost, Tamarah P. – Attorney for Objector Mar

81. Rybicki, Barry M. – Defendant

82. Rowe, Chanel – Attorney for SEC

83. Schifino, William J., Jr. – Attorney for Movant Fox Rothschild LLP

84. Schwartzbaum, Adam A. – Attorney for Movant Investor Plaintiffs

85. SECIL Law PLLC – Attorneys for Objector Armijo

86. Securities and Exchange Commission – Plaintiff

87.  Shutts & Bowen LLP – Former Attorneys for certain Defendants

88.  Silver Sands TI, LLC – Defendant

89.  Smith, Gambrell & Russell LLP – Attorneys for Receiver

90.  Sonn, Jeffrey Roger – Attorney for Movant Investor Plaintiffs

91.  Sonn Law Group PA – Attorneys for Movant Investor Plaintiffs

92.  Stallmo, Dawn – Intervenor Defendant

93.  Stallmo, Scott – Defendant

94.  State of Florida DBPR, Division of Hotels and Restaurants – Defendant

95.  Stines, Robert A. – Attorney for Receiver

96.  TB Oldest House Est. 1842, LLC – Defendant

97.  Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis – Attorneys for Defendant Davison

98.  Trenam Law – Attorneys for Defendant Davison

99.  Wassgren, Paul - Movant

100.  Wiand, Burton W. – Receiver

101.  Wiand Guerra King – Receiver

Appellant Armijo certifies through counsel that he knows of no publicly traded company or corporation that has an interest in the outcome of the case or appeal.

GRIFFIN DURHAM TANNER & CLARKSON LLC

By: /s/ R. Brian Tanner
    R. Brian Tanner
    Georgia Bar No. 697615
    btanner@griffindurham.com
    104 West State Street, Suite 200
    Savannah, Georgia 31401
    Ph/Fax: 912-867-9140

    *Counsel for Appellant Armijo*

Appellant Robert Armijo and Appellee Burton Wiand hereby respectfully submit their Notice of Settlement and Joint Motion for Limited Remand, and show as follows:

1.     All parties to this appeal have entered into a settlement agreement and release that will dispose of all issues raised in this appeal.

2.     Because this appeal and the settlement arise out of a receivership action, the agreement and release are subject to approval by the district court. Appellee Burton Wiand, the Receiver, already has filed with the district court an unopposed motion to approve the settlement and release. *See* Exhibit A.

3.     The parties to this appeal respectfully request that this Court grant a limited remand of this appeal in order to empower the district court to consider and approve the Receiver's unopposed motion to approve the settlement and release.

4.     If the appeal is remanded and the district court approves and certain conditions subsequent are satisfied, all issues presented in this appeal will be resolved, and the appeal will be dismissed.

5.     The parties additionally request that this Court stay all pending deadlines in this appeal during the period of limited remand.

1

The Parties anticipate that the district court will approve the settlement agreement and release and the conditions subsequent will be satisfied within sixty (60) days.

For the foregoing reasons, the parties request that this motion be granted.

Respectfully submitted,

**GRIFFIN DURHAM TANNER & CLARKSON LLC**

By: /s/ R. Brian Tanner
R. Brian Tanner
Georgia Bar No. 697615
btanner@griffindurham.com
104 West State Street, Suite 200
Savannah, Georgia 31401
Ph/Fax: 912-867-9140

*Counsel for Appellant Armijo*

**JOHNSON POPE BOKOR RUPPEL & BURNS, LLP**

By: /s/ Scott Ilgenfritz
Scott Ilgenfritz, Esq.
Florida Bar No. 394084
scotti@jpfirm.com
Guy M. Burns, Esq.
Florida Bar No. 160901
guyb@jpfirm.com
401 East Jackson Street, Suite 3100
Tampa, Florida 33602

*Counsel for Appellee Wiand*

2

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND TYPE-STYLE REQUIREMENTS

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because this document has been prepared in a proportionally-spaced typeface using Microsoft Office Word in fourteen-point Century Schoolbook font.

GRIFFIN DURHAM TANNER & CLARKSON LLC

By: /s/ R. Brian Tanner
R. Brian Tanner
Georgia Bar No. 697615
btanner@griffindurham.com
104 West State Street, Suite 200
Savannah, Georgia 31401
Ph/Fax: 912-867-9140

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the U.S. Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on October 4, 2023.  Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

GRIFFIN DURHAM TANNER & CLARKSON LLC

By: /s/ R. Brian Tanner
R. Brian Tanner
Georgia Bar No. 697615
btanner@griffindurham.com
104 West State Street, Suite 200
Savannah, Georgia 31401
Ph/Fax: 912-867-9140

# Exhibit A

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.

                                       Case No. 8:20-CV-325-MSS-UAM

BRIAN DAVISON;
BARRY M. RYBICKI;
EQUIALT LLC;
EQUIALT FUND, LLC;
EQUIALT FUND II, LLC;
EQUIALT FUND III, LLC;
EA SIP, LLC;

      Defendants, and

128 E. DAVIS BLVD, LLC, et al.,

      Relief Defendants.

_____/

## RECEIVER'S UNOPPOSED MOTION TO APPROVE SETTLEMENT WITH ROBERT JOSEPH ARMIJO, JOSEPH FINANCIAL INVESTMENT ADVISORS, LLC AND JOSEPH FINANCIAL INC.

Burton W. Wiand, as Receiver over the assets of the captioned corporate

and relief defendants, hereby files this motion to approve a settlement

agreement among the Receiver, the Investors Plaintiffs,[1] and Robert Joseph

_____

[1] The Investor Plaintiffs are as follows: Richard Gleinn; Phyllis Gleinn; Cary Toone; John Celli; Maria Celli; Eva Meier; Georgia Murphy; Steven J. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/10; Tracey F. Rubinstein, as

Armijo, Joseph Financial Advisors, LLC and Joseph Financial Inc. ("the Armijo Defendants"). In support of this motion, the Receiver states as follows:

## I.    **Procedural Background**

### *Settlement with Law Firms*

On May 15, 2023, this Court approved the settlement reached between (a) the Receiver and the Investor Plaintiffs, and (b) DLA Piper, LLP (US), Fox Rothschild, LLP, and Paul Wassgren ("the Lawyer Defendants"). (Doc. 915) ("Law Firm Settlement") The Law Firm Settlement will result in gross proceeds to the Receivership Estate of $44 million, if the Court approves this settlement with the Armijo Defendants.[2] Part of the Law Firm Settlement included a Bar Order that precluded any claims against the Lawyer Defendants related to the EquiAlt case. Doc. 915 at 14-22.  Sales agent Robert Armijo ("Mr. Armijo") objected to the imposition of a Bar Order due to his pending lawsuit against the Lawyer Defendants. *See Armijo v. Wassgren, et al.*, Case No. 2:22-cv-08851 (C.D. Calif.)("Armijo Law Firm Case"). This Court overruled those objections and approved the Law Firm Settlement (Docs. 914

---

trustee for the Rubinson Family Living Trust dated 6/25/10; Lisa Gioia, as successor trustee for the Greenberg Family Trust; Bruce R. Hannen; Geraldine Mary Hannen; Robert Cobleigh; Rory O'Neal; Marcia O'Neal; and Sean O'Neal, as trustee for the O'Neal Family Trust dated 4/6/2004.

[2] After payment of attorney's fees to the Receiver's special counsel and the Investor Plaintiffs' counsel, the net return to the Receivership Estate is approximately $34 million.

and 915). Mr. Armijo appealed this Court's decisions on June 12, 2023. (Doc. 932)

### Receiver's Clawback Action Against Armijo

In February 2021, the Receiver brought a clawback lawsuit against numerous sales agents and their affiliated entities. *See Wiand v. Family Tree Estate Planning, LLC, et al.*, Case No. 8:21-cv-00361-SDM-AAS (M.D. Fla.) ("Sales Agent Clawback Case"). Among the defendants in that case were Robert J. Armijo and Joseph Financial Inc. (Doc. 81). The Court in the Sales Agent Clawback Case granted the Receiver's Motion for Summary Judgment on March 24, 2023 (Doc. 229), resulting in a Final Judgment being entered against Armijo and Joseph Financial in the amount of $1,936,775.16[3] on June 28, 2023. (Doc. 243) Armijo appealed the Order granting the Receiver's Motion for Summary Judgment and the Final Judgment on July 28, 2023. (Doc. 246)

### Receivership Estate's Claims Process

Based on the Court-approved claims process, the Receiver made recommended claims determinations to the Court on over 1800 submitted claims. This Court approved the Receiver's recommendations on July 26, 2023. (Doc. 966) Among the claims that were denied was a claim submitted by Mr.

---

[3] Mr. Armijo has stated that this sum is uncollectible. However, he has not yet provided documents in response to financial discovery.

Armijo for $14,993,805.79. In accordance with the Court's Order, the Receiver notified all claimants, including Mr. Armijo, of the Court's determinations by letter dated August 8, 2023. Claimants had twenty days to serve any objection to the Court's determination. Mr. Armijo did not file an objection.

### *SEC's Action Against Mr. Armijo*

The Securities and Exchange Commission ("SEC") filed an action against Robert Joseph Armijo and Joseph Financial, Inc. in the Southern District of California in June 2021 alleging violations of Sections 5(a) and (c) of the Securities Act and Section 15(a)(1) of the Exchange Act. *SEC v. Robert Joseph Armijo, et al.,* Case No. 21CV1107 TW RBB (S.D. Calif). *See* Exhibit 1. The parties to that case filed cross motions for summary judgment.  On March 8, 2023, the Court in that case granted the SEC's motion for summary judgment and denied Armijo's motion for summary judgment. (Doc. 45) The Court has issued a briefing schedule requiring the SEC to file its motion for remedies no later than October 2, 2023. (Doc. 51) It is anticipated that the SEC will be seeking in excess of $1.1 million in disgorgement and civil penalties against Mr. Armijo.[4]

---

[4] In the SEC's action against Mr. Armijo, the SEC did not allege that Mr. Armijo had engaged in fraud. Rather, the SEC alleged licensing and registration violations under the federal securities laws by Mr. Armijo.

### *Investor Plaintiffs' Tolled Claims Against Armijo*

Beginning in 2020, various investors who purchased EquiAlt debentures for which Armijo served as an unlicensed sales agent (the "Investor Plaintiffs") filed several actions (collectively, "the Investor Actions") against the Armijo Defendants, asserting claims under applicable state securities laws. *Rubenstein, et. al. v. EquiAlt, LLC, et al.*, Case No. 8:20- cv-00448-WFJ-TGW (M.D. Fla.) (putative class action); *O'Neal et al. v. Joseph Financial, Inc. et al.*, Case 8:22-cv-00939 (M.D. Fla.) (putative class action); *Meier et al. v. Joseph Financial, Inc. et al.*, Case No. 37-2022-00001632-CU-NP-CTL (Cal. Superior Court) (individual action).

The Investor Actions were ultimately dismissed pursuant to tolling agreements (the "Tolling Agreements") preserving against statute of limitations defenses the investors' right to bring new actions against the Armijo Defendants in the event those claims were not resolved through settlements or otherwise. The operative tolling agreements covering the putative class actions previously brought against the Armijo Defendants by the pertinent investor plaintiffs preserved claims brought on behalf of any putative class of similarly situated investors as well as those potentially filed on behalf of the individual named plaintiffs.

II.  **Impact of Armijo-Related Actions on Receivership Distribution**

Given Mr. Armijo's appeal of the Court's approval of the Law Firm Settlement and Bar Order, the Lawyer Defendants are not required to make payment of the settlement funds. The Receiver has made great strides in recovering assets and funds for the benefit of the defrauded investors, but the monies from the Law Firm Settlement are a large portion of the funds to be used to pay the claimants in this case. Although the Receiver does not have specific demographic information for all the defrauded investors, based on the many conversations and communications that the Receiver's team has had with investors, a large segment of affected investors are retirees, many of whom counted on the EquiAlt distributions or invested retirement savings. The delay, caused by Armijo's appeal, in paying these settlement funds out will impact these investors in a profound way.

The Receiver believes that Mr. Armijo's appeal is of little merit and the possibility of an adverse ruling, while possible, is remote. The Receiver has filed a motion to have the appeal dismissed. Nonetheless, the very existence of the appeal is causing significant damage to the Receivership Estate. The delay in the payment of the settlement has a significant monetary impact on the Receivership and the claimants who are awaiting distributions. No bond has been required, so there is no potential to recover the cost of funds if and when

Mr. Armijo's appeal is denied. Currently, the Receiver is receiving an investment interest rate of 5.525% on funds awaiting distribution and given an estimated eighteen-month appellate process, the lost cost of funds to the Receivership Estate exceeds $3.6 million.[5] This does not include additional expenses of the Receiver relating to the appeal and $1 million of additional attorney's fees if the appeal were to be litigated to conclusion.

III.   **Efforts to Negotiate a Resolution**

The Receiver, Investor Plaintiffs, and the Armijo Defendants have participated in two separate mediations – one in June 2022 and another in July 2023. The SEC was also party to these settlement discussions. Both of these mediations ended in impasse. However, the parties continued to work toward resolution given the Receiver's and Investors Plaintiffs' overriding concern of finalizing and funding the approved Law Firm Settlement for the benefit of the aggrieved investors. To that end, the Parties seek the approval of the attached settlement agreement with the Armijo Defendants described below. *See* Exhibit 2.

> o   Mr. Armijo consents to entry of the Consent Judgment against him and Joseph Financial, Inc. in the amount of $1,114,933 in the SEC action pending in the Southern

---

[5] Or $2,817,750 on the net proceeds after payment of attorney's fees.

District of California. *See* Exhibit 3;[6]

o Mr. Armijo dismisses with prejudice the two appellate actions he has pending on the Bar Order and Sales Agent Clawback Case. *See* Exhibits 4 and 5;

o Mr. Armijo withdraws with prejudice his Proof of Claim filed in the EquiAlt Receivership. *See* Exhibit 6;

o Mr. Armijo files a Notice of Dismissal with Prejudice in the Armijo Law Firm Case. *See* Exhibit 7; and

o Mr. Armijo executes an express release of all claims against any party to this settlement. *See* Exhibit 8.

In exchange for these items, the Receiver and the Investor Plaintiffs agree to the following:

o Special Counsel to the Receiver, Counsel for the Investor Plaintiffs, the Lawyer Defendants, and the Receiver will participate in the payment of $1,850,933 into the trust account of Johnson Pope, Bokor, Ruppel & Burns, LLP

---

[6] The SEC and the Parties have agreed that Counsel for Mr. Armijo will hold the executed Consent in trust until such time as this Court approves this settlement. Once approved, the Consent will be filed with the Court in California.

("Johnson Pope");

- o Within five days of the Effective Date of the Agreement, Johnson Pope will make the following payments from its trust account:

    - o $736,000 to Armijo or his designee;

    - o $1,114,933 to the Receiver to satisfy Armijo's Consent Judgment to the SEC;

- o The Receiver will file a Satisfaction of Judgment in the Sales Agent Clawback Case. *See* Exhibit 9;

- o The Investor Plaintiffs will execute written confirmation that no action previously covered by the Tolling Agreements between the Armijo Defendants and the Investor Plaintiffs will be filed or commenced against the Armijo Defendants. *See* Exhibit 10;

- o The Investor Plaintiffs will file a Notice of Dismissal in the action styled *Gleinn, et al. v. Wassgren, et al.*, Case No. 8:20-cv-01677-MSS-CPT, which is currently pending before this Court. *See* Exhibit 11; and

- o General releases will be entered into between the Armijo

Defendants and the Receiver, the Investor Plaintiffs, and the

Lawyer Defendants. *See* Exhibit 8.

In sum, this settlement will make way for the $44 million settlement

with the Lawyer Defendants to be funded and distributed. Also, it should be

noted that none of the monies being paid to Mr. Armijo are coming from the

settlement funds.

## IV.    <u>Legal Argument</u>

The Court's power to supervise an equity receivership and to determine

the appropriate actions to be taken in the administration of the receivership is

extremely broad. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v.

Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986). The Court's wide discretion derives

from the inherent powers of an equity court to fashion relief. *Elliott*, 953 F.2d

at 1566. A court imposing a receivership assumes custody and control of all

assets and property of the receivership, and it has broad equitable authority to

issue all orders necessary for the proper administration of the receivership

estate. *See SEC v. Credit Bancorp Ltd.*, 290 F.3d 80, 82-83 (2d Cir. 2002); *SEC

v. Wencke*, 622 F.2d 1363, 1370 (9th Cir. 1980). The court may enter such orders

as may be appropriate and necessary for a receiver to fulfill his duty to

preserve and maintain the property and funds within the receivership estate.

*See, e.g., Official Comm. Of Unsecured Creditors of Worldcom, Inc. v. SEC*, 467 F.3d 73, 81 (2d Cir. 2006).

A district court therefore has the power to approve a settlement proposed by a receiver that is fair, adequate, and reasonable, and is the product of good faith negotiations after an adequate investigation by the receiver. *Sterling v. Steward*, 158 F.3d 1199, 1203 (11th Cir. 1998). To determine whether the settlement is fair, courts examine the following factors: "(1) the likelihood of success; (2) the range of possible [recovery]; (3) the point on or below the range of [recovery] at which settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Id.* at 1203 n.6 (citing *Bennett*, 737 F.2d at 86).

Here, application of the *Sterling* factors undeniably weighs heavily in favor of approval. Although the Receiver, Investor Plaintiffs, Lawyer Defendants, and the SEC prevailed at the trial court level in their disputes with Mr. Armijo, the risks, delays, and legal fees and costs associated with the pending appellate proceedings presents justification for compromising those victories. By acting as the "fly in the ointment," Mr. Armijo and his very capable counsel have leveraged his position to extract this settlement. *See Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 621 (S.D. Cal.

2004) ("[T]he courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement[.]").

This settlement was only executed after extensive, arm's length mediations and negotiations conducted between the parties in good faith. *See, e.g., Poertner v. Gillette Co.,* 14-13882, 2015 WL 4310896, *6 (11th Cir. 2015) (affirming approval of class action settlement, noting the parties' arm's-length negotiations moderated by an experienced mediator); *Lee v. Ocwen Loan Servicing, LLC,* No. 14-CV- 60649, slip op. at 25-26 (S.D. Fla. Sept. 14, 2015) (approving settlement and noting that parties' use of a highly respected mediator supported the conclusion that the settlement was not the product of collusion); *Hamilton v. SunTrust Mortg. Inc.,* No. 13-60749-CIV, 2014 WL 5419507, at *2 (S.D. Fla. Oct. 24, 2014) (noting that the fact that the settlement occurred following significant litigation, considerable document discovery, and months of negotiations with the help of a well-respected mediator supported approval of class action settlement). The Parties participated in two separate mediations with mediator Howard Tescher and conducted their own separate arms' length negotiations after the formal mediation impasses.

The Receiver and the Investor Plaintiffs have carefully analyzed the likelihood of collecting on the various judgments against the Armijo Defendants, continued litigation against the Armijo Defendants in both trial and appellate courts, the risks associated with the legal issues on appeal, and

the delay in receipt of the Law Firm Settlement proceeds for the benefit of the aggrieved investors in coming to the negotiated terms. This Settlement provides certainty to the Receivership Estate which in turn benefits those investors who were harmed by this scheme, and as such is unquestionably fair, adequate, and reasonable, and the product of good faith after an adequate investigation by the Receiver. *See, e.g., SEC v. Alleca,* No. 1:12-CV-03261-ELR, 2021 WL 4843987, at *12 (N.D. Ga. Sept. 9, 2021) (approving receiver's proposed settlement under the *Sterling* factors); *SEC v. 1 Glob. Cap. LLC,* No. 18-CV-61991, 2018 WL 8050527, at *3 (S.D. Fla. Dec. 27, 2018) (same).

Given the economics of the situation, continued litigation is counter-productive. Foregoing the settlement will cost the Receivership millions in interest, for the sake of pursuing uncollectable judgments. Approval of the settlement will not only clear the way for distribution of the Law Firm Settlement Funds but will also resolve all pending disputes among the Armijo Defendants, the Receiver, the Investor Plaintiffs, and the Lawyer Defendants.

## V.   Conclusion

Based on the foregoing, the Receiver strongly recommends and respectfully requests that the Court approve the settlement attached as Exhibit 2.

## LOCAL RULE 3.01(G) CERTIFICATION

Counsel for the Receiver has conferred with counsel for the SEC and the

SEC consents to the relief sought herein.

Respectfully submitted,

**/s/ Katherine C. Donlon**
Katherine C. Donlon, FBN 0066941
kdonlon@jnd-law.com
JOHNSON, NEWLON & DeCORT P.A.
3242 Henderson Blvd., Ste 210
Tampa, FL 33609
Tel: (813) 291-3300
Fax: (813) 324-4629
*Attorneys for Receiver Burton W. Wiand*

and

Scott C. Ilgenfritz, FBN 394084
scotti@jpfirm.com
Guy M. Burns, FBN 160901
guyb@jpfirm.com
JOHNSON POPE BOKOR RUPPEL &
 BURNS, LLP
401 East Jackson Street, Ste. 3100
Tampa, FL 33602
Tel: (813) 225-2500
Fax: (813) 223-7118
*Special Counsel for Receiver Burton W.
 Wiand*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 28, 2023, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system which will send notification of electronic filing to all counsel of record.

**/s/ Katherine C. Donlon**

# EXHIBIT 1

Alise Johnson, Esq.
Email: johnsonali@sec.gov
Attorney for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1950
Miami, FL 33131
Telephone: (305) 982-6300
Florida Bar No. 0003270

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

ROBERT JOSEPH ARMIJO AND
JOSEPH FINANCIAL, INC.,

Defendants.

Case No.: '21 CV1107 TWR RBB

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF AND DEMAND FOR JURY TRIAL**

Plaintiff Securities and Exchange Commission ("Commission") alleges:

## INTRODUCTION

1.      From approximately February 2016 through February 2020, Defendants Robert Joseph Armijo ("Armijo") and his company Joseph Financial, Inc. ("Joseph Financial") acted as unregistered brokers on behalf of investment funds ("EquiAlt Funds") managed by EquiAlt, LLC ("EquiAlt").  They raised at least $4.85 million from the unregistered offer and sale of securities of the EquiAlt Funds to more than 50 retail investors located in Arizona, California, Texas, and Oregon.  From these sales, the Defendants received approximately $1.1 million in transaction-based sales commissions.

2.      At all relevant times, the Defendants were not registered as broker-dealers with the Commission or associated with a registered broker-dealer.  EquiAlt's securities

offerings were not registered with the Commission and there was no applicable exemption from registration for these offerings.

3.      By engaging in this conduct, the Defendants each violated Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), [15 U.S.C. §§ 77e(a) and 77e(c)], and Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. § 78o(a)(1)].  Unless enjoined, the Defendants are reasonably likely to continue to violate the federal securities laws.  The Commission also seeks against all Defendants disgorgement of ill-gotten gains along with prejudgment interest thereon, and civil money penalties.

## **DEFENDANTS**

4.      **Robert Joseph Armijo,** 40, is a resident of La Mesa, California.  During the relevant period, Armijo operated and controlled Joseph Financial.  Armijo is not currently registered with the Commission or the Financial Industry Regulatory Authority ("FINRA"), nor was he during the time period relevant to the allegations contained herein.

5.      **Joseph Financial, Inc.** is a California corporation located in San Diego, California.  During the relevant period, Armijo owned and controlled Joseph Financial, and treated it as his alter ego.  Joseph Financial has never been registered with the Commission or FINRA.

## **JURISDICTION**

6.      This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d) and 77v(a)]; and Sections 21(d), 21(e) and 27(a) of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa(a)].

7.      This Court has personal jurisdiction over the Defendants and venue is proper in the Southern District of California because Defendants transacted business in this District relating to the sale of the EquiAlt Funds.

8.      In connection with the conduct alleged in this Complaint, the Defendants, directly and indirectly, singly or in concert with others, made use of the means or

instrumentalities of interstate commerce, the means or instruments of transportation or communication in interstate commerce, and of the mails.

## FACTUAL ALLEGATIONS

9.      From at least 2016 through February 11, 2020 (when the Commission filed an emergency action against EquiAlt and others), EquiAlt orchestrated a massive Ponzi scheme relating to its management of the EquiAlt Funds.  The scheme involved at least 1,100 investors who invested approximately $170 million in the EquiAlt Funds.

### A.      The EquiAlt Ponzi Scheme and Other Fraudulent Conduct

10.      At all relevant times, Brian Davison controlled EquiAlt, whose primary business purpose was the management of the EquiAlt Funds.  Davison, along with EquiAlt's Vice President Barry Rybicki, told investors that the EquiAlt Funds would use their money to purchase real estate in distressed markets throughout the United States and that these real estate investments would generate revenues sufficient to pay investors interest rates of 8% to 10% per annum on their investments.  The EquiAlt Funds, however, were unprofitable almost from inception.

11.      Without sufficient revenues to pay the money owed to investors, EquiAlt soon resorted to fraud, using new investor money to pay the interest promised to existing investors in a Ponzi like scheme.  EquiAlt perpetuated this fraud for several years until the Commission filed its emergency action in February 2020 and the Court entered a temporary restraining order, an asset freeze, and appointed a receiver over the EquiAlt Funds.

12.      In furtherance of this fraudulent scheme, EquiAlt, Rybicki, and Davison also made numerous material misrepresentations and omissions to investors in connection with the offer and sale of investments in the EquiAlt Funds.

### B.      EquiAlt Made Material Misrepresentations to Investors

13.      EquiAlt, through a network of unregistered sale agents including the Defendants in this action, sold investors 3-year or 4-year term debentures issued by the EquiAlt Funds providing a fixed annual return of 8% to 10%.  Many of the investors

were elderly, retired, and used their IRAs to invest in the EquiAlt Funds.  Moreover, many of the investors were unaccredited or unsophisticated in that they lacked knowledge or expertise in financial matters, were not capable of evaluating the merits or risks of the investment, and were not otherwise capable of bearing the economic risks of the investment.  Many of the investors in this Ponzi scheme were attracted to investments in the EquiAlt Funds by representations that the investments were secure, low risk, and conservative.

14.    In addition to the misrepresentations about the safety and security of investing in the EquiAlt Funds, EquiAlt made numerous other misrepresentations and omissions concerning the use of investor proceeds, registration with the Commission, compliance with applicable laws, and management of the EquiAlt Funds.  In particular, EquiAlt misrepresented, or failed to disclose adequately to investors, that their investment proceeds were being used to pay substantial commissions to unregistered sales agents.  Moreover, investors were told that 90% of their funds would be used to invest "in property."  Yet, less than 50% of investor funds were actually used for that purpose.  In fact, most of the remaining funds were used for improper purposes such as the payment of millions of dollars in undisclosed fees and bonuses to EquiAlt, Davison and Rybicki.

### C.    Defendants Offered and Sold EquiAlt Securities

15.    Over a period of several years, EquiAlt recruited a network of unregistered sales agents throughout the United States to sell the fixed rate debentures issued by the EquiAlt Funds.  EquiAlt paid these unregistered sales agents, including the Defendants, commissions ranging from 6-12% of the amount invested in the EquiAlt Funds.

16.    EquiAlt's debentures are securities within the meaning of Section 2(a)(1) of the Securities Act and Section 3(a)(10) of the Exchange Act which defines a "security" to include, among other things, "any note, . . . bond, [or] debenture."  Moreover, EquiAlt's debentures fall under Section 2(a)(1) of the Securities Act and Section 3(a)(10) of the Exchange Act which define "security" to include, among other things, "investment

contracts." In *SEC v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946), the Supreme Court defined an investment contract as (1) an investment of money, (2) in a common enterprise, (3) with the expectation of profits produced solely by the efforts of others. EquiAlt's investments clearly involve an "investment of money." Here, the investors had no role in selecting or analyzing the underlying properties and the expected profitability of the investments was derived solely from the efforts of EquiAlt, Davison, and Rybicki. Once investors sent their money, they had no control over how EquiAlt would use it. As such, EquiAlt's investments are securities within the meaning of Section 2(a)(1) of the Securities Act and Section 3(a)(10) of the Exchange Act.

17.     Armijo first became involved with EquiAlt in 2013 when he and another California based sales agent, who was also acting as an unregistered broker, agreed to share commissions paid by EquiAlt in connection with the sale of EquiAlt Funds' securities. This commission sharing arrangement continued for several years until Armijo and this other sales agent terminated their business relationship in early 2016.

18.     Shortly thereafter, Armijo contacted Rybicki to discuss the possibility of Armijo selling EquiAlt Funds' securities on his own. Rybicki agreed to work directly with Armijo to market and sell EquiAlt Funds' securities. Pursuant to their agreement, Armijo's company, Joseph Financial, began receiving commissions of 10% for selling EquiAlt Funds' securities. Armijo also received bonuses if his sales of EquiAlt Funds' securities exceeded a specific amount during a particular month. Armijo also received commissions of up to 6% when investors he had solicited renewed their investments in the EquiAlt Funds.

19.     Between February 2016 through February 2020, Armijo regularly participated in multiple securities transactions involving the EquiAlt Funds at key points in the chain of distribution. More specifically, Armijo repeatedly solicited investors for EquiAlt's Funds; communicated directly with investors about EquiAlt's Funds; described the merits of the EquiAlt Funds' securities to investors; reassured investors about the risk

of investing in the Funds or of EquiAlt's business model; and received transaction-based compensation.

20.    In fact, after reviewing their assets and investment time horizon, Armijo described the merits of investing in the EquiAlt Funds to investors, frequently describing the investments as low-risk.  In addition to describing the investment as low-risk, Armijo explained important facts concerning EquiAlt's business model as well as other material aspects of the investment, such as the annual interest rate paid to investors and the investment options offered by the EquiAlt Funds (which included a monthly interest payment option or a growth option offering a higher return on investment).  While acting as an unregistered broker, Armijo repeatedly recommended the EquiAlt Funds to his clients claiming that the investment supposedly offered liquidity in three years, provided monthly income, and involved a "debt-free real estate fund."

21.    In addition to recommending investments in the EquiAlt Funds, Armijo also assisted investors with most aspects of the securities sales transactions.  Among other things, he provided offering documents and marketing materials prepared by EquiAlt to prospective investors and helped process the paperwork necessary to complete the investment such as the subscription agreements executed by investors.  He also participated in joint telephone calls between prospective investors and representatives of EquiAlt concerning the investment opportunity and even attempted to negotiate higher interest rates from EquiAlt for his clients. Ultimately, Defendants raised about $4.85 million from the unregistered offer and sale of securities of the EquiAlt Funds to more than 50 retail investors.  From these sales, the Defendants received approximately $1.1 million in transaction-based sales commissions.

22.    Although EquiAlt purportedly offered its securities under Rule 506(b) of Regulation D, a "safe harbor" under Section 4(a)(2) of the Securities Act, the safe harbor did not apply because EquiAlt engaged in general solicitation or advertised to market the securities. Furthermore, EquiAlt did not provide an audited balance sheet or financial statements to the unaccredited EquiAlt investors, and the information provided was false

and misleading. Consequently, the Defendants engaged in unregistered securities transactions for which an exemption from registration did not apply.

23. Moreover, when the Defendants sold the EquiAlt Funds' securities they held no securities licenses, were not registered with the Commission as broker-dealers, and were not associated with a registered broker-dealer.

## CLAIMS FOR RELIEF

## COUNT I

## Violations of Sections 5(a) and 5(c) of the Securities Act

24. The Commission repeats and realleges paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. No registration statement was filed or in effect with the Commission pursuant to the Securities Act with respect to the securities offered and sold by the Defendants as described in this Complaint and no exemption from registration existed with respect to these securities.

26. From approximately 2016 and continuing through approximately February 2020, the Defendants directly and indirectly:

(a) made use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise;

(b) carried or caused to be carried securities through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale; or

(c) made use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security;

without a registration statement having been filed or being in effect with the Commission as to such securities.

COMPLAINT                                           7

27.    By reason of the foregoing the Defendants violated and, unless enjoined, are reasonably likely to continue to violate Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

### COUNT II

### Violations of Section 15(a)(1) of the Exchange Act

28.    The Commission repeats and realleges Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

29.    From approximately 2016 and continuing through approximately February 2020, the Defendants, directly or indirectly, by the use of the mails or any means or instrumentality of interstate commerce effected transactions in, or induced or attempted to induce the purchase or sale of securities, while they were not registered with the Commission as a broker or dealer or when they were not associated with an entity registered with the Commission as a broker-dealer.

30.    By reason of the foregoing, the Defendants, directly or indirectly, violated and, unless enjoined, are reasonably likely to continue to violate Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

### RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests the Court find the Defendants committed the violations alleged, and:

### A.

### Permanent Injunctive Relief

Issue a Permanent Injunction enjoining the Defendants from violating Sections 5(a) and 5(c) of the Securities Act and Section 15(a)(1) of the Exchange Act.

### B.

### Disgorgement and Prejudgment Interest

Issue an Order directing Defendants Armijo and Joseph Financial to disgorge on a joint and several basis all ill-gotten gains or proceeds received as a result of the acts and/or courses of conduct complained of herein, with prejudgment interest thereon.

**C.**

**Civil Money Penalties**

Issue an Order directing the Defendants Armijo and Joseph Financial to pay civil money penalties on a joint and several basis pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act.

**D.**

**Further Relief**

Funding such other and further relief as may be necessary and appropriate.

**E.**

**Retention of Jurisdiction**

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

**DEMAND FOR JURY TRIAL**

The Commission hereby demands a trial by jury in this case.

Dated:  June 14, 2021

                                Respectfully submitted,

                                s/ Alise Johnson
                                Alise Johnson
                                Attorney for Plaintiff
                                Securities and Exchange Commission
                                Email:  johnsonali@sec.gov
                                801 Brickell Avenue, Suite 1950
                                Miami, FL 33131
                                Telephone: (305) 982-6300
                                Florida Bar No. 0003270

# EXHIBIT 10

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                              Case No: 8:20-cv-00325-MSS-UAM

BRIAN DAVISON, BARRY M. RYBICKI,
EQUIALT LLC, EQUIALT FUND, LLC,
EQUIALT FUND II, LLC, EQUIALT FUND
III, LLC, EA SIP, LLC,

      Defendants,

128 E. DAVIS BLVD, LLC, 310 78TH AVE,
LLC, 551 3D AVE S, LLC, 604 WEST
AZEELE, LLC, BLUE WATERS TI, LLC,
2101 W. CYPRESS, LLC, 2112
W. KENNEDY BLVD, LLC, BNAZ, LLC,
BR SUPPORT SERVICES, LLC, CAPRI
HAVEN, LLC, EANY, LLC, BUNGALOWS
TI, LLC, EQUIALT 519 3RD AVE S., LLC,
MCDONALD REVOCABLE LIVING
TRUST, 5123 E. BROADWAY AVE, LLC,
SILVER SANDS TI, LLC, TB OLDEST
HOUSE EST. 1842, LLC,

      Relief Defendants.

_____/

## SATISFACTION OF CLAIMS BY INVESTOR PLAINTIFFS AGAINST ROBERT J. ARMIJO, JOSEPH FINANCIAL, INC., AND JOSEPH FINANCIAL INVESTMENT ADVISORS, LLC

      The Investor Plaintiffs, as defined in the Armijo Settlement Agreement among Burton W.

Wiand, as Receiver; the Investor Plaintiffs; and Robert Joseph Armijo, Joseph Financial, Inc., and

Joseph Financial Investment Advisors, LLC (collectively "Armijo"), hereby give notice, by their

undersigned counsel, that any and all claims of the Investor Plaintiffs against Armijo are satisfied

and that the Investor Plaintiffs shall not file or commence any further legal action against Armijo.

/s/ Andrew S. Friedman
Andrew S. Friedman
Bonnett, Fairbourn, Fredman & Balint, PC
2325 E. Camelback Rd., Suite 300
Phoenix, AZ  85016
602-279-1100
afriedman@bffb.com
Counsel for Investor Plaintiffs

# EXHIBIT 11

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CIVIL ACTION NO. 8:20-cv-01677-MSS-CPT**

RICHARD GLEINN and PHYLLIS
GLEINN, et al.

      Plaintiffs,

v.

PAUL WASSGREN, et al.,

      Defendants.

_____/

**STIPULATION FOR DISMISSAL WITH PREJUDICE**

      Plaintiffs, by their undersigned counsel, and Defendants, Paul Wassgren, Fox Rothschild, LLP, and DLA Piper LLP (US), by their respective undersigned counsel, pursuant to Rule 41 Fed. R. Civ. P., hereby enter into this Stipulation for Dismissal with Prejudice of this action, and say:

1. The Parties to this action hereby stipulate to the dismissal with prejudice of this action and all claims asserted in this action.

2. The Parties to this action further stipulate that the Plaintiffs and Defendants shall each bear and be responsible for their own respective attorney's fees, costs, and court fees.

Dated: September ___, 2023

      /s/ Andrew S. Friedman
      Andrew S. Friedman
      Bonnett, Fairbourn, Fredman & Balint, PC
      2325 E. Camelback Rd., Suite 300
      Phoenix, AZ  85016
      602-279-1100
      afriedman@bffb.com
      Counsel for Investor Plaintiffs

      /s/ Simon A. Gaugush
      Simon A. Gaugush, FBN 440050

1

Carlton Fields, P.A.
P. O. Box 3239
Tampa, FL 33601-3239
813-229-4227
sgaugush@carltonfields.com
Counsel for Paul Wassgren


/s/ William J. Schifino, Jr.
William J. Schifino, Jr., FBN 564338
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson St., Suite 2500
Tampa, FL  33602
813-228-9080
wschifino@gunster.com
Counsel for Fox Rothschild LLP


/s/ John Villa
John Villa (pro hac vice)
Williams & Connolly LLP
725 12th Street N.W.
Washington, DC  20005
202-434-5117
jvilla@WC.com
Counsel for DLA Piper LLP (US)

# EXHIBIT 2

## <u>ARMIJO SETTLEMENT AGREEMENT</u>

This Armijo Settlement Agreement (the "Armijo Agreement") constitutes a full final and complete settlement among (i) Burton Wiand in his capacity as Receiver ("the Receiver"); (ii) the Investor Plaintiffs (as defined below in paragraph 11); and (iii) Robert Joseph Armijo, Joseph Financial, Inc. and Joseph Financial Investment Advisors, LLC (collectively "Armijo"). (All of the above are collectively referred to as the "Parties").

This Armijo Agreement memorializes the terms of a complete, full and final settlement of all issues and claims pending by and between Armijo and (a): all entities placed in Receivership in the action styled *SEC v. Davison, et al*., Case No. 8:20-cv-00325-MSS-UAM, pending in the United States District Court for the Middle District of Florida (the "EquiAlt Action") or over which the Receiver has authority as a result of the EquiAlt Action; (b) the Receiver; and (c) the Investor Plaintiffs (including all of their predecessors, successors, parents, assigns, subsidiaries, affiliates, employees, officers, directors, and partners).  Intended third party beneficiaries of this Armijo Agreement are the Lawyer Defendants defined to include Paul Wassgren, Fox Rothschild, LLP, and DLA Piper, LLP (US) and all of their predecessors, subsidiaries, affiliates, employees, officers, directors, and Partners.

1.     This Armijo Agreement is subject to and conditioned upon the approval by the Court in the EquiAlt Action.  The Parties to this Armijo Agreement will all individually and collectively use their best efforts to secure and support the court's approval of this Armijo Agreement in the EquiAlt Action.

2.     The effective date of this Armijo Agreement (the "Effective Date") will be the later to occur of the following: (a) the date of the entry of the Final Judgment in the action

styled *Securities and Exchange Commission v. Robert J. Armijo, et al.*, Case No. 3:21-cv-01107-TWR-AHG, U.S. District Court for the Southern District of California (the "SEC Armijo Action").  The form of the final judgment to be entered is included in Exhibit 1; (b) thirty (30) days after entry of an Order by the District Court in the EquiAlt Action approving this Armijo Agreement (the "Approval Order"), provided there are no appeals to that approval and the Approval Order becomes final.  The Parties agree not to appeal the Court's Approval Order, and hereby waive any right to appeal the Court's Approval Order, provided the Court's Approval Order does not materially change the terms of this Armijo Agreement.  In the event there are any appeals, this Agreement will become effective thirty (30) days after the resolution of any such appeal that does not materially change the terms of this Armijo Agreement.

3.      As conditions to this Settlement, Armijo agrees to execute the SEC Consent and agrees to entry of the Final Judgment in the SEC Armijo Action in the forms attached as Exhibit 1 ("Consent Judgment"), requiring disgorgement (plus prejudgment interest thereon) and civil penalty payments in the amount of $1,114,933.  The Receiver and Investor Plaintiffs believe that Armijo's agreement to the filing of the dismissals with prejudice of the two appellate cases as described in paragraphs 6 and 7, his filing of the Withdrawal with Prejudice of Armijo's Proof of Claim in the Receivership as described in paragraph 8, and his Release and relinquishment of all claims against the Investor Plaintiffs, the Lawyer Defendants, and the Receiver and all persons and entities over which the Receiver has authority in the EquiAlt Receivership as described in paragraph 10 have a value to the Receivership in excess of the amounts included in the Consent Judgment.

4.      Within five (5) days of the Effective Date, Special Counsel for the Receiver, Counsel for the Investor Plaintiffs, the Lawyer Defendants, and the Receiver shall participate in the payment of $1,850,933 into the Trust account of Johnson, Pope, Bokor, Ruppel & Burns, LLP "Johnson Pope"). Within five (5) days of the Effective Date, Johnson Pope shall pay Armijo (or his designee) the amount of $736,000. Within five (5) days of the Effective Date, Johnson Pope shall pay to the Receiver (or the SEC, in any or all part, as required) the sum of $1,114,933 in satisfaction of the disgorgement and civil penalty payments required by the Consent Judgment.

5.      Within five (5) days of the Effective Date, the Receiver will file a Satisfaction of Judgment stating the judgment for $1,936,775.16, plus interest entered against Armijo in the case of *Burton W. Wiand as Receiver v. Family Tree Estate Planning, LLC, et al.*, Case No. 8:21-cv-361-SDM-AAS (the "Receiver Action") has been fully satisfied. The agreed form of the Satisfaction of Judgment is attached as Exhibit 2.

6.      Within five (5) days of the Effective Date, Armijo agrees to the filing of a Stipulation for Dismissal of his appeal pending before the Eleventh Circuit Court of Appeals, which appeal seeks review of the District Court's Order granting summary judgment to the Receiver in the Receiver Action. This appellate dismissal will be with prejudice and all parties will bear their own costs, attorney's fees, and court fees. The agreed form of the Stipulation for Dismissal is attached as Exhibit 3.

7.      Within five (5) days of the Effective Date, Armijo agrees to the filing of a Stipulation for Dismissal of his appeal pending before the Eleventh Circuit in the EquiAlt Action, which appeal seeks review of the District Court's entry of the Order Granting the Receiver and Investor Plaintiffs Joint Motion for Final Approval of Proposed Settlements,

Approval of Bar Orders, and Entry of Bar Orders (Doc. 914) in the EquiAlt Action.  The Stipulation for Dismissal of that appeal will be with prejudice with all parties to bear their own costs, attorney's fees, and court fees. The agreed form of the Stipulation for Dismissal is attached as Exhibit 4.

8.     Within five (5) days of the Effective Date, Armijo will withdraw with prejudice his Proof of Claim filed in the Receivership claims process in the EquiAlt Action, and release and relinquish all claims against the Receiver and all persons and entities over which the Receiver has authority in the EquiAlt Receivership.  The agreed form of the Withdrawal of Claim is attached as Exhibit 5.

9.     Within five (5) days of the Effective Date, Armijo agrees to file a Notice of Dismissal with Prejudice of the claims asserted in *Armijo v. Paul Wassgren, et al.*, Case No. 8:21-cv-00361, U.S. District Court for the Central District of California, with all parties to bear their own costs, attorney's fees and court costs, and Armijo agrees to file a Request for Dismissal of the claims asserted in *Armijo v. Paul Wassgren, et al.*, Case No. 22STCV32793, Superior Court of California, County of Los Angeles, with all parties to bear their own costs, attorney's fees, and court costs.  The above referenced actions pending in the U.S. District Court of the Central District of California and pending in the Superior Court of California, County of Los Angeles, are collectively referred to as "Armijo Actions."  The agreed forms of the Notice of Dismissal and the Request for Dismissal are attached as Exhibit 6.

10.    Concurrent with the execution of this Armijo Agreement, the Parties or their authorized representatives and the Lawyer Defendants will execute a release in which Armijo will release all claims against the Receiver, the Investor Plaintiffs, and the Lawyer

Defendants, and the Receiver, the Investor Plaintiffs, and the Lawyer Defendants will release all claims against Armijo.  The Agreed form of that release is attached as Exhibit 7 ("Reciprocal General Release").  Enforceability of the Armijo Agreement is contingent on full execution of the Reciprocal General Release.

11.     Within five (5) days of the Effective Date, Investor Plaintiffs will cause counsel for the Investor Plaintiffs to execute and deliver to Counsel for Armijo written confirmation that no action previously covered by the Tolling Agreement between Armijo and Investor Plaintiffs will be filed or commenced against Armijo.  The agreed form of confirmation is attached as Exhibit 8. The Investor Plaintiffs consist of  the Plaintiffs in *Richard Gleinn and Phyllis Gleinn, et al. v. Paul Wassgren, et al.*, Case No. 8:20-cv-01677-MSS-CPT (the "Investor Action"), U.S. District Court for the Middle District of Florida; the former Plaintiffs in *Eva Meier, et al. v. Joseph Financial, Inc., et al.*, Case No. 37-2022-00001632-CU-NP-CTL, Superior Court of California, County of San Diego; and the former Plaintiffs in *Marcia O'Neal, et al. v. Joseph Financial, Inc., et al.*, Case No. 8:22-cv-00939, U.S. District Court for the Middle District to Florida (collectively the "Investor Actions").  The Investor Plaintiffs are as follows: Richard Gleinn; Phyllis Gleinn; Cary Toone; John Celli; Maria Celli; Eva Meier; Georgia Murphy; Steven J. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010; Tracey F. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010; Lisa Gioia, as successor trustee for the Greenberg Family Trust; Bruce R. Hannen; Geraldine Mary Hannen; Robert Cobleigh; Rory O'Neal; Marcia O'Neal; and Sean O'Neal, as trustee for the O'Neal Family Trust dated 4/6/2004.  Investor Plaintiffs also agree that any and all prior tolling

agreements entered into by and between any of the Investor Plaintiffs and any of Armijo are deemed void upon the Effective Date.

12.     Within five (5) days of the Effective Date, Counsel for the Investor Plaintiffs will file a Notice of Dismissal with Prejudice of their claims in the Investor Action.  The agreed form of the Investor Plaintiffs' Notice of Dismissal with Prejudice is attached as Exhibit 9.

13.     Within five (5) days of this Armijo Agreement being fully executed, the Receiver and Investor Plaintiffs shall cause to be filed a motion for an approval of this Armijo Agreement.   The Receiver and Investor Plaintiffs recognize there were no allegations of fraud against Armijo, and the allegations related to licensing and registration violations as alleged by the SEC in the SEC Armijo Action.  Should the Court decline to enter an Order approving this Armijo Agreement, or should any other action be filed, or claim initiated, against Armijo prior to the Effective Date arising out of or related to EquiAlt, LLC, EquiAlt Fund, LLC, EquiAlt Fund II, LLC, EquiAlt Fund III, LLC, EA SIP, LLC, EquiAlt Secured Income Portfolio REIT, Inc., EquiAlt Qualified Opportunity Zone Fund, L.P., and/or EquiAlt Fund I, LLC,  unless the Parties in writing agree otherwise, this Settlement Agreement (and any exhibit executed thereunder) will be deemed void *ab initio* and the Parties returned to their status *quo ante.*

14.     The Parties to this Armijo Agreement agree that they will never oppose, object to, or in any way support, facilitate or encourage an objection or opposition to the issuance, renewal or re-issuance of any financial securities license for Armijo.  However, in the event a Party is contacted by a representative of a state regulatory agency or a representative of a federal regulatory agency after the Effective Date of this Armijo

Agreement, and that Party is requested to provide factual information in response to inquiries, he, she, or it may do so.

15.    It is the intent of the Parties that this Armijo Agreement is complete and absolute and resolves all claims that any of the Parties to this Agreement have or may have against the other Parties to this Armijo Agreement, whether or not asserted, and that all matters regarding Armijo, on one hand, and the EquiAlt entities under the authority of the Receiver in the Receivership, the Receiver, the Lawyer Defendants, and the Investor Plaintiffs, including their respective officers, partners, agents, affiliates, successors, assigns and employees, on the other hand, are fully and completely resolved and concluded.

16.    The Parties agree that any disputes between or among them with respect to this Armijo Agreement or the performance or non-performance of this Armijo Agreement shall be resolved in a summary proceeding by the District Court in the EquiAlt Action.

17.    The Parties acknowledge that the persons signing this Armijo Agreement below are fully authorized to make the agreements herein, and that the signatures of any representatives of any of the Parties shall bind the Parties to the terms of this Armijo Agreement.  The Parties further acknowledge that he, she, it, and they have read and understand this Armijo Agreement and that his, her, its, and their execution of this Armijo Agreement is a voluntary act performed after due and considered deliberation. The Parties also acknowledge that he, she, it, and they have been represented by counsel or have had the opportunity to secure counsel of his, its, or their choosing in connection with this Armijo Agreement, and that he, she, it, and they have not relied upon any express or implied representations regarding this Armijo Agreement.

18.     The Parties warrant and represent that they have not assigned, transferred, conveyed, pledged, or made any other disposition of the rights, claims, interest, actions, causes of action, obligations, or any other matter being settled and released herein, and that they each have the full right, power, and authority to make the promises, agreements, and covenants set forth and/or described herein.

19.     This Armijo Agreement constitutes the sole and entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, both written and oral, with respect to such subject matter.  Notwithstanding the foregoing, any and all prior settlement agreements entered into between any of the Parties shall remain in full force and effect. The terms of this Armijo Agreement are contractual and may not be modified orally but instead only by a written instrument duly signed by each party.

20.     Should any provision of this Armijo Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, terms, or provisions shall be deemed not to be a part of this Armijo Agreement.

21.     This Armijo Agreement shall be deemed to have been executed and delivered in the state of Florida, and shall be governed, construed, and enforced in accordance with the laws of Florida.

22.     This Armijo Agreement may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.  Delivery of an executed

counterpart of this Armijo Agreement electronically or by facsimile shall be effective as delivery of an original executed counterpart.

DocuSigned by:

_____
Robert J. Armijo
For: Robert Joseph Armijo
     Joseph Financial Investment
       Advisors, LLC
     Joseph Financial Inc.

_____
Burton W. Wiand, as Receiver

_____
Andrew S. Friedman
For: Investor Plaintiffs

Approved as to form:

_____
James A. McFaul, SBN 248570
jmcfaul@ddwklaw.com
**Dunn DeSantis Walt & Kendrick, LLP**
750 B Street, Suite 2620
San Diego, CA 92101
Ph. 619-573-4488
*Counsel for Armijo Parties*

_____
Guy M. Burns, FBN 160901
guyb@jpfirm.com
Scott C. Ilgenfritz, FBN 394084
scotti@jpfirm.com
**Johnson Pope Bokor Ruppel & Burns, LLP**
401 East Jackson Street, Ste. 3100
Tampa, FL 33602
Ph. 813-225-2500
*Special Counsel for Receiver*

_____
Katherine C. Donlon, FBN 066941
kdonlon@jnd-law.com
**Johnson, Newlon & DeCort**
3242 Henderson Blvd., Suite 210
Tampa, FL 33609-3094
Ph: 813-291-3300
*Attorneys for*
*Receiver Burton W. Wiand*

counterpart of this Armijo Agreement electronically or by facsimile shall be effective as

delivery of an original executed counterpart.

_____          _____
**Robert J. Armijo**                                                **Burton W. Wiand, as Receiver**
**For: Robert Joseph Armijo**
    **Joseph Financial Investment**
      **Advisors, LLC**
    **Joseph Financial Inc.**


_____
**Andrew S. Friedman**
**For: Investor Plaintiffs**


**Approved as to form:**


_____          _____
James A. McFaul, SBN 248570                          Guy M. Burns, FBN 160901
jmcfaul@ddwklaw.com                                       guyb@jpfirm.com
**Dunn DeSantis Walt & Kendrick, LLP**      Scott C. Ilgenfritz, FBN 394084
750 B Street, Suite 2620                                    scotti@jpfirm.com
San Diego, CA  92101                                        **Johnson Pope Bokor Ruppel &**
Ph. 619-573-4488                                              **Burns, LLP**
*Counsel for Armijo Parties*                          401 East Jackson Street, Ste. 3100
                                                                       Tampa, FL 33602
                                                                       Ph. 813-225-2500
                                                                       *Special Counsel for Receiver*


_____
Katherine C. Donlon, FBN 066941
kdonlon@jnd-law.com
**Johnson, Newlon & DeCort**
3242 Henderson Blvd., Suite 210
Tampa, FL 33609-3094
Ph: 813-291-3300
*Attorneys for*
*Receiver Burton W. Wiand*

counterpart of this Armijo Agreement electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____          _____
**Robert J. Armijo**                                      **Burton W. Wiand, as Receiver**
**For: Robert Joseph Armijo**
    **Joseph Financial Investment**
      **Advisors, LLC**
    **Joseph Financial Inc.**

_____
**Andrew S. Friedman**
**For: Investor Plaintiffs**

**Approved as to form:**

_____          _____
James A. McFaul, SBN 248570                Guy M. Burns, FBN 160901
jmcfaul@ddwklaw.com                         guyb@jpfirm.com
**Dunn DeSantis Walt & Kendrick, LLP**     Scott C. Ilgenfritz, FBN 394084
750 B Street, Suite 2620                    scotti@jpfirm.com
San Diego, CA  92101                        **Johnson Pope Bokor Ruppel &**
Ph. 619-573-4488                            **Burns, LLP**
*Counsel for Armijo Parties*                401 East Jackson Street, Ste. 3100
                                            Tampa, FL 33602
                                            Ph. 813-225-2500
                                            *Special Counsel for Receiver*

_____
Katherine C. Donlon, FBN 066941
kdonlon@jnd-law.com
**Johnson, Newlon & DeCort**
3242 Henderson Blvd., Suite 210
Tampa, FL 33609-3094
Ph: 813-291-3300
*Attorneys for*
*Receiver Burton W. Wiand*

counterpart of this Armijo Agreement electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
**Robert J. Armijo**
**For: Robert Joseph Armijo**
    **Joseph Financial Investment**
      **Advisors, LLC**
    **Joseph Financial Inc.**

_____
**Burton W. Wiand, as Receiver**

_____
**Andrew S. Friedman**
**For: Investor Plaintiffs**

**Approved as to form:**

_____
James A. McFaul, SBN 248570
jmcfaul@ddwklaw.com
**Dunn DeSantis Walt & Kendrick, LLP**
750 B Street, Suite 2620
San Diego, CA 92101
Ph. 619-573-4488
*Counsel for Armijo Parties*

_____
Guy M. Burns, FBN 160901
guyb@jpfirm.com
Scott C. Ilgenfritz, FBN 394084
scotti@jpfirm.com
**Johnson Pope Bokor Ruppel &**
**Burns, LLP**
401 East Jackson Street, Ste. 3100
Tampa, FL 33602
Ph. 813-225-2500
*Special Counsel for Receiver*

_____
Katherine C. Donlon, FBN 066941
kdonlon@jnd-law.com
**Johnson, Newlon & DeCort**
3242 Henderson Blvd., Suite 210
Tampa, FL 33609-3094
Ph: 813-291-3300
*Attorneys for*
*Receiver Burton W. Wiand*

# EXHIBIT 1

THE ORIGINAL SIGNED COPY IS BEING HELD IN ESCROW PENDING COURT APPROVAL OF THIS SETTLEMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                    Plaintiff,<br><br>v.<br><br>ROBERT JOSEPH ARMIJO AND JOSEPH FINANCIAL, INC.,<br><br><br>                                    Defendants. | Case No.:  CV-21-1107 TWR (AHG)<br><br>**CONSENT OF DEFENDANTS ROBERT JOSEPH ARMIJO AND JOSEPH FINANCIAL, INC. TO FINAL JUDGMENT** |

1.      Defendants Robert Joseph Armijo and Joseph Financial, Inc. ("Defendants") acknowledge having been served with the Complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2.      Without admitting or denying the allegations of the Complaint (except as provided herein and except as to personal and subject matter jurisdiction, which Defendants admit), Defendants hereby consent to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

i.      permanently restrains and enjoins Defendants from violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77e]; and Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(a)(1)]; and

ii.      orders Defendants to pay disgorgement, jointly and severally, in the amount of $910,326 plus prejudgment interest thereon in the amount of $129,607 and a civil penalty in the amount of $75,000.

3.      Defendants acknowledge that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants agree that they shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants agree that they shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.      Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

CV-21-1107 TWR (AHG)

5.      Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

8.      Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

10.     Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions.  Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding.  Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability**.**  Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations

CV-21-1107 TWR (AHG)

of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendants understand that they shall not be permitted to contest the factual allegations of the Complaint in this action.

12.    Defendants understand and agree to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendants' agreement to comply with the terms of Section 202.5(e),  Defendants: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendants do not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendants do not deny the allegations; (iii) upon the filing of this Consent, Defendants hereby withdraw any papers filed in this action to the extent that they deny any allegation in the Complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the Complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws,

CV-21-1107 TWR (AHG)

as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket.  Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action.  For these purposes, Defendants agree that Defendants are not the prevailing party in this action since the parties have reached a good faith settlement.

14.    Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.


Dated:_____          _____
                                     Robert Joseph Armijo, individually,
                                     and on behalf of Joseph Financial, Inc.

CV-21-1107 TWR (AHG)

1  STATE OF CALIFORNIA              )

2                                   )        ss:

3  COUNTY OF _____         )

4

5      On _____, 2023, Robert Joseph Armijo, a person known to me,

6  personally appeared before me and acknowledged executing the foregoing Consent.

7

8                                   _____

9                                   Notary Public

10                                  Commission Expires:

11 Approved as to Form:

12 _____

13 *Counsel for Defendants*
   Adriaen M. Morse Jr.

14 **SECIL Law PLLC**
   1701 Pennsylvania Ave., NW

15 Suite 200
   Washington, DC 20006

16 T: +1.202.417.8232
   M: +1.571.314.5469

17

18 amorse@secillaw.com

19

20

21

22

23

24

25

26

27

28

6

1

2 UNITED STATES DISTRICT COURT

3 SOUTHERN DISTRICT OF CALIFORNIA

4

| | |
|---|---|
| 5 SECURITIES AND EXCHANGE | Case No.: 21-CV-1107 TWR (AHG) |
| 6 COMMISSION, | |
| 7 Plaintiff, | **FINAL JUDGMENT AS TO** |
| 8 v. | **DEFENDANTS ROBERT JOSEPH** |
| 9 | **ARMIJO AND JOSEPH FINANCIAL,** |
| 10 ROBERT JOSEPH ARMIJO AND | **INC.** |
| 11 JOSEPH FINANCIAL, INC., | |
| 12 Defendants. | |

13

14      Robert Joseph Armijo ("Armijo") and Joseph Financial, Inc. (collectively

15 "Defendants") having entered a general appearance; consented to the Court's jurisdiction

16 over Defendants and the subject matter of this action; consented to entry of this Final

17 Judgment without admitting or denying the allegations of the Complaint (except as to

18 jurisdiction and except as otherwise provided herein); waived findings of fact and

19 conclusions of law; and waived any right to appeal from this Judgment:

20 **I.**

21 **PERMANENT INJUNCTIVE RELIEF**

22 **A.**

23 **Section 5 of the Securities Act of 1933 ("Securities Act")**

24      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are

25 permanently restrained and enjoined from violating Section 5 of the Securities Act [15

26 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

27      (a)      Unless a registration statement is in effect as to a security, making use of any

28                means or instruments of transportation or communication in interstate

commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**B.**

**Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance

2

with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

## DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are liable, jointly and severally, for disgorgement of $910,326 representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $129,607, and a civil penalty in the amount of $75,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendants shall satisfy this obligation by paying $1,114,933, or otherwise satisfying this amount, to the Court-appointed Receiver, Burton Wiand, within 30 days after entry of this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures

Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.   The Receiver shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission or the Receiver may propose a plan to distribute the Fund subject to the Court's approval.   Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.   To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they is entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").   If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.   Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.   For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## III.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendants Robert Joseph Armijo and Joseph Financial, Inc. to Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## IV.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant Robert Joseph Armijo, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Armijo under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

# VI.

## <u>RULE 54(b) CERTIFICATION</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2023

_____
The Honorable Todd E. Robinson

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BURTON WIAND, as Receiver for
EquiAlt LLC, EquiAlt Fund, LLC,
Fund II, LLC, EquiAlt Fund III, EA
SIP, LLC, EquiAlt Secured Income
Portfolio REIT,

       Plaintiff,                  Case No.: 8:21-cv-00361-SDM-AAS

v.

FAMILY TREE ESTATE PLANNING,
LLC, et al.,

       Defendants.

_____/

## SATISFACTION OF JUDGMENT

Plaintiff, Burton W. Wiand ("**Receiver**"), by his undersigned counsel,

hereby gives notice of the Satisfaction of Judgment entered by the Court on

June 28, 2023 (Doc. 243) in the amount of $1,936,775.16 plus any interest that

has accrued on judgment amount.

                        Respectfully submitted,

                        _____
                        Katherine C. Donlon, FBN 066941
                        kdonlon@jnd-law.com
                        JOHNSON, NEWLON & DeCORT
                        3242 Henderson Blvd., Suite 210
                        Tampa, FL 33609-3094

Tel: (813) 291-3300
Fax: (813) 235-0462

*Attorneys for Plaintiff*
*Receiver Burton W. Wiand*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this _____ day of _____, 2023, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will send notification of electronic filing to all counsel of record.  I further certify that on that same date, the following parties were served via email:

James Gray **and**
Seek Insurance Services, LLC
13702 W. Chaparosa Way
Peoria, AZ  85383
jdginsurance@yahoo.com

Patrick Runninger **and**
The Financial Group, LLC
3961 E. Chandler Blvd., #11-369
Phoenix, AZ  85048
prunninger@gmail.com

DeAndre Sears **and**
MASears LLC d/b/a Picasso Group
9400 Angelfish Drive
Las Vegas, NV  89117
andresears@msn.com

Anthony Spooner **and**
Rokay Unlimited, LLC
829 St. James Lanie
St. George, UT  84790
tspooner@1federal.com

_____
Attorney

# EXHIBIT 3

# IN THE UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

APPEAL NO. 23-12473-E
District Court Case No. 8:21-CV-00361-SDM-AAS

FAMILY TREE ESTATE PLANNING, LLC, et al.

Appellants,

v.

BURTON WIAND, as Receiver,

Appellee.

Appeal from the United States District Court
for the Middle District of Florida

## STIPULATION FOR DISMISSAL OF APPEAL

**Johnson, Newlon & Decort P.A.**
Katherine C. Donlon
3242 Henderson Blvd., Ste 210
Tampa, FL 33609
***Attorneys for Receiver Burton W. Wiand***

Appellant, Robert Armijo, by his undersigned counsel, and Appellee, Burton W. Wiand, by his undersigned counsel, hereby enter into this Stipulation for the Dismissal of this appeal, pursuant to Rule 42, Federal Rules of Appellate Procedure, and Rule 42-1, of the Eleventh Circuit Appellate Rules, and say:

1.     The parties to this appeal hereby stipulate to the dismissal of this appeal with prejudice.

2.     The parties to this appeal further stipulate that the Appellant and the Appellee shall bear and be responsible for their respective attorney's fees, costs, and court fees.

Dated: _____,2023          Respectfully submitted,


_____          _____
Adriaen M. Morse, Jr., DCBN 483347          Katherine C. Donlon, FBN 0066941
amorse@secillaw.com                         kdonlon@jnd-law.com
**SECIL, Law PLLC**                         **Johnson, Newlon & Decort P.A.**
1701 Pennsylvania Ave., N.W.                3242 Henderson Blvd., Suite 210
Suite 200                                   Tampa, FL  33609
Washington, DC  20006                       Ph. 813-291-3300
Ph. 202-417-8232                            *Attorneys for Receiver Burton W.*
*Counsel for Appellant*                     *Wiand*

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____, 2023,

I electronically filed the foregoing with the Clerk of this Court by using the

CM/ECF system, which will send notification of electronic filing to all counsel

of record.  I further certify that on that same date, the following parties were

served via email:

James Gray **and**
Seek Insurance Services, LLC
13702 W. Chaparosa Way
Peoria, AZ  85383
jdginsurance@yahoo.com

Patrick Runninger **and**
The Financial Group, LLC
3961 E. Chandler Blvd., #11-369
Phoenix, AZ  85048
prunninger@gmail.com

DeAndre Sears **and**
MASears LLC d/b/a Picasso Group
9400 Angelfish Drive
Las Vegas, NV  89117
andresears@msn.com

Anthony Spooner **and**
Rokay Unlimited, LLC
829 St. James Lanie
St. George, UT  84790
tspooner@1federal.com

_____
Attorney

2

# EXHIBIT 4

# IN THE UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

APPEAL NO. 23-11979-G

District Court Case No. 8:20-CV-00325-MSS-MRM

---

ROBERT J. ARMIJO

Appellant,

v.

BURTON WIAND, ET AL.,

Appellees.

---

Appeal from the United States District Court
for the Middle District of Florida

---

## STIPULATION FOR DISMISSAL OF APPEAL

---

**JOHNSON POPE BOKOR**
**RUPPEL & BURNS, LLP**
Guy Burns
Scott Ilgenfritz
401 East Jackson Street, Ste. 3100
Tampa, FL 33602
*Special Counsel for Receiver*

Appellant, Robert Armijo, by his undersigned counsel, and Appellees, Burton W. Wiand, by his undersigned counsel, and Investor Plaintiffs, by their undersigned counsel, hereby enter into this Stipulation for the Dismissal of this appeal, pursuant to Rule 42, Federal Rules of Appellate Procedure, and Rule 42-1, of the Eleventh Circuit Appellate Rules, and say:

1.      The parties to this appeal hereby stipulate to the dismissal of this appeal with prejudice.

2.      The parties to this appeal further stipulate that the Appellant and the Appellees shall bear and be responsible for their respective attorney's fees, costs, and court fees.


Dated: _____, 2023              Respectfully submitted,


_____              _____
R. Bryan Tanner, GBN 697615              Guy M. Burns, FBN 160901
btanner@griffindurham.com                guyb@jpfirm.com
**Griffin Durham Tanner &**              Scott C. Ilgenfritz, FBN 394084
**Clarkson LLC**                         scotti@jpfirm.com
104 West State St., Suite 200            **Johnson Pope Bokor Ruppel &**
Savannah, GA  31401                      **Burns, LLP**
Ph. 912-867-9140                         401 East Jackson Street, Ste. 3100
*Counsel for Appellant*                  Tampa, FL 33602
                                         Ph. 813-225-2500
                                         *Special Counsel for Receiver*


_____
Andrew S. Friedman
afriedman@bffb.com
**Bonnett Fairbourn Friedman**

1

**& Balint** P.C.
7301 N. 16th Street, Suite 102
Phoenix, AZ  85020
Ph. 602- 776-5902
***Counsel for the Investor Plaintiffs***

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this _____ day of _____, 2023, a true

and correct copy of the foregoing was electronically filed with the Clerk using the

CM/ECF filing system and served upon on all counsel of record via transmission of

Notices of Electronic Filing generated by the CM/ECF filing system.

By: _____
Attorney

# EXHIBIT 5

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.                                                              Case No: 8:20-cv-00325-MSS-UAM

BRIAN DAVISON, BARRY M. RYBICKI,
EQUIALT LLC, EQUIALT FUND, LLC,
EQUIALT FUND II, LLC, EQUIALT FUND
III, LLC, EA SIP, LLC,

     Defendants,

128 E. DAVIS BLVD, LLC, 310 78TH AVE,
LLC, 551 3D AVE S, LLC, 604 WEST
AZEELE, LLC, BLUE WATERS TI, LLC,
2101 W. CYPRESS, LLC, 2112
W. KENNEDY BLVD, LLC, BNAZ, LLC,
BR SUPPORT SERVICES, LLC, CAPRI
HAVEN, LLC, EANY, LLC, BUNGALOWS
TI, LLC, EQUIALT 519 3RD AVE S., LLC,
MCDONALD REVOCABLE LIVING
TRUST, 5123 E. BROADWAY AVE, LLC,
SILVER SANDS TI, LLC, TB OLDEST
HOUSE EST. 1842, LLC,

     Relief Defendants.

_____/

## WITHDRAWAL WITH PREJUDICE OF PROOF OF CLAIM

     Robert J. Armijo hereby withdraws with prejudice the Proof of Claim that he filed in this

action on December 20, 2021 and hereby releases and relinquishes all claims against the Receiver,

Burton W. Wiand and all persons and entities over which the Receiver has authority in the

Receivership Estate.


_____     _____

Robert J. Armijo                                            Date

USCA11 Case: 23-11979   Document: 38-2   Date Filed: 10/04/2023   Page: 73 of 150

# EXHIBIT 6

DUNN DESANTIS WALT & KENDRICK, LLP
Kevin V. DeSantis, Esq. (SBN 137963)
kdesantis@ddwklaw.com
James A. McFaul, Esq. (SBN 248670)
jmcfaul@ddwklaw.com
David D. Cardone, Esq. (SBN 254954)
dcardone@ddwklaw.com
Adam J. Yarbrough, Esq. (SBN 247687)
ayarbrough@ddwklaw.com
750 B Street, Suite 2620
San Diego, CA 92101
Tel.: (619) 573-4488

*Attorneys for Plaintiff Robert Joseph Armijo*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOSEPH ARMIJO,<br><br>                Plaintiff,<br><br>    v.<br><br>PAUL R. WASSGREN, DLA PIPER LLP (US), FOX ROTHSCHILD LLP, and DOES 1 through 10, inclusive,<br><br>                Defendant. | Case No. 2:22-cv-08851 AB (PVCx)<br><br>**NOTICE OF DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)**<br><br>Judge:    Hon. André Birotte Jr.<br>Ctrm:    7B |

NOTICE OF DISMISSAL WITH PREJUDICE

Plaintiff Robert Joseph Armijo submits this Notice of Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) that this action be dismissed with prejudice as to all claims, causes of action, and parties, with each party to bear their own attorneys' fees and costs.

Dated:  August ___, 2023            DUNN DESANTIS WALT & KENDRICK, LLP

By _____
Kevin V. DeSantis
James A. McFaul
David D. Cardone
Adam J. Yarbrough

*Attorneys for Plaintiff Robert Joseph Armijo*

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: James Alexander McFaul
FIRM NAME: Dunn DeSantis Walt & Kendrick, LLP
STREET ADDRESS: 750 B Street, Suite 2620
CITY: San Diego       STATE: CA      ZIP CODE: 92101
TELEPHONE NO.: (619) 573-4488       FAX NO.:
E-MAIL ADDRESS: jmcfaul@ddwklaw.com
ATTORNEY FOR (Name): Robert Joseph Armijo

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: Robert Joseph Armijo
Defendant/Respondent: Paul R. Wassgren et. al

| **REQUEST FOR DISMISSAL** | CASE NUMBER: 22STCV32793 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a  class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1.  TO THE CLERK: Please **dismiss** this action as follows:
    a.  (1) [x] With prejudice    (2) [ ] Without prejudice
    b.  (1) [ ] Complaint    (2) [ ] Petition
        (3) [ ] Cross-complaint filed by (name):                on (date):
        (4) [ ] Cross-complaint filed by (name):                on (date):
        (5) [x] Entire action of all parties and all causes of action
        (6) [ ] Other (specify):*

2.  (Complete in all cases except family law cases.)
    The court [ ] did [x] did not  waive court fees and costs for a party in this case. (This information may be obtained from  the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date:
James A. McFaul                                    ▶
_____
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)          (SIGNATURE)
*If dismissal requested is of specified parties only of specified causes of action only,     Attorney or party without attorney for:
or of specified cross-complaints only, so state and identify the parties, causes of         [x] Plaintiff/Petitioner   [ ] Defendant/Respondent
action, or cross-complaints to be dismissed.                                                 [ ] Cross Complainant

3.  **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:
                                                   ▶
_____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)          (SIGNATURE)
** If a cross-complaint – or Response (Family Law) seeking affirmative     Attorney or party without attorney for:
relief – is on file, the attorney for cross-complainant (respondent) must sign    [ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
this consent if required by Code of Civil Procedure section 581 (i) or (j).    [ ] Cross Complainant

(To be completed by clerk)
4.  [ ] Dismissal entered as requested on (date):
5   [ ] Dismissal entered on  (date):                as to only (name):
6.  [ ] Dismissal **not entered** as requested for the following reasons (specify):


7.  a. [ ] Attorney or party without attorney notified on (date):
    b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
           [ ] a copy to be conformed    [ ] means to return conformed copy
Date:                         Clerk, by _____, Deputy      **Page 1 of 2**

Form Adopted for Mandatory Use        **REQUEST FOR DISMISSAL**        Code of Civil Procedure, § 581 et seq.; Gov. Code,
Judicial Council of California                                        § 68637(c); Cal. Rules of Court, rule 3.1390
CIV-110 [Rev. Jan. 1, 2013]                                          www.courts.ca.gov

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: Robert Joseph Armijo<br>Defendant/Respondent: Paul R. Wassgren et. al | CASE NUMBER:<br>22STCV32793 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

**Declaration Concerning Waived Court Fees**

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*      Yes      No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____        _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                              (SIGNATURE)

---

# EXHIBIT 7

## <u>RECIPROCAL GENERAL RELEASE</u>

For good and valuable consideration, the receipt in sufficiency of which is hereby acknowledged, Robert Joseph Armijo, Joseph Financial, Inc., Joseph Financial Investment Advisors, LLC, the Receiver, the Investor Plaintiffs, and the Lawyer Defendants (collectively, the "Parties") enter into this Reciprocal General Release ("Release") and hereby agree as follows:

1.      The Investor Plaintiffs are as follows: Richard Gleinn; Phyllis Gleinn; Cary Toone; John Celli; Maria Celli; Eva Meier; Georgia Murphy; Steven J. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010; Tracey F. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010; Lisa Gioia, as successor trustee for the Greenberg Family Trust; Bruce R. Hannen; Geraldine Mary Hannen; Robert Cobleigh; Rory O'Neal; Marcia O'Neal; and Sean O'Neal, as trustee for the O'Neal Family Trust dated 4/6/2004.

2.      The Lawyer Defendants are as follows: Paul Wassgren, Fox Rothschild, LLP, and DLA Piper, LLP (US).

3.      The Armijo Defendants are as follows: Robert Joseph Armijo, Joseph Financial, Inc., and Joseph Financial Investment Advisors, LLC.

4.      The Armijo Defendants, for themselves and all of their past, present and future agents, legal representatives, predecessors, successors, assigns, owners, shareholders, members, partners, employees, officers, directors, affiliates, attorneys, and insurers, and all persons or entities acting by, through, under or in concert with any of them (collectively, "Armijo Releasors"), unconditionally, irrevocably, and absolutely release and discharge the Receiver, the Investor Plaintiffs, and the Lawyer Defendantsand all of their past, present, and future agents, legal representatives, predecessors, successors, assigns, owners, shareholders, members, partners, employees, officers, directors, affiliates, attorneys, and insurers (collectively, the "Armijo

Releasees"), from any and all claims or matters of any kind, whether presently known or unknown, suspected or unsuspected, accrued or unaccrued, that the Armijo Releasors have, had, or may have against any of the Armijo Releasees.

5.      The Receiver, the Investor Plaintiffs, and the Lawyer Defendants, for themselves and all of their past, present, and future agents, legal representatives, predecessors, successors, assigns, owners, shareholders, members, partners, employees, officers, directors, affiliates, attorneys, and insurers, and all persons or entities acting by, through, under or in concert with any of them (which, for the Receiver, shall include any of the entities over which the Receiver has authority as a result of the SEC Action, including, but not limited to, EquiAlt, LLC; EquiAlt Fund, LLC; EquiAlt Fund II, LLC; EquiAlt Fund III, LLC; EA SIP, LLC; EquiAlt Secured Income Portfolio REIT, Inc.; EquiAlt Qualified Opportunity Zone Fund, L.P.; EquiAlt Fund I, LLC, and their predecessors, successors, parents, subsidiaries, agents, creditors, affiliates, assigns, officers, partners, counsel, and employees) (collectively, the "Receiver Releasors"), unconditionally, irrevocably, and absolutely release and discharge the Armijo Defendants and all of their past, present, and future agents, legal representatives, predecessors, successors, assigns, owners, shareholders, members, partners, employees, officers, directors, affiliates, attorneys, and insurers, from any and all claims or matters of any kind (collectively, "Receiver Releasees"), whether presently known or unknown, suspected or unsuspected, accrued or unaccrued, that the Receiver Releasors have, had or may have against any of the Receiver Releasees.

6.      **ALL RELEASORS (WHICH INCLUDE THE RECEIVER RELEASORS AND THE ARMIJO RELEASORS) EXPRESSLY UNDERSTAND THAT SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA PROVIDES:**

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

**TO THE EXTENT THAT CALIFORNIA OR OTHER SIMILAR FEDERAL OR STATE LAW MAY APPLY (BECAUSE OF OR NOTWITHSTANDING THE PARTIES' CHOICE OF LAW IN THIS AGREEMENT), THE ARMIJO RELEASORS AND THE RECEIVER RELEASORS HEREBY AGREE THAT THE PROVISIONS OF SECTION 1542 OF THE CALIFORNIA CIVIL CODE AND ALL SIMILAR FEDERAL OR STATE LAWS, RIGHTS, RULES, OR LEGAL PRINCIPLES, TO THE EXTENT THEY ARE FOUND TO BE APPLICABLE HEREIN, ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED BY THE ARMIJO RELEASORS AND THE RECEIVER RELEASORS , AND ALL RELEASORS HEREBY AGREE THAT THIS IS AN ESSENTIAL TERM OF THE RELEASE. IN EXECUTING THE ARMIJO AGREEMENT AND THIS RELEASE, THE ARMIJO RELEASORS AND THE RECEIVER RELEASORS AGREE AND ACKNOWLEDGE THAT THEY HAVE RECEIVED AND RELIED UPON THE ADVICE OF COUNSEL OF THEIR CHOOSING.**

7.    The Armijo Releasors hereby expressly further agree and covenant that he, she, it, and they will not now or hereafter institute, maintain, assert, join, or assist or participate in, either directly or indirectly, on his, hers, its, or their own behalf, on behalf of a class, or on behalf of any other person or entity, any action or proceeding of any kind against the Armijo Releasees.   The

Receiver Releasors hereby expressly and further agree and covenant that he, she, it, and they will not now or hereafter institute, maintain, assert, join, or assist or participate in, either directly or indirectly, on his, hers, its, or their own behalf, on behalf of a class, or behalf of any other person or entity, any action or proceeding of any kind against the Receiver Releasees.

8.    In connection with the foregoing releases, the Armijo Releasors and the Receiver Releasors acknowledge that he, she, it, and they are aware that he, she, it, and they may hereafter discover claims or damages presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to their respective released claims. Nevertheless, the Armijo Releasors and the Receiver Releasors understand and agree that this Release will fully, finally, and forever settle and release all claims and causes of action, known or unknown, accrued or unaccrued, and which now exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding).

9.    This Release is attached as an exhibit to that certain agreement referred to as the "Armijo Agreement," which all Parties hereto acknowledge having received and reviewed. The Parties agree that nothing in this Release shall release any of the Parties from their respective obligations (if any) under the Armijo Agreement. Additionally, all Releasors agree: (a) that they shall not appeal the Court's Approval Order (as defined in Paragraph 2 of the Armijo Agreement), and waive any right to appeal the Court's Approval Order, provided the Court's Approval Order does not materially change the terms of the Armijo Agreement or this Release, or impose on any of the Parties any obligations or limitations not expressly set forth in the Armijo Agreement or this Release; and (b) they shall not oppose, object to, or in any way support, facilitate, or encourage an objection or opposition to the issuance, renewal, or re-issuance of any financial securities license for the Armijo Defendants , except that the Armijo Releasees may provide, without violating this

Paragraph 9, information, documents, and testimony in response to any subpoena, discovery request, or other request for information, documents, or testimony, whether formal or informal, even if such information, documents, or testimony may be used to support such an objection or opposition.

10.    All Releasors acknowledge that the persons signing this Release below are fully authorized to make the agreements and give the releases described herein, and that the signatures of any representatives of any of the Parties bind the Parties to the terms of this Release.  All Releasors further acknowledge that he, she, it, and they have read and understand this Release and that his, her, its, and their execution of this Release is a voluntary act performed after due and considered deliberation.

11.    Should any provision of this Release be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, terms, or provisions shall be deemed not to be a part of this Release.

12.    This Release shall be deemed to have been executed and delivered in the state of Florida, and shall be governed, construed, and enforced in accordance with the laws of Florida.

13.     This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.    Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo

_____     President
Robert Joseph Armijo, [TITLE], for: Joseph
Financial, Inc.

_____     President
Robert Joseph Armijo, [TITLE], for: Joseph
Financial Investment Advisors, LLC

_____
Burton W. Wiand, as Receiver

_____
Richard Gleinn

_____
Phyllis Gleinn

_____
Cary Toone

_____
John Celli

_____
Maria Celli

_____
Eva Meier

_____
Georgia Murphy

_____
Steven J. Rubinstein, as trustee for
the Rubinstein Family Living Trust dated
6/25/2010

_____
Tracey F. Rubinstein, as trustee for the
Rubinstein Family Living Trust dated
6/25/2010

_____
Lisa Gioia, as successor trustee for
the Greenberg Family Trust

-6-

13.     This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.    Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo


_____           _____
Robert Joseph Armijo, [TITLE], for: Joseph    Robert  Joseph  Armijo,  [TITLE],  for:  Joseph
Financial, Inc.                                               Financial Investment Advisors, LLC

_____
Burton W. Wiand, as Receiver


_____           _____
Richard Gleinn                                         Phyllis Gleinn


_____           _____
Cary Toone                                             John Celli


_____           _____
Maria Celli                                             Eva Meier


_____           _____
Georgia Murphy                                       Steven J. Rubinstein, as trustee for
                                                             the Rubinstein Family Living Trust dated
                                                             6/25/2010


_____           _____
Tracey F. Rubinstein, as trustee for the         Lisa Gioia, as successor trustee for
Rubinstein Family Living Trust dated            the Greenberg Family Trust
6/25/2010

-6-

13.   This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.   Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo


_____
Robert Joseph Armijo, [TITLE], for: Joseph
Financial, Inc.

_____
Robert Joseph Armijo, [TITLE], for: Joseph
Financial Investment Advisors, LLC


_____
Burton W. Wiand, as Receiver


_____
Richard Gleinn

_____
Phyllis Gleinn


_____
Cary Toone

_____
John Celli


_____
Maria Celli

_____
Eva Meier


_____
Georgia Murphy

_____
Steven J. Rubinstein, as trustee for
the Rubinstein Family Living Trust dated
6/25/2010


_____
Tracey F. Rubinstein, as trustee for the
Rubinstein Family Living Trust dated
6/25/2010

_____
Lisa Gioia, as successor trustee for
the Greenberg Family Trust

13.     This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.    Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo


_____
Robert Joseph Armijo, [TITLE], for: Joseph Financial, Inc.

_____
Robert Joseph Armijo, [TITLE], for: Joseph Financial Investment Advisors, LLC


_____
Burton W. Wiand, as Receiver


_____
Richard Gleinn

_____
Phyllis Gleinn

*Cary Toone*  9.20.23
_____
Cary Toone

_____
John Celli


_____
Maria Celli

_____
Eva Meier


_____
Georgia Murphy

_____
Steven J. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010


_____
Tracey F. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010

_____
Lisa Gioia, as successor trustee for the Greenberg Family Trust

13.    This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.    Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo

_____
Robert Joseph Armijo, [TITLE], for: Joseph Financial, Inc.

_____
Robert Joseph Armijo, [TITLE], for: Joseph Financial Investment Advisors, LLC

_____
Burton W. Wiand, as Receiver

_____
Richard Gleinn

_____
Phyllis Gleinn

_____
Cary Toone

_____
John Celli

_____
Maria Celli

_____
Eva Meier

_____
Georgia Murphy

_____
Steven J. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010

_____
Tracey F. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010

_____
Lisa Gioia, as successor trustee for the Greenberg Family Trust

-6-

13.     This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.    Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo

_____
Robert Joseph Armijo, [TITLE], for: Joseph
Financial, Inc.

_____
Robert  Joseph  Armijo,  [TITLE],  for:  Joseph
Financial Investment Advisors, LLC

_____
Burton W. Wiand, as Receiver

_____
Richard Gleinn

_____
Phyllis Gleinn

_____
Cary Toone

_____
John Celli

_____
Maria Celli

_____
Eva Meier

_____
Georgia Murphy

_____
Steven J. Rubinstein, as trustee for
the Rubinstein Family Living Trust dated
6/25/2010

_____
Tracey F. Rubinstein, as trustee for the
Rubinstein Family Living Trust dated
6/25/2010

_____
Lisa Gioia, as successor trustee for
the Greenberg Family Trust

-6-

13.     This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.     Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.


_____
Robert Joseph Armijo


_____          _____
Robert Joseph Armijo, [TITLE], for: Joseph          Robert  Joseph  Armijo,  [TITLE],  for:  Joseph
Financial, Inc.                                        Financial Investment Advisors, LLC


_____
Burton W. Wiand, as Receiver


_____          _____
Richard Gleinn                                          Phyllis Gleinn


_____          _____
Cary Toone                                              John Celli


_____          _____
Maria Celli                                             Eva Meier


_____          _____
Georgia Murphy                                          Steven J. Rubinstein, as trustee for
                                                        the Rubinstein Family Living Trust dated
                                                        6/25/2010


_____          _____
Tracey F. Rubinstein, as trustee for the          Lisa Gioia, as successor trustee for
Rubinstein Family Living Trust dated              the Greenberg Family Trust
6/25/2010


-6-

13. This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement. Electronic or digital signatures shall be effective and binding on the Parties. Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo


_____          _____
Robert Joseph Armijo, [TITLE], for: Joseph          Robert Joseph Armijo, [TITLE], for: Joseph
Financial, Inc.          Financial Investment Advisors, LLC


_____
Burton W. Wiand, as Receiver


_____          _____
Richard Gleinn          Phyllis Gleinn


_____          _____
Cary Toone          John Celli


_____          _____
Maria Celli          Eva Meier


_____          _____
Georgia Murphy          Steven J. Rubinstein, as trustee for
          the Rubinstein Family Living Trust dated
          6/25/2010


_____          _____
Tracey F. Rubinstein, as trustee for          Lisa Gioia, as successor trustee for
the Rubinstein Family Living Trust dated          the Greenberg Family Trust
6/25/2010

-6-

_____
Bruce R. Hannen

_____
Geraldine Mary Hannen


_____
Robert Cobleigh

_____
Rory O'Neal


_____
Marcia O'Neal

_____
Sean O'Neal, as trustee for the O'Neal
Family Trust dated 4/6/2004


_____
Charles L. Deem, Assistant General
Counsel, for: DLA Piper LLP (US)

_____
Paul R. Wassgren


_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

_____                    _____
Bruce R. Hannen                              Geraldine Mary Hannen


*Robert C. Cobleigh* 9/20/23                 _____
Robert Cobleigh                              Rory O'Neal


_____                    _____
Marcia O'Neal                                Sean O'Neal, as trustee for the O'Neal
                                             Family Trust dated 4/6/2004


_____                    _____
Charles L. Deem, Assistant General           Paul R. Wassgren
Counsel, for: DLA Piper LLP (US)


_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

_____          _____
Bruce R. Hannen                            Geraldine Mary Hannen


_____          _____
Robert Cobleigh                            Rory O'Neal


_____          _____
Marcia O'Neal                              Sean O'Neal, as trustee for the O'Neal
                                           Family Trust dated 4/6/2004


_____          _____
Charles L. Deem, Assistant General         Paul R. Wassgren
Counsel, for: DLA Piper LLP (US)


_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

Bruce R. Hannen

Geraldine Mary Hannen

Robert Cobleigh

Rory O'Neal

*CHRIS O'NEAL, AS POA FOR SEAN O'NEAL*

Marcia O'Neal

Sean O'Neal, as trustee for the O'Neal
Family Trust dated 4/6/2004

Charles L. Deem, Assistant General
Counsel, for: DLA Piper LLP (US)

Paul R. Wassgren

Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

Bruce R. Hannen

Geraldine Mary Hannen

Robert Cobleigh

Rory O'Neal

Marcia O'Neal

Sean O'Neal, as trustee for the O'Neal
Family Trust dated 4/6/2004

Charles L. Deem, Assistant General
Counsel, for: DLA Piper LLP (US)

Paul R. Wassgren

Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

_____          _____
Bruce R. Hannen                            Geraldine Mary Hannen


_____          _____
Robert Cobleigh                            Rory O'Neal


_____          _____
Marcia O'Neal                              Sean O'Neal, as trustee for the O'Neal
                                           Family Trust dated 4/6/2004


_____          _____
Charles L. Deem, Assistant General         Paul R. Wassgren
Counsel, for: DLA Piper LLP (US)


_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

_____                    _____
Bruce R. Hannen                                Geraldine Mary Hannen


_____                    _____
Robert Cobleigh                                Rory O'Neal


_____                    _____
Marcia O'Neal                                  Sean O'Neal, as trustee for the O'Neal
                                               Family Trust dated 4/6/2004


_____                    _____
Charles L. Deem, Assistant General             Paul R. Wassgren
Counsel, for: DLA Piper LLP (US)


_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

# EXHIBIT 8

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff,

v.                            Case No: 8:20-cv-00325-MSS-UAM

BRIAN DAVISON, BARRY M. RYBICKI,
EQUIALT LLC, EQUIALT FUND, LLC,
EQUIALT FUND II, LLC, EQUIALT FUND
III, LLC, EA SIP, LLC,

     Defendants,

128 E. DAVIS BLVD, LLC, 310 78TH AVE,
LLC, 551 3D AVE S, LLC, 604 WEST
AZEELE, LLC, BLUE WATERS TI, LLC,
2101 W. CYPRESS, LLC, 2112
W. KENNEDY BLVD, LLC, BNAZ, LLC,
BR SUPPORT SERVICES, LLC, CAPRI
HAVEN, LLC, EANY, LLC, BUNGALOWS
TI, LLC, EQUIALT 519 3RD AVE S., LLC,
MCDONALD REVOCABLE LIVING
TRUST, 5123 E. BROADWAY AVE, LLC,
SILVER SANDS TI, LLC, TB OLDEST
HOUSE EST. 1842, LLC,

     Relief Defendants.

_____/

## SATISFACTION OF CLAIMS BY INVESTOR PLAINTIFFS AGAINST ROBERT J. ARMIJO, JOSEPH FINANCIAL, INC., AND JOSEPH FINANCIAL INVESTMENT ADVISORS, LLC

     The Investor Plaintiffs, as defined in the Armijo Settlement Agreement among Burton W.

Wiand, as Receiver; the Investor Plaintiffs; and Robert Joseph Armijo, Joseph Financial, Inc., and

Joseph Financial Investment Advisors, LLC (collectively "Armijo"), hereby give notice, by their

undersigned counsel, that any and all claims of the Investor Plaintiffs against Armijo are satisfied

and that the Investor Plaintiffs shall not file or commence any further legal action against Armijo.

1

_____
Andrew S. Friedman
Bonnett, Fairbourn, Fredman & Balint, PC
2325 E. Camelback Rd., Suite 300
Phoenix, AZ  85016
602-279-1100
afriedman@bffb.com
Counsel for Investor Plaintiffs

# EXHIBIT 9

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### CIVIL ACTION NO. 8:20-cv-01677-MSS-CPT

RICHARD GLEINN and PHYLLIS
GLEINN, et al.

      Plaintiffs,

v.

PAUL WASSGREN, et al.,

      Defendants.

_____/

### STIPULATION FOR DISMISSAL WITH PREJUDICE

      Plaintiffs, by their undersigned counsel, and Defendants, Paul Wassgren, Fox Rothschild,

LLP, and DLA Piper LLP (US), by their respective undersigned counsel, pursuant to Rule 41

Fed. R. Civ. P., hereby enter into this Stipulation for Dismissal with Prejudice of this action, and

say:

1. The Parties to this action hereby stipulate to the dismissal with prejudice of this action
   and all claims asserted in this action.

2. The Parties to this action further stipulate that the Plaintiffs and Defendants shall each
   bear and be responsible for their own respective attorney's fees, costs, and court fees.

Dated: September ___, 2023

                             _____

                             Andrew S. Friedman
                             Bonnett, Fairbourn, Fredman & Balint, PC
                             2325 E. Camelback Rd., Suite 300
                             Phoenix, AZ  85016
                             602-279-1100
                             afriedman@bffb.com
                             Counsel for Investor Plaintiffs

                             _____

                             Simon A. Gaugush, FBN 440050

Carlton Fields, P.A.
P. O. Box 3239
Tampa, FL 33601-3239
813-229-4227
sgaugush@carltonfields.com
Counsel for Paul Wassgren

_____
William J. Schifino, Jr., FBN 564338
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson St., Suite 2500
Tampa, FL  33602
813-228-9080
wschifino@gunster.com
Counsel for Fox Rothschild LLP

_____
John Villa (pro hac vice)
Williams & Connolly LLP
725 12th Street N.W.
Washington, DC  20005
202-434-5117
jvilla@WC.com
Counsel for DLA Piper LLP (US)

# EXHIBIT 3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.:  21-CV-1107 TWR (AHG) |
| Plaintiff, | **FINAL JUDGMENT AS TO DEFENDANTS ROBERT JOSEPH ARMIJO AND JOSEPH FINANCIAL, INC.** |
| v. | |
| ROBERT JOSEPH ARMIJO AND JOSEPH FINANCIAL, INC., | |
| Defendants. | |

Robert Joseph Armijo ("Armijo") and Joseph Financial, Inc. (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

## PERMANENT INJUNCTIVE RELIEF

### A.

### Section 5 of the Securities Act of 1933 ("Securities Act")

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate

1    commerce or of the mails to sell such security through the use or medium of

2    any prospectus or otherwise;

3    (b)    Unless a registration statement is in effect as to a security, carrying or causing

4         to be carried through the mails or in interstate commerce, by any means or

5         instruments of transportation, any such security for the purpose of sale or for

6         delivery after sale; or

7    (c)    Making use of any means or instruments of transportation or communication

8         in interstate commerce or of the mails to offer to sell or offer to buy through

9         the use or medium of any prospectus or otherwise any security, unless a

10        registration statement has been filed with the Commission as to such security,

11        or while the registration statement is the subject of a refusal order or stop order

12        or (prior to the effective date of the registration statement) any public

13        proceeding or examination under Section 8 of the Securities Act [15 U.S.C. §

14        77h].

15    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided

16 in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

17 following who receive actual notice of this Final Judgment by personal service or

18 otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b)

19 other persons in active concert or participation with Defendants or with anyone described

20 in (a).

21                                              **B.**

22    **Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")**

23    **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants

24 are permanently restrained and enjoined from violating, directly or indirectly, Section

25 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any means or

26 instrumentality of interstate commerce or of the mails and engaging in the business of

27 effecting transactions in securities for the accounts of others, or inducing or effecting the

28 purchase and sale of securities, while not registered with the Commission in accordance

2

with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

## DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are liable, jointly and severally, for disgorgement of $910,326 representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $129,607, and a civil penalty in the amount of $75,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendants shall satisfy this obligation by paying $1,114,933, or otherwise satisfying this amount, to the Court-appointed Receiver, Burton Wiand, within 30 days after entry of this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures

3

1   Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court

2   orders issued in this action.   Defendants shall pay post judgment interest on any amounts

3   due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.   The

4   Receiver shall hold the funds, together with any interest and income earned thereon

5   (collectively, the "Fund"), pending further order of the Court.

6         The Commission or the Receiver may propose a plan to distribute the Fund subject

7   to the Court's approval.   Such a plan may provide that the Fund shall be distributed

8   pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

9   The Court shall retain jurisdiction over the administration of any distribution of the Fund

10   and the Fund may only be disbursed pursuant to an Order of the Court.

11         Regardless of whether any such Fair Fund distribution is made, amounts ordered to

12   be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid

13   to the government for all purposes, including all tax purposes.   To preserve the deterrent

14   effect of the civil penalty, Defendants shall not, after offset or reduction of any award of

15   compensatory damages in any Related Investor Action based on Defendants' payment of

16   disgorgement in this action, argue that they is entitled to, nor shall they further benefit by,

17   offset or reduction of such compensatory damages award by the amount of any part of

18   Defendants' payment of a civil penalty in this action ("Penalty Offset").   If the court in any

19   Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after

20   entry of a final order granting the Penalty Offset, notify the Commission's counsel in this

21   action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair

22   Fund, as the Commission directs.   Such a payment shall not be deemed an additional civil

23   penalty and shall not be deemed to change the amount of the civil penalty imposed in this

24   Final Judgment.   For purposes of this paragraph, a "Related Investor Action" means a

25   private damages action brought against Defendants by or on behalf of one or more investors

26   based on substantially the same facts as alleged in the Complaint in this action.

27

28

## III.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendants Robert Joseph Armijo and Joseph Financial, Inc. to Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## IV.

## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant Robert Joseph Armijo, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Armijo under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## V.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

# VI.

## <u>RULE 54(b) CERTIFICATION</u>

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, 2023

_____

The Honorable Todd E. Robinson

# EXHIBIT 4

# IN THE UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

APPEAL NO. 23-12473-E
District Court Case No. 8:21-CV-00361-SDM-AAS

---

FAMILY TREE ESTATE PLANNING, LLC, et al.

Appellants,

v.

BURTON WIAND, as Receiver,

Appellee.

---

Appeal from the United States District Court
for the Middle District of Florida

---

## STIPULATION FOR DISMISSAL OF APPEAL

---

**Johnson, Newlon & Decort P.A.**
Katherine C. Donlon
3242 Henderson Blvd., Ste 210
Tampa, FL 33609
*Attorneys for Receiver Burton W. Wiand*

Appellant, Robert Armijo, by his undersigned counsel, and Appellee, Burton W. Wiand, by his undersigned counsel, hereby enter into this Stipulation for the Dismissal of this appeal, pursuant to Rule 42, Federal Rules of Appellate Procedure, and Rule 42-1, of the Eleventh Circuit Appellate Rules, and say:

1.     The parties to this appeal hereby stipulate to the dismissal of this appeal with prejudice.

2.     The parties to this appeal further stipulate that the Appellant and the Appellee shall bear and be responsible for their respective attorney's fees, costs, and court fees.

Dated: _____,2023          Respectfully submitted,


_____
Adriaen M. Morse, Jr., DCBN 483347
amorse@secillaw.com
**SECIL, Law PLLC**
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, DC  20006
Ph. 202-417-8232
***Counsel for Appellant***

_____
Katherine C. Donlon, FBN 0066941
kdonlon@jnd-law.com
**Johnson, Newlon & Decort P.A.**
3242 Henderson Blvd., Suite 210
Tampa, FL  33609
Ph. 813-291-3300
***Attorneys for Receiver Burton W.
Wiand***

1

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this _____ day of _____, 2023,

I electronically filed the foregoing with the Clerk of this Court by using the

CM/ECF system, which will send notification of electronic filing to all counsel

of record.  I further certify that on that same date, the following parties were

served via email:

James Gray **and**
Seek Insurance Services, LLC
13702 W. Chaparosa Way
Peoria, AZ  85383
jdginsurance@yahoo.com

Patrick Runninger **and**
The Financial Group, LLC
3961 E. Chandler Blvd., #11-369
Phoenix, AZ  85048
prunninger@gmail.com

DeAndre Sears **and**
MASears LLC d/b/a Picasso Group
9400 Angelfish Drive
Las Vegas, NV  89117
andresears@msn.com

Anthony Spooner **and**
Rokay Unlimited, LLC
829 St. James Lanie
St. George, UT  84790
tspooner@1federal.com

_____
Attorney

2

# EXHIBIT 5

# IN THE UNITED STATES COURT OF APPEALS
## ELEVENTH CIRCUIT

APPEAL NO. 23-11979-G
District Court Case No. 8:20-CV-00325-MSS-MRM

---

ROBERT J. ARMIJO

Appellant,

v.

BURTON WIAND, ET AL.,

Appellees.

---

Appeal from the United States District Court
for the Middle District of Florida

---

## STIPULATION FOR DISMISSAL OF APPEAL

---

**JOHNSON POPE BOKOR**
**RUPPEL & BURNS, LLP**
Guy Burns
Scott Ilgenfritz
401 East Jackson Street, Ste. 3100
Tampa, FL 33602
*Special Counsel for Receiver*

Appellant, Robert Armijo, by his undersigned counsel, and Appellees, Burton W. Wiand, by his undersigned counsel, and Investor Plaintiffs, by their undersigned counsel, hereby enter into this Stipulation for the Dismissal of this appeal, pursuant to Rule 42, Federal Rules of Appellate Procedure, and Rule 42-1, of the Eleventh Circuit Appellate Rules, and say:

1.      The parties to this appeal hereby stipulate to the dismissal of this appeal with prejudice.

2.      The parties to this appeal further stipulate that the Appellant and the Appellees shall bear and be responsible for their respective attorney's fees, costs, and court fees.

Dated: _____, 2023          Respectfully submitted,

_____          _____
R. Bryan Tanner, GBN 697615          Guy M. Burns, FBN 160901
btanner@griffindurham.com          guyb@jpfirm.com
**Griffin Durham Tanner &**          Scott C. Ilgenfritz, FBN 394084
**Clarkson LLC**          scotti@jpfirm.com
104 West State St., Suite 200          **Johnson Pope Bokor Ruppel &**
Savannah, GA  31401          **Burns, LLP**
Ph. 912-867-9140          401 East Jackson Street, Ste. 3100
*Counsel for Appellant*          Tampa, FL 33602
                                              Ph. 813-225-2500
                                              *Special Counsel for Receiver*

_____
Andrew S. Friedman
afriedman@bffb.com
**Bonnett Fairbourn Friedman**

1

**& Balint** P.C.
7301 N. 16th Street, Suite 102
Phoenix, AZ 85020
Ph. 602- 776-5902
***Counsel for the Investor Plaintiffs***

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this _____ day of _____, 2023, a true

and correct copy of the foregoing was electronically filed with the Clerk using the

CM/ECF filing system and served upon on all counsel of record via transmission of

Notices of Electronic Filing generated by the CM/ECF filing system.


By: _____
Attorney

# EXHIBIT 6

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                                           Case No: 8:20-cv-00325-MSS-UAM

BRIAN DAVISON, BARRY M. RYBICKI,
EQUIALT LLC, EQUIALT FUND, LLC,
EQUIALT FUND II, LLC, EQUIALT FUND
III, LLC, EA SIP, LLC,

      Defendants,

128 E. DAVIS BLVD, LLC, 310 78TH AVE,
LLC, 551 3D AVE S, LLC, 604 WEST
AZEELE, LLC, BLUE WATERS TI, LLC,
2101 W. CYPRESS, LLC, 2112
W. KENNEDY BLVD, LLC, BNAZ, LLC,
BR SUPPORT SERVICES, LLC, CAPRI
HAVEN, LLC, EANY, LLC, BUNGALOWS
TI, LLC, EQUIALT 519 3RD AVE S., LLC,
MCDONALD REVOCABLE LIVING
TRUST, 5123 E. BROADWAY AVE, LLC,
SILVER SANDS TI, LLC, TB OLDEST
HOUSE EST. 1842, LLC,

      Relief Defendants.

_____/

**WITHDRAWAL WITH PREJUDICE OF PROOF OF CLAIM**

    Robert J. Armijo hereby withdraws with prejudice the Proof of Claim that he filed in this

action on December 20, 2021 and hereby releases and relinquishes all claims against the Receiver,

Burton W. Wiand and all persons and entities over which the Receiver has authority in the

Receivership Estate.

# EXHIBIT 7

DUNN DESANTIS WALT & KENDRICK, LLP
Kevin V. DeSantis, Esq. (SBN 137963)
kdesantis@ddwklaw.com
James A. McFaul, Esq. (SBN 248670)
jmcfaul@ddwklaw.com
David D. Cardone, Esq. (SBN 254954)
dcardone@ddwklaw.com
Adam J. Yarbrough, Esq. (SBN 247687)
ayarbrough@ddwklaw.com
750 B Street, Suite 2620
San Diego, CA 92101
Tel.: (619) 573-4488

*Attorneys for Plaintiff Robert Joseph Armijo*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOSEPH ARMIJO,<br><br>                    Plaintiff,<br><br>        v.<br><br>PAUL R. WASSGREN, DLA PIPER LLP (US), FOX ROTHSCHILD LLP, and DOES 1 through 10, inclusive,<br><br>                    Defendant. | Case No. 2:22-cv-08851 AB (PVCx)<br><br>**NOTICE OF DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i)**<br><br>Judge:    Hon. André Birotte Jr.<br>Ctrm:     7B |

Plaintiff Robert Joseph Armijo submits this Notice of Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) that this action be dismissed with prejudice as to all claims, causes of action, and parties, with each party to bear their own attorneys' fees and costs.

Dated:  August ___, 2023          DUNN DESANTIS WALT & KENDRICK, LLP

                                  By _____
                                     Kevin V. DeSantis
                                     James A. McFaul
                                     David D. Cardone
                                     Adam J. Yarbrough

                                     *Attorneys for Plaintiff Robert Joseph Armijo*

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME: James Alexander McFaul

FIRM NAME: Dunn DeSantis Walt & Kendrick, LLP

STREET ADDRESS: 750 B Street, Suite 2620

CITY: San Diego     STATE: CA     ZIP CODE: 92101

TELEPHONE NO.: (619) 573-4488     FAX NO.:

E-MAIL ADDRESS: jmcfaul@ddwklaw.com

ATTORNEY FOR (Name):   Robert Joseph Armijo

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: 111 North Hill Street

CITY AND ZIP CODE: Los Angeles, CA

BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: Robert Joseph Armijo

Defendant/Respondent: Paul R. Wassgren et. al

| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>22STCV32793 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [ x ] With prejudice     (2) [ ] Without prejudice
   b. (1) [ ] Complaint     (2) [ ] Petition
   (3) [ ] Cross-complaint filed by (name):                     on (date):
   (4) [ ] Cross-complaint filed by (name):                     on (date):
   (5) [ x ] Entire action of all parties and all causes of action
   (6) [ ] Other (specify):*

2. (Complete in all cases except family law cases.)
   The court [ ] did [ x ] did not   waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date:

James A. McFaul

(TYPE OR PRINT NAME OF [ x ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)     ▶ _____ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[ x ] Plaintiff/Petitioner     [ ] Defendant/Respondent
[ ] Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)     ▶ _____ (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner     [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)

4. [ ] Dismissal entered as requested on (date):

5. [ ] Dismissal entered on (date):                     as to only (name):

6. [ ] Dismissal **not entered** as requested for the following reasons (specify):


7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to be conformed     [ ] means to return conformed copy

Date: _____     Clerk, by _____, Deputy     **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |
|---|---|---|

CIV-110

| | |
|---|---|
| Plaintiff/Petitioner: Robert Joseph Armijo<br>Defendant/Respondent: Paul R. Wassgren et. al | CASE NUMBER:<br>22STCV32793 |

> ### COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS
> If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

    a. ☐ not recovering anything of value by this action.

    b. ☐ recovering less than $10,000 in value by this action.

    c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____     _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

# EXHIBIT 8

## RECIPROCAL GENERAL RELEASE

For good and valuable consideration, the receipt in sufficiency of which is hereby acknowledged, Robert Joseph Armijo, Joseph Financial, Inc., Joseph Financial Investment Advisors, LLC, the Receiver, the Investor Plaintiffs, and the Lawyer Defendants (collectively, the "Parties") enter into this Reciprocal General Release ("Release") and hereby agree as follows:

1.     The Investor Plaintiffs are as follows: Richard Gleinn; Phyllis Gleinn; Cary Toone; John Celli; Maria Celli; Eva Meier; Georgia Murphy; Steven J. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010; Tracey F. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010; Lisa Gioia, as successor trustee for the Greenberg Family Trust; Bruce R. Hannen; Geraldine Mary Hannen; Robert Cobleigh; Rory O'Neal; Marcia O'Neal; and Sean O'Neal, as trustee for the O'Neal Family Trust dated 4/6/2004.

2.     The Lawyer Defendants are as follows: Paul Wassgren, Fox Rothschild, LLP, and DLA Piper, LLP (US).

3.     The Armijo Defendants are as follows: Robert Joseph Armijo, Joseph Financial, Inc., and Joseph Financial Investment Advisors, LLC.

4.     The Armijo Defendants, for themselves and all of their past, present and future agents, legal representatives, predecessors, successors, assigns, owners, shareholders, members, partners, employees, officers, directors, affiliates, attorneys, and insurers, and all persons or entities acting by, through, under or in concert with any of them (collectively, "Armijo Releasors"), unconditionally, irrevocably, and absolutely release and discharge the Receiver, the Investor Plaintiffs, and the Lawyer Defendantsand all of their past, present, and future agents, legal representatives, predecessors, successors, assigns, owners, shareholders, members, partners, employees, officers, directors, affiliates, attorneys, and insurers (collectively, the "Armijo

Releasees"), from any and all claims or matters of any kind, whether presently known or unknown, suspected or unsuspected, accrued or unaccrued, that the Armijo Releasors have, had, or may have against any of the Armijo Releasees.

5.      The Receiver, the Investor Plaintiffs, and the Lawyer Defendants, for themselves and all of their past, present, and future agents, legal representatives, predecessors, successors, assigns, owners, shareholders, members, partners, employees, officers, directors, affiliates, attorneys, and insurers, and all persons or entities acting by, through, under or in concert with any of them (which, for the Receiver, shall include any of the entities over which the Receiver has authority as a result of the SEC Action, including, but not limited to, EquiAlt, LLC; EquiAlt Fund, LLC; EquiAlt Fund II, LLC; EquiAlt Fund III, LLC; EA SIP, LLC; EquiAlt Secured Income Portfolio REIT, Inc.; EquiAlt Qualified Opportunity Zone Fund, L.P.; EquiAlt Fund I, LLC, and their predecessors, successors, parents, subsidiaries, agents, creditors, affiliates, assigns, officers, partners, counsel, and employees) (collectively, the "Receiver Releasors"), unconditionally, irrevocably, and absolutely release and discharge the Armijo Defendants and all of their past, present, and future agents, legal representatives, predecessors, successors, assigns, owners, shareholders, members, partners, employees, officers, directors, affiliates, attorneys, and insurers, from any and all claims or matters of any kind (collectively, "Receiver Releasees"), whether presently known or unknown, suspected or unsuspected, accrued or unaccrued, that the Receiver Releasors have, had or may have against any of the Receiver Releasees.

6.      **ALL RELEASORS (WHICH INCLUDE THE RECEIVER RELEASORS AND THE ARMIJO RELEASORS) EXPRESSLY UNDERSTAND THAT SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA PROVIDES:**

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

**TO THE EXTENT THAT CALIFORNIA OR OTHER SIMILAR FEDERAL OR STATE LAW MAY APPLY (BECAUSE OF OR NOTWITHSTANDING THE PARTIES' CHOICE OF LAW IN THIS AGREEMENT), THE ARMIJO RELEASORS AND THE RECEIVER RELEASORS HEREBY AGREE THAT THE PROVISIONS OF SECTION 1542 OF THE CALIFORNIA CIVIL CODE AND ALL SIMILAR FEDERAL OR STATE LAWS, RIGHTS, RULES, OR LEGAL PRINCIPLES, TO THE EXTENT THEY ARE FOUND TO BE APPLICABLE HEREIN, ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED BY THE ARMIJO RELEASORS AND THE RECEIVER RELEASORS , AND ALL RELEASORS HEREBY AGREE THAT THIS IS AN ESSENTIAL TERM OF THE RELEASE.  IN EXECUTING THE ARMIJO AGREEMENT AND THIS RELEASE, THE ARMIJO RELEASORS AND THE RECEIVER RELEASORS AGREE AND ACKNOWLEDGE THAT THEY HAVE RECEIVED AND RELIED UPON THE ADVICE OF COUNSEL OF THEIR CHOOSING.**

7.    The Armijo Releasors hereby expressly further agree and covenant that he, she, it, and they will not now or hereafter institute, maintain, assert, join, or assist or participate in, either directly or indirectly, on his, hers, its, or their own behalf, on behalf of a class, or on behalf of any other person or entity, any action or proceeding of any kind against the Armijo Releasees.   The

Receiver Releasors hereby expressly and further agree and covenant that he, she, it, and they will not now or hereafter institute, maintain, assert, join, or assist or participate in, either directly or indirectly, on his, hers, its, or their own behalf, on behalf of a class, or behalf of any other person or entity, any action or proceeding of any kind against the Receiver Releasees.

8.      In connection with the foregoing releases, the Armijo Releasors and the Receiver Releasors acknowledge that he, she, it, and they are aware that he, she, it, and they may hereafter discover claims or damages presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to their respective released claims.  Nevertheless, the Armijo Releasors and the Receiver Releasors understand and agree that this Release will fully, finally, and forever settle and release all claims and causes of action, known or unknown, accrued or unaccrued, and which now exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding).

9.      This Release is attached as an exhibit to that certain agreement referred to as the "Armijo Agreement," which all Parties hereto acknowledge having received and reviewed.  The Parties agree that nothing in this Release shall release any of the Parties from their respective obligations (if any) under the Armijo Agreement.  Additionally, all Releasors agree: (a) that they shall not appeal the Court's Approval Order (as defined in Paragraph 2 of the Armijo Agreement), and waive any right to appeal the Court's Approval Order, provided the Court's Approval Order does not materially change the terms of the Armijo Agreement or this Release, or impose on any of the Parties any obligations or limitations not expressly set forth in the Armijo Agreement or this Release; and (b) they shall not oppose, object to, or in any way support, facilitate, or encourage an objection or opposition to the issuance, renewal, or re-issuance of any financial securities license for the Armijo Defendants , except that the Armijo Releasees may provide, without violating this

-4-

Paragraph 9, information, documents, and testimony in response to any subpoena, discovery request, or other request for information, documents, or testimony, whether formal or informal, even if such information, documents, or testimony may be used to support such an objection or opposition.

10.     All Releasors acknowledge that the persons signing this Release below are fully authorized to make the agreements and give the releases described herein, and that the signatures of any representatives of any of the Parties bind the Parties to the terms of this Release.  All Releasors further acknowledge that he, she, it, and they have read and understand this Release and that his, her, its, and their execution of this Release is a voluntary act performed after due and considered deliberation.

11.     Should any provision of this Release be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, terms, or provisions shall be deemed not to be a part of this Release.

12.     This Release shall be deemed to have been executed and delivered in the state of Florida, and shall be governed, construed, and enforced in accordance with the laws of Florida.

13.    This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.    Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo

_____ President
Robert Joseph Armijo, [TITLE], for: Joseph
Financial, Inc.

_____ President
Robert Joseph Armijo, [TITLE], for: Joseph
Financial Investment Advisors, LLC

_____
Burton W. Wiand, as Receiver

_____
Richard Gleinn

_____
Phyllis Gleinn

_____
Cary Toone

_____
John Celli

_____
Maria Celli

_____
Eva Meier

_____
Georgia Murphy

_____
Steven J. Rubinstein, as trustee for
the Rubinstein Family Living Trust dated
6/25/2010

_____
Tracey F. Rubinstein, as trustee for the
Rubinstein Family Living Trust dated
6/25/2010

_____
Lisa Gioia, as successor trustee for
the Greenberg Family Trust

-6-

13.     This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.   Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo


_____        _____
Robert Joseph Armijo, [TITLE], for: Joseph        Robert Joseph Armijo, [TITLE], for:  Joseph
Financial, Inc.                                                         Financial Investment Advisors, LLC

_____
Burton W. Wiand, as Receiver


_____        _____
Richard Gleinn                                                     Phyllis Gleinn


_____        _____
Cary Toone                                                           John Celli


_____        _____
Maria Celli                                                           Eva Meier


_____        _____
Georgia Murphy                                                   Steven J. Rubinstein, as trustee for
                                                                            the Rubinstein Family Living Trust dated
                                                                            6/25/2010


_____        _____
Tracey F. Rubinstein, as trustee for the         Lisa Gioia, as successor trustee for
Rubinstein Family Living Trust dated              the Greenberg Family Trust
6/25/2010

-6-

13.    This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.   Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo

_____
Robert Joseph Armijo, [TITLE], for: Joseph
Financial, Inc.

_____
Robert Joseph Armijo, [TITLE], for: Joseph
Financial Investment Advisors, LLC

_____
Burton W. Wiand, as Receiver

_____
Richard Gleinn

_____
Phyllis Gleinn

_____
Cary Toone

_____
John Celli

_____
Maria Celli

_____
Eva Meier

_____
Georgia Murphy

_____
Steven J. Rubinstein, as trustee for
the Rubinstein Family Living Trust dated
6/25/2010

_____
Tracey F. Rubinstein, as trustee for the
Rubinstein Family Living Trust dated
6/25/2010

_____
Lisa Gioia, as successor trustee for
the Greenberg Family Trust

-6-

13.     This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.    Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.


_____
Robert Joseph Armijo


_____          _____
Robert Joseph Armijo, [TITLE], for: Joseph     Robert Joseph Armijo, [TITLE], for: Joseph
Financial, Inc.                                Financial Investment Advisors, LLC


_____
Burton W. Wiand, as Receiver


_____          _____
Richard Gleinn                                 Phyllis Gleinn

*Cary Toone*          9·20·23
_____          _____
Cary Toone                                     John Celli


_____          _____
Maria Celli                                    Eva Meier


_____          _____
Georgia Murphy                                 Steven J. Rubinstein, as trustee for
                                               the Rubinstein Family Living Trust dated
                                               6/25/2010


_____          _____
Tracey F. Rubinstein, as trustee for the       Lisa Gioia, as successor trustee for
Rubinstein Family Living Trust dated           the Greenberg Family Trust
6/25/2010

13.     This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.    Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.


_____
Robert Joseph Armijo


_____          _____
Robert Joseph Armijo, [TITLE], for: Joseph          Robert Joseph Armijo, [TITLE], for: Joseph
Financial, Inc.          Financial Investment Advisors, LLC


_____
Burton W. Wiand, as Receiver


_____          _____
Richard Gleinn          Phyllis Gleinn


_____          _____
Cary Toone          John Celli


_____          _____
Maria Celli          Eva Meier


_____          _____
Georgia Murphy          Steven J. Rubinstein, as trustee for
          the Rubinstein Family Living Trust dated
          6/25/2010


_____          _____
Tracey F. Rubinstein, as trustee for the          Lisa Gioia, as successor trustee for
Rubinstein Family Living Trust dated          the Greenberg Family Trust
6/25/2010

13.     This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.     Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo


_____
Robert Joseph Armijo, [TITLE], for: Joseph Financial, Inc.

_____
Robert Joseph Armijo, [TITLE], for: Joseph Financial Investment Advisors, LLC


_____
Burton W. Wiand, as Receiver


_____
Richard Gleinn

_____
Phyllis Gleinn


_____
Cary Toone

_____
John Celli


_____
Maria Celli

_____
Eva Meier


_____
Georgia Murphy

_____
Steven J. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010


_____
Tracey F. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010

_____
Lisa Gioia, as successor trustee for the Greenberg Family Trust

-6-

13.    This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement. Electronic or digital signatures shall be effective and binding on the Parties.    Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____

Robert Joseph Armijo

_____

Robert Joseph Armijo, [TITLE], for: Joseph Financial, Inc.

Robert Joseph Armijo, [TITLE], for: Joseph Financial Investment Advisors, LLC

_____

Burton W. Wiand, as Receiver

_____

Richard Gleinn

Phyllis Gleinn

_____

Cary Toone

John Celli

_____

Maria Celli

Eva Meier

_____

Georgia Murphy

Steven J. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010

Tracey F. Rubinstein, as trustee for the Rubinstein Family Living Trust dated 6/25/2010

Lisa Gioia, as successor trustee for the Greenberg Family Trust

-6-

13.     This Release may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.  Electronic or digital signatures shall be effective and binding on the Parties.     Delivery of an executed counterpart of this Release electronically or by facsimile shall be effective as delivery of an original executed counterpart.

_____
Robert Joseph Armijo


_____                    _____
Robert Joseph Armijo, [TITLE], for: Joseph            Robert Joseph Armijo, [TITLE], for: Joseph
Financial, Inc.                                                          Financial Investment Advisors, LLC


_____
Burton W. Wiand, as Receiver


_____                    _____
Richard Gleinn                                                      Phyllis Gleinn


_____                    _____
Cary Toone                                                           John Celli


_____                    _____
Maria Celli                                                           Eva Meier


_____                    _____
Georgia Murphy                                                   Steven J. Rubinstein, as trustee for
                                                                           the Rubinstein Family Living Trust dated
                                                                           6/25/2010


_____                    _____
Tracey F. Rubinstein, as trustee for                       Lisa Gioia, as successor trustee for
the Rubinstein Family Living Trust dated                 the Greenberg Family Trust
6/25/2010

-6-

Bruce R. Hannen

Geraldine Mary Hannen

Robert Cobleigh

Rory O'Neal

Marcia O'Neal

Sean O'Neal, as trustee for the O'Neal
Family Trust dated 4/6/2004

Charles L. Deem, Assistant General
Counsel, for: DLA Piper LLP (US)

Paul R. Wassgren

Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

-7-

_____
Bruce R. Hannen

_____
Geraldine Mary Hannen


*Robert C. Cobleigh* 9/20/23
_____
Robert Cobleigh

_____
Rory O'Neal


_____
Marcia O'Neal

_____
Sean O'Neal, as trustee for the O'Neal
Family Trust dated 4/6/2004


_____
Charles L. Deem, Assistant General
Counsel, for: DLA Piper LLP (US)

_____
Paul R. Wassgren


_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

_____        _____
Bruce R. Hannen                         Geraldine Mary Hannen


_____        _____
Robert Cobleigh                         Rory O'Neal


_____        _____
Marcia O'Neal                           Sean O'Neal, as trustee for the O'Neal
                                        Family Trust dated 4/6/2004


_____        _____
Charles L. Deem, Assistant General      Paul R. Wassgren
Counsel, for: DLA Piper LLP (US)


_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

_____
Bruce R. Hannen

_____
Robert Cobleigh

_____
Marcia O'Neal

_____
Geraldine Mary Hannen

_____
Rory O'Neal

CHRIS O'NEAL, AS
POA FOR SEAN O'NEAL

_____
Sean O'Neal, as trustee for the O'Neal
Family Trust dated 4/6/2004

_____
Charles L. Deem, Assistant General
Counsel, for: DLA Piper LLP (US)

_____
Paul R. Wassgren

_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

_____          _____
Bruce R. Hannen                          Geraldine Mary Hannen


_____          _____
Robert Cobleigh                          Rory O'Neal


_____          _____
Marcia O'Neal                            Sean O'Neal, as trustee for the O'Neal
                                         Family Trust dated 4/6/2004


_____          _____
Charles L. Deem, Assistant General       Paul R. Wassgren
Counsel, for: DLA Piper LLP (US)


_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

_____          _____
Bruce R. Hannen                            Geraldine Mary Hannen


_____          _____
Robert Cobleigh                            Rory O'Neal


_____          _____
Marcia O'Neal                              Sean O'Neal, as trustee for the O'Neal
                                           Family Trust dated 4/6/2004

_____          _____
Charles L. Deem, Assistant General         Paul R. Wassgren
Counsel, for: DLA Piper LLP (US)


_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

_____          _____
Bruce R. Hannen                           Geraldine Mary Hannen


_____          _____
Robert Cobleigh                           Rory O'Neal


_____          _____
Marcia O'Neal                             Sean O'Neal, as trustee for the O'Neal
                                          Family Trust dated 4/6/2004


_____          _____
Charles L. Deem, Assistant General        Paul R. Wassgren
Counsel, for: DLA Piper LLP (US)


_____
Rachelle M. Bin, General Counsel,
for: Fox Rothschild LLP

-7-

# EXHIBIT 9

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BURTON WIAND, as Receiver for
EquiAlt LLC, EquiAlt Fund, LLC,
Fund II, LLC, EquiAlt Fund III, EA
SIP, LLC, EquiAlt Secured Income
Portfolio REIT,

      Plaintiff,                   Case No.: 8:21-cv-00361-SDM-AAS

v.

FAMILY TREE ESTATE PLANNING,
LLC, et al.,

      Defendants.

_____/

## SATISFACTION OF JUDGMENT

Plaintiff, Burton W. Wiand ("**Receiver**"), by his undersigned counsel,

hereby gives notice of the Satisfaction of Judgment entered by the Court on

June 28, 2023 (Doc. 243) in the amount of $1,936,775.16 plus any interest that

has accrued on judgment amount.

      Respectfully submitted,

      _____
      Katherine C. Donlon, FBN 066941
      kdonlon@jnd-law.com
      JOHNSON, NEWLON & DeCORT
      3242 Henderson Blvd., Suite 210
      Tampa, FL 33609-3094

Tel: (813) 291-3300
Fax: (813) 235-0462

*Attorneys for Plaintiff*
*Receiver Burton W. Wiand*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of _____, 2023, I electronically filed the foregoing with the Clerk of this Court by using the CM/ECF system, which will send notification of electronic filing to all counsel of record. I further certify that on that same date, the following parties were served via email:

James Gray **and**
Seek Insurance Services, LLC
13702 W. Chaparosa Way
Peoria, AZ  85383
jdginsurance@yahoo.com

Patrick Runninger **and**
The Financial Group, LLC
3961 E. Chandler Blvd., #11-369
Phoenix, AZ  85048
prunninger@gmail.com

DeAndre Sears **and**
MASears LLC d/b/a Picasso Group
9400 Angelfish Drive
Las Vegas, NV  89117
andresears@msn.com

Anthony Spooner **and**
Rokay Unlimited, LLC
829 St. James Lanie
St. George, UT  84790
tspooner@1federal.com

_____
Attorney

2