UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                    Case No.: 8:20-cv-325-MSS-NHA

BRIAN DAVISON, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

I recommend that the District Court grant the Special Counsel's unopposed Amended and Supplemental Motions for Attorney's Fees and Costs (Docs. 1090 and 1118) and order the Receiver to pay the Special Counsel $4,318,261.67, plus interest.

**I.     Background**

On February 11, 2020, the Securities and Exchange Commission brought this action against Individual Defendants Brian Davison and Barry Rybicki and Corporate Defendants EquiAlt LLC; EquiAlt Fund, LLC; EquiAlt Fund II, LLC; EquiAlt Fund III, LLC; and EA SIP LLC, alleging that Defendants operated a nationwide Ponzi scheme raising more than $170 million from over 1,100 investors through fraudulent unregistered securities offerings. Doc. 1, ¶ 1.

On February 14, 2020, the Court appointed Burton Wiand, Esq. (the "Receiver") as Receiver with the following duties: (1) to take immediate possession of all property and assets; (2) to investigate and institute actions and legal proceedings; (3) to recover real estate assets; (4) to present to the Court a report of the existence and value of the assets; and (5) to employ legal counsel, actuaries, accountants, clerks, consultants and assistants as the Receiver deems necessary.[1] Doc. 11, pp. 2-4.

Following the Receiver's investigation, he discovered that DLA Piper LLP (US); Fox Rothschild, LLP; and Paul Wassgren (collectively, the "Defendants' Lawyers") provided legal services to the entities operated by Defendants. Doc. 121, p. 4; Doc. 1090, p. 2. The Receiver then filed a motion for the District Court to approve the retention of Johnson, Pope, Bokor, Ruppel & Burns, LLP (the "Special Counsel") to investigate the Defendants' Lawyers roles in the Ponzi scheme and file any legal actions it deemed necessary on behalf of the receivership. Doc. 121.

The Receiver sought to retain Special Counsel on a contingency basis. Doc. 121-1, p. 2. The fee schedule specifically provided that, if the Special Counsel initiated a lawsuit, "[a]fter a response is filed and up until 100 days before the first scheduled trial date, any settlement [that] is achieved our firm

---

[1] A complete list of the Receiver's duties can be found in the Court's prior order granting the emergency appointment of the Receiver. Doc. 11.

will receive 20% of any gross recovery." Doc. 121-1, p. 2. The schedule also provided for an additional 5% fee in the event of an appeal. *Id.*; Doc. 1090, pp. 2-3. The contingency fee agreement further stipulated that "[i]f a recovery is made, the costs advanced will be reimbursed from the recovery." Doc. 121-1, p. 2.

On July 1, 2020, the District Court approved the motion to retain Special Counsel specifically noting that the Court "approves the contingency fee arrangement attached to the Motion as Exhibit 1 and finds that arrangement to be fair and reasonable and in the best interests of the Receivership entities." Doc. 127 (citing Doc. 121-1).

Special Counsel then filed suit against the Defendants' Lawyers in Los Angeles, California alleging breach of fiduciary duties, aiding and abetting fraud, and negligence. *See Wiand v. Wassgren*, No. 20STCV49670 (Cal. Sup. Ct., L.A. County, Dec. 30, 2020), (the "State Court Action"); Doc. 1090, p. 3. Similarly, victims of the ponzi scheme (the "Investors") filed a class action lawsuit in this District in *Gleinn, et al. v. Paul Wassgren, et al.,* Case No. 8:20-cv-01677-MSS-CPT (M.D. Fla.), (the "Investor Action"). Thereafter, Special Counsel and the Investors jointly settled all claims in both the State Court Action and the Investor Action, for a total of $44 million (the "Common Fund"), of which $22 million was allocated to settle the State Court Action claims and

$22 million was allocated to settle the Investor Action claims. Doc. 761, p. 16-17.

Special Counsel then moved for this Court to approve the joint settlement agreement (Doc. 760), which the Court approved and issued a stay of all other related actions, including the State Court Action (Doc. 915, p. 20).

Thereafter, Robert Armijo, a non-party to this action who filed separate claims against the Defendants' Lawyers in California, objected to this Court's approval of the settlement, arguing that the Court did not have authority to stay or otherwise enjoin Mr. Armijo's claims in California. Doc. 777, p. 2. This Court overruled Mr. Armijo's objection. Doc. 915, p. 10; Doc. 914. Mr. Armijo appealed to the Eleventh Circuit (Doc. 932), which triggered an additional 5% fee for the Special Counsel (Doc. 1090, p. 4; Doc. 121-1, pp. 2-3). Special Counsel then settled with Mr. Armijo, agreed to pay $118,000 towards the Armijo Settlement, and waived their entitlement to the 5% Fee. Doc. 1048, p. 1; Doc. 1090, p. 4.

Special Counsel then filed the motion for payment at issue here. Doc. 1090. First, Special Counsel asserts that it is owed $4.4 million, or 20% (the amount provided in the contingency fee) of the $22 million that was allocated to the Receiver's claims. Doc. 1090, p. 3; Doc. 121-1, pp. 2-3. Second, Special Counsel seeks repayment for the costs it expended in litigating the State Court Action. Doc. 1090-1. Specifically, Special Counsel incurred $37,512.09 in total

4

costs for: (1) payment to "Remote Connect"—a program Los Angeles County Superior Court uses to allow remote attendance of court hearings—in the State Court Action ($38.00); (2) mediation costs ($12,282.96); (3) publishing notice of settlement in five newspapers ($16,494.58); (4) admission to the Eleventh Circuit in connection with the appeal ($228.00); (5) mail delivery ($892.30); (6) costs fronted to local California counsel ($7,500); (7) fees paid to the California State Bar in support of counsel's application to proceed pro hac vice in the State Court Action ($51.25);[2] and (8) fees paid to Transunion ($25.00). Doc. 1090-1; Doc. 1090, pp. 4-5. The fees fronted to local California counsel included an advance of $7,500 for expected Court costs, of which $1,250.42 remains unused. Doc. 1090, p. 5; Doc. 1090-1.

In total, Special Counsel requests: the gross fee provided under the fee schedule (20% of $22,000,000) equaling $4,400,000.00 and costs expended in the amount of $37,512.09. Doc. 1090. However, Special Counsel offers to deduct from their request $1,250.42 (the unused portion of the advance held by California local counsel counsel) and $118,000.00 (the amount they contributed to the Armijo Settlement contribution). *Id*. After subtracting these two

---

[2] While Special Counsel does not state the reasoning for seeking fees paid to the California State Bar, it appears the $51.25 fee represents the filing fee for Special Counsel's pro hac vice motion in the State Court Action. *See* California Rules of Court, rule 9.40(e) (noting the filing fee for a pro hac vice application is $50).

amounts, the total amount Special Counsel seeks is $4,318,261.67. Doc. 1090, p. 5; Doc. 1090-2.

Special Counsel notes that the $44 million settlement amount was transferred into the trust account of the Receiver's law firm on March 4, 2024. Doc. 1118, p. 2. This includes the $4,318,261.67 amount sought by Special Counsel. *Id*. Special Counsel states that the amount owed to them has been earning interest since March 4 because the Receiver's trust account is a "money market" account. *Id*. at 2, 4. Special Counsel asks the court to award them the earned interest on the $4,318,261.67 they request. *Id*.

## II.   Standard of Review/Legal Authority

When determining relief in an equity receivership, district courts maintain broad powers and wide discretion. *S.E.C. v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (citations omitted). A receiver may, in the discharge of his duties, obtain counsel for himself, and the court may allot fees to the receiver's counsel. *Stuart v. Boulware*, 133 U.S. 78, 81 (1890).

"[A] lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Arkin v. Pressman, Inc.*, 38 F.4th 1001, 1008 (11th Cir. 2022) (citation omitted). A lawyer's ability to recover fees from a common fund "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's

6

expense." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) (quoting *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478, (1980)). "Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval." *Id.* (citing Fed .R. Civ. P. 23(e)). Although common fund fees are most commonly associated with class settlements, the same principles apply to non-class common fund settlements. *Amorin v. Taishan Gypsum Co., Ltd.*, 861 F. App'x 730, 735 (11th Cir. 2021). In considering a fee award, "[o]pposition or acquiescence by the SEC to the fee application will be given great weight." *S.E.C. v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008); *see also S.E.C. v. Mgmt. Sols., Inc.*, 824 F. App'x 550, 553 n. 2 (10th Cir. 2020) (holding the same).

### III. Analysis

Here, Special Counsel seeks $4,318,261.67, which represents 20% of the $22 million in proceeds from the State Court Action settlement and $37,512.09 in expenses, minus $1,250.42 in unused fees paid to California local counsel and the $118,000 it contributed to the Armijo settlement. Doc. 1090, p. 5.

#### A. The Contingency Fee

I recommend that the Special Counsel's 20% contingency fee be granted because the fee schedule is reasonable and in accordance with Eleventh Circuit precedent.

In the Eleventh Circuit, "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I Condo. Ass'n, Inc.*, 946 F.2d at 774. "There is no hard and fast rule mandating a certain percentage of a common fund which may be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *Id.* However, "the majority of fees in these cases are reasonable where they fall between 20-25% of the claims." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2011). In fact, the Eleventh Circuit has recognized that "awards of up to 25% of the common fund are presumptively reasonable in this circuit." *Arkin*, 38 F.4th at 1005 n.3.

Here, the fee schedule specifically provided that, if Special Counsel initiated suit, "[a]fter a response is filed and up until 100 days before the first scheduled trial date, any settlement [that] is achieved our firm will receive 20% of any gross recovery." Doc. 121-1, p. 2. The District Court approved this fee schedule on July 1, 2020 and found "that arrangement to be fair and reasonable and in the best interests of the Receivership entities." Doc. 127 (citing Doc. 121-1). Also, the request for 20% is presumptively reasonable under Eleventh Circuit precedent. *Faught*, 668 F.3d at 1242 ("the majority of fees in [common fund] cases are reasonable where they fall between 20-25% of the claims."). And, there has been no objection to the request. Doc. 1090, pp. 5-6; Doc. 1118,

8

p. 4. Accordingly, I recommend that the Special Counsel's request for a 20% contingency fee be granted.

### B. Expenses

Next, Special Counsel seeks reimbursement for costs expended in the amount of $37,512.09. I recommend that the District Court grant the request, because the costs were reasonable and necessary.

Counsel who recover common funds are entitled to reimbursement of expenses, *Boeing Co.*, 444 U.S. at 478, so long as they establish that the costs were reasonable and necessary in the prosecution of the case, *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1298 (11th Cir. 1999). A District Court has the responsibility to scrutinize costs and expenses to ensure that (1) the expenses are reasonable and (2) that counsel has established that the expenses were truly out-of-pocket and that the request is not a backdoor attempt to obtain a secret or unintended profit. *See Id.* (affirming the District Court's holding which was based on analysis of these factors).

Here, Special Counsel seeks reimbursement of funds expended out of pocket for: (1) remotely attending hearings in the State Court Action ($38.00); (2) mediation ($12,282.96); (3) publishing notice of settlement ($16,494.58); (4) admission to the Eleventh Circuit for purposes of the Armijo appeal ($228.00); (5) mail delivery ($892.30); (6) costs fronted to local California counsel ($7,500); (7) the State Court Action pro hac vice application ($51.25); and (8)

Transunion services ($25.00). Doc. 1090-1; Doc. 1090, pp. 4-5. All expenses appear reasonable and no evidence suggests that counsel's expenses were not out-of-pocket nor does it seem that the expenses were an attempt to obtain a secret or unintended profit. Therefore, I recommend that the District Court award Special Counsel costs and expenses in the amount of $37,512.09.

### C. The Special Counsel's Request for Interest

Special Counsel further requests the interest earned on the funds representing the requested award that has accrued since the Defendants' Lawyer settlement was deposited into the Receiver's trust account on March 4, 2024.

Attorneys in common fund cases must be compensated for any delay in payment. *In re Coordinated Pretrial Proc. in Petroleum Prod. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997). In compensating attorneys for the delay, the district court has discretion to award interest as a method of compensating for any delay. *Id*.

Many courts have found good cause to award accrued interest for attorney's fees in common fund cases. *See, e.g., Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 741 F. Supp. 84, 88 (S.D.N.Y. 1990) (granting counsel's request for accumulated interest where the fees were deposited into an interest-bearing account); *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 531 (E.D. Mich. 2003) (finding that an attorney's fee award of 17% of the

10

settlement fund plus accrued interest is reasonable); *Goldenberg v. Marriott PLP Corp.*, 33 F. Supp. 2d 434, 442 (D. Md. 1998) (holding that the attorneys are entitled to interest on a settlement fund in the proportion that the underlying fee bears to the common fund).

I find that it is reasonable to award accrued interest here for the period that Special Counsel has awaited compensation. The Receiver does not object to the request. Accordingly, I recommend that the District Court award interest that has accrued on the $4,318,261.67 that was placed into the Receiver's trust account since March 4, 2024.

## IV. Conclusion

For the reasons above, I recommend that the District Court grant the Special Counsel's Amended and Supplemental Motions for Attorney's Fees and Costs (Docs. 1090, 1118) and order the Receiver to pay the Special Counsel $4,318,261.67 plus interest on that amount which has accrued since they resided within the Receiver's trust account.

**REPORTED** in Tampa, Florida, this 17th day of May, 2024.

*Natalie Hirt Adams*
NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

11

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.